# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                                    *
4547 Grant Road, NW                              *
Washington, DC  20016,                           *
                                                 *
     Plaintiff,             *
                                                 *
     v.                     *
                                                 *
CENTRAL INTELLIGENCE AGENCY                      *
Washington, DC  20505,                           *
                                                 *
     and                    *
                                                 *
DEPARTMENT OF COMMERCE                            *     Civil Action No. 1:17-cv-00189
1401 Constitution Avenue, NW                     *
Washington, DC  20230,                           *
                                                 *
     and                    *
                                                 *
DEPARTMENT OF DEFENSE                             *
1400 Defense Pentagon                            *
Washington, DC  20301,                           *
                                                 *
     and                    *     **<u>COMPLAINT</u>**
                                                 *
DEPARTMENT OF EDUCATION                           *
400 Maryland Avenue, SW                          *
Washington, DC  20202,                           *
                                                 *
     and                    *
                                                 *
DEPARTMENT OF JUSTICE                             *
950 Pennsylvania Avenue, NW                      *
Washington, DC  20530,                           *
                                                 *
     and                    *
                                                 *
DEPARTMENT OF STATE                               *
2201 C Street, NW                                *
Washington, DC  20520,                           *
                                                 *
     and                    *

|                                      |   |
|--------------------------------------|---|
|                                      | * |
| OFFICE OF THE DIRECTOR OF            | * |
| NATIONAL INTELLIGENCE                | * |
| Washington, DC  20511,               | * |
|                                      | * |
|        and                           | * |
|                                      | * |
| OFFICE OF PERSONNEL                   | * |
| MANAGEMENT                           | * |
| 1900 E Street, NW                    | * |
| Washington, DC  20415,               | * |
|                                      | * |
|        Defendants.                   | * |
|                                      | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Plaintiff Jeffrey Stein brings this action against Defendants Central Intelligence Agency, Department of Commerce, Department of Defense, Department of Education, Department of Justice, Department of State, Office of the Director of National Intelligence, and Office of Personnel Management pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia.  Stein is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

2

4.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

5.      Defendant Department of Commerce ("Commerce") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

6.      Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

7.      The Defense Manpower Data Center ("DMDC") and Office of the Secretary of Defense and Joint Staff ("OSD/JS") are DOD components.

8.      Defendant Department of Education ("Education") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

9.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

10.     The Federal Bureau of Investigation ("FBI"), Mail Referral Unit ("MRU"), and Office of Information Policy ("OIP") are DOJ components.

11.     Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

3

12.     Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

13.     Defendant Office of Personnel Management ("OPM") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

14.     The National Background Investigations Bureau ("NBIB") is an OPM component.

## BACKGROUND

### *PART I: CANDIDATE TRUMP'S CLASSIFIED BRIEFINGS*

15.     On 5 May 2016, the *Washington Post* reported that presumptive Republican Presidential nominee Donald Trump ("Candidate Trump") was "eager to start meeting with U.S. intelligence officials for classified briefings on the nation's secrets."  Greg Miller, *Trump will soon be getting briefings from U.S. spy agencies.  It might not go well.*, Wash. Post, May 5, 2016, *available at* https://www.washingtonpost.com/news/worldviews/wp/2016/05/05/donald-trump-will-soon-be-getting-briefings-from-u-s-spy-agencies-it-might-not-go-well/ (last accessed Jan. 26, 2017).

16.     The *Post* further reported, "Director of National Intelligence James R. Clapper Jr. said last week that U.S. spy agencies have already begun planning briefings for Trump and his presumed Democratic opponent, Hillary Clinton, although neither is expected to receive an initial briefing before party conventions conclude in July."  *Id.*

17.     At this time, it was also reported that current and former intelligence professionals had expressed concerns about providing classified intelligence to Candidate Trump.  *See*, *e.g.*, Shane Harris, *Spies Worry Candidate Trump Will Spill Secrets*, Daily Beast,

May 5, 2016, *available at* http://www.thedailybeast.com/articles/2016/05/05/spies-worry-candidate-trump-will-spill-secrets.html (last accessed Jan. 26, 2017).

18.     Earlier on 5 May 2016—before the *Post* and *Daily Beast* stories were published—Stein filed a series of FOIA requests based on Director Hayden's previous comments with CIA, FBI, MRU, ODNI, and OSD/JS for "all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy."  Stein added, "You may exclude the substance of the briefings and focus only on records about logistics, security concerns, and similar issues.  To clarify, Mr. Stein has no interest in learning what Mr. Trump is briefed about; he is only interested in the process, and he is specifically interested in records discussing any security concerns."

19.     On 21 July 2016, Candidate Trump was officially selected at the Republican National Convention to be the Republican nominee for President.

20.     On 22 July 2016, it was widely reported that Candidate Trump would begin receiving classified intelligence briefings after the Democratic National Convention was concluded the following week.  *See*, *e.g.*, Greg Miller, *Trump will soon be getting briefings from U.S. spy agencies.  It might not go well.*, Wash. Post, May 5, 2016, *available at* https://www.washingtonpost.com/news/worldviews/wp/2016/05/05/donald-trump-will-soon-be-getting-briefings-from-u-s-spy-agencies-it-might-not-go-well/ (last accessed Jan. 26, 2017).

21.     On 22 July 2016, Stein resubmitted his 5 May 2016 requests to CIA, FBI, MRU, ODNI, and OSD/JS to expand the scope of those requests to include any records created since his filing of the initial requests.

## *PART II: PRESIDENT TRUMP'S HIRES, POTENTIAL HIRES, AND NOMINEES*

22.     On 8 November 2016, Donald Trump ("President Trump") was elected President of the United States.

23.     In the following weeks, President Trump announced that he would be hiring several individuals as senior White House staff (who did not require Senate confirmation) and would be nominating several individuals to Cabinet posts.  Additionally, it was reported that several other individuals were being considered for such positions, and that some individuals may be treated as unofficial "advisors" to the President, including members of his family.

24.     Generally speaking, before an individual can be given access to information classified in the interest of national security, he/she must receive a security clearance after an agency conducts a background investigation and renders an adjudication regarding the individual's suitability to hold the requested security clearance.

25.     While agencies occasionally differ in their security clearance investigative and adjudicative procedures, all adjudications must follow the National Security Council's Revised Adjudicative Guidelines for Determining Eligibility for Access to Classified Information ("NSC Adjudicative Guidelines"), *available at* http://www.cdse.edu/documents/toolkits-psa/adjudicative-guidelines-white-house-memo-29dec2005.pdf (last accessed Jan. 26, 2017).

26.     The NSC Adjudicative Guidelines provide thirteen specific categories of adverse information which can be cited as grounds for denying a security clearance to an individual.

27.     As a general rule, if sufficiently adverse information about an employee or applicant which would fit within one of the NSC Adjudicative Guidelines is discovered during a background investigation, that employee or applicant's security clearance is revoked or denied—

6

whichever is appropriate—unless the individual provides evidence to the adjudicatory body showing that he/she has mitigated the concern.

28.     Beginning on 5 December 2016, after consultation with his undersigned counsel to select appropriate subjects, Stein submitted a series of FOIA requests to various agencies for "all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) [fifteen individuals] for access to classified information."  Each of these individuals had been announced or were rumored to be under consideration for positions which would require security clearances, and each individual had publicly-known adverse information in his/her background which would normally preclude the granting of a security clearance if the NSC Adjudicative Guidelines were followed.

29.     The fifteen individuals, their relationships to President Trump (as written in the requests), their current relationships to President Trump, and the relevant adverse information (as written in the requests) were as follows:

> a.     **Name:** Stephen Bannon
>
> **Relationship:** "Chief Strategist and Senior Counselor"
>
> **Current Relationship:** unchanged
>
> **Adverse Information:** "Mr. Bannon has been charged with domestic violence (http://www.politico.com/story/2016/08/steve-bannon-domestic-violence-case-police-report-227432) and has demonstrated ties to white supremacist organizations, either of which would raise serious concerns about granting him access to information classified in the interest of national security."
>
> b.     **Name:** Pamela Bondi

**Relationship:** "Transition Team Executive Committee member"

**Current Relationship:** unknown

**Adverse Information:** "Ms. Bondi received $25,000 as a campaign contribution from the Trump Foundation while her office was considering filing a lawsuit over Trump University (http://www.nytimes.com/2016/09/15/us/politics/pam-bondi-donald-trump-foundation.html), a major conflict of interest which would raise serious concerns about granting her access to information classified in the interest of national security."

c.    **Name:** Betsy DeVos

**Relationship:** "current nominee to be Secretary of Education"

**Current Relationship:** unchanged

**Adverse Information:** "Ms. DeVos is the sister of Erik Prince, CEO of military contractor Xe (formerly known as Blackwater), which would raise serious concerns about granting her access to information classified in the interest of national security."

d.    **Name:** Carly Fiorina

**Relationship:** "potential nominee to be Director of National Intelligence"

**Current Relationship:** unknown

**Adverse Information:** "Hewlett Packard sold millions of dollars of technical equipment to Iran through a subsidiary while sanctions were in place (http://www.msnbc.com/msnbc/will-hewlett-packards-past-ties-iran-

haunt-carly-fiorina), which would raise serious concerns about granting her access to information classified in the interest of national security."

e.   **Name:** Gen. Michael Flynn

**Relationship:** "National Security Advisor"

**Current Relationship:** unchanged

**Adverse Information:** "Gen. Flynn has close ties to the Russian government, has accepted money from allies of Turkish President Erdogan, and was forced to resign from the Defense Intelligence Agency for mismanagement (http://www.foxnews.com/opinion/2016/11/21/trumps-national-security-adviser-pick-raises-serious-questions-about-putins-influence-over-us-policy.html), any one of which would raise serious concerns about granting him access to information classified in the interest of national security."  Also, "Additionally, it was recently reported that Gen. Flynn was found to have inappropriately shared classified information with foreign military officers by a military investigation (https://www.washingtonpost.com/world/national-security/trumps-national-security-adviser-shared-secrets-without-permission-files-show/2016/12/13/72669740-c146-11e6-9578-0054287507db_story.html), which would by itself warrant the denial of a security clearance for most federal employees."

f.   **Name:** Michael Flynn, Jr.

**Relationship:** "Transition Team member and son and chief of staff of his National Security Advisor"

**Current Relationship:** unknown

**Adverse Information:** "Mr. Flynn has repeatedly disseminated false conspiracy theories (http://www.cnn.com/2016/11/17/politics/kfile-michael-flynn-social-media/), which would raise serious concerns about granting him access to information classified in the interest of national security."

g.   **Name:** Rudolph Giuliani

**Relationship:** "potential nominee to be Secretary of State"

**Current Relationship:** White House Cybersecurity Adviser

**Adverse Information:** "Mr. Giuliani has extensive ties to foreign governments and has received money from the MEK while it was a designated terrorist group (http://www.politico.com/story/2016/11/giuliani-foreign-clientele-possible-conflicts-231413), either of which would raise serious concerns about granting him access to information classified in the interest of national security."

h.   **Name:** Jared Kushner

**Relationship:** "son-in-law and Transition Team Executive Committee member"

**Current Relationship:** Senior White House Adviser

**Adverse Information:** "Mr. Kushner has extensive ties to foreign governments and business interests around the globe and is owner of the *Observer*, which has worked closely with the hacker known as Guccifer 2.0 (http://www.motherjones.com/politics/2016/09/trump-clinton-russia-hack-kushner-observer), either of which would raise serious concerns about granting him access to information classified in the interest of national security."

i.   **Name:** Gen. James Mattis

**Relationship:** "current nominee to be Secretary of Defense"

**Current Relationship:** Secretary of Defense

**Adverse Information:** "Gen. Mattis sits on the Board of Directors of Theranos, which is currently under federal criminal investigation (http://www.wsj.com/articles/theranos-is-subject-of-criminal-probe-by-u-s-1461019055), which would raise serious concerns about granting him access to information classified in the interest of national security."

j.   **Name:** Gen. David Petraeus

**Relationship:** "potential nominee to be Secretary of State or Director of National Intelligence"

**Current Relationship:** unknown

**Adverse Information:** "Gen. Petraeus pled guilty to mishandling classified information and resigned from the CIA after sharing classified operational information with his biographer, which would preclude

granting him access to information classified in the interest of national security in any ordinary circumstances."

k.    **Name:** Wilbur Ross, Jr.

**Relationship:** "current nominee to be Secretary of Commerce"

Current **Relationship:** unchanged

**Adverse Information:** "Mr. Ross has been linked to the mine collapse in Sago, WV, which occurred after his company failed to correct problems for which it was fined in previous years (http://www.salon.com/2016/11/21/wilbur-ross-jr-rumored-to-be-donald-trumps-choice-for-commerce-secretary-owned-a-mine-where-12-miners-died-in-2006_partner/), which would raise serious concerns about granting him access to information classified in the interest of national security."

l.    **Name:** Rex Tillerson

**Relationship:** "potential nominee to be Secretary of State"

**Current Relationship:** Secretary of State nominee

**Adverse Information:** "Mr. Tillerson has extensive ties to foreign governments (http://thehill.com/homenews/administration/309813-trump-picks-exxon-ceo-tillerson-for-secretary-of-state-report), which would raise serious concerns about granting him access to information classified in the interest of national security."

m.    **Name:** Donald Trump, Jr.

**Relationship:** "son and Transition Team Executive Committee member"

**Current Relationship:** unknown

**Adverse Information:** "Mr. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security."

n.   **Name:** Eric Trump

**Relationship:** "son and Transition Team Executive Committee member"

**Current Relationship:** unknown

**Adverse Information:** "Mr. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security."

o.   **Name:** Ivanka Trump

**Relationship:** "son and Transition Team Executive Committee member"

**Current Relationship:** unknown

**Adverse Information:** "Ms. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security."

## CAUSES OF ACTION

### *PART I: CANDIDATE TRUMP'S CLASSIFIED BRIEFINGS*

### FIRST CAUSE OF ACTION

### (CIA – RECORDS DENIAL – F-2016-01688, F-2016-02216)

30.     Stein repeats and realleges the allegations contained in all paragraphs set forth
above.

31.     On 5 May 2016, Stein submitted to CIA a FOIA request for "all records, including
emails and other forms of electronic communication, about national security briefings given or
to be given to Donald Trump due to his Presidential candidacy."  Stein added, "You may
exclude the substance of the briefings and focus only on records about logistics, security
concerns, and similar issues.  To clarify, Mr. Stein has no interest in learning what Mr. Trump is
briefed about; he is only interested in the process, and he is specifically interested in records
discussing any security concerns."

32.     Stein requested expedited processing of this request ("the 1st Briefing Request")
and a public interest fee waiver, stating, "There can be no question that the information sought
would contribute to the public's understanding of government operations or activities and is in
the public interest.  Mr. Trump has never had access to classified information and has
demonstrated a willingness to publicly release any information that he believes will further his
political aims.  For this reason, any discussion regarding steps which can be taken by the
Government to ensure that classified information is protected when providing such briefings to a
presidential candidate like Mr. Trump is of vital interest to the public."

33.     On 6 May 2016, CIA acknowledged receipt of this request and assigned it Req.
No. F-2016-01688, stating, "Our officers will review your request and will advise you should

14

they encounter any problems or if they cannot begin the search without further information."

CIA denied Stein's request for expedited processing and granted his request for a fee waiver.

34.     On 13 May 2016, CIA issued what it labeled a "final response," which stated, "In

analyzing your request with our subject matter experts, we have determined that it falls outside

the scope of this Agency.  For your information, the intelligence briefings provided to

presidential nominees are overseen by the Director of National Intelligence.  Therefore, the

information you seek would more likely fall under the Office of the Director of National

Intelligence.  We suggest that you contact their FOIA office."

35.     This letter did not state that CIA had performed a search for responsive records,

nor did it provide any appeal rights.

36.     On 22 July 2016, Stein resubmitted the 1st Briefing Request to CIA to expand the

scope of that request to include any records created since the filing of that request.

37.     On 27 July 2016, CIA acknowledged receipt of this request ("the 2d Briefing

Request") and assigned it Req. No. F-2016-02216.  In this letter, also labeled a "final response,"

CIA stated, "Our records indicate that you have previously requested, on behalf of your client

Mr. Jeff. Stein, information on this same subject in F-2016-01688.  Our records further show that

we responded to F-2016-01688 on 13 May 2016, a copy of that letter is enclosed for your

reference.  Our earlier response on this subject remains unchanged."

38.     This letter also did not state that CIA had performed a search for responsive

records, nor did it provide any appeal rights.

39.     Upon information and belief, CIA's refusal to process Stein's requests is a direct

application of the policy, pattern, or practice being challenged in *Porup v. CIA*, No. 17-72

(D.D.C.), which alleges that "CIA maintains a pattern or practice of categorically refusing to

process FOIA requests that seek information regarding conduct in which the CIA states it does not and cannot engage."

40.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

## (CIA – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – F-2016-02216)

41.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

42.     Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (discussions regarding classified briefings for Candidate Trump).

43.     While CIA did not make a determination regarding Stein's request for expedited processing of the 2d Briefing Request, it did deny the identical request in the context of the 1st Briefing Request.  It is therefore reasonable to conclude that it would again decline to process the 2d Briefing Request expeditiously if it were to begin processing that request during the course of this litigation, either voluntarily or as a result of a Court Order.

44.     Stein has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by CIA of said right.

## THIRD CAUSE OF ACTION

## (MRU/OIP – CONSTRUCTIVE RECORDS DENIAL – EMRUFOIA050516-7, EMRUFOIA080316-2, DOJ-2016-004643)

45.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

46.     On 5 May 2016, Stein submitted a copy of the 1st Briefing Request to the MRU—the DOJ office tasked with assigning requests to the appropriate DOJ components when the requester does not know which components are likely to possess responsive records.

47.     On 9 May 2016, the MRU acknowledged receipt of this request and assigned it Req. No. EMRUFOIA050516-7.  In this letter, the MRU informed Stein that it was treating the request as a Privacy Act request and that it required a privacy waiver from Candidate Trump or proof of his death.  It also stated that Stein was required to identify the DOJ components likely to possess responsive records.  This letter did not provide any appeal rights.

48.     In response, Stein advised the MRU that this was not a Privacy Act request and further stated, "Regarding the list of components, we do not know which components would be likely to have responsive records; that's why I sent it to the MRU."

49.     The MRU has not responded to this message as of this writing.

50.     On 22 July 2016, Stein submitted a copy of the 2d Briefing Request to the MRU.

51.     On 3 August 2016, the MRU acknowledged receipt of this request and assigned it Req. No. EMRUFOIA080316-2.  In this letter, the MRU informed Stein that it was referring the request to OIP.  This letter did not provide any appeal rights.

52.     On 12 August 2016, OIP acknowledged receipt of this referred request and assigned it Req. No. DOJ-2016-004643.  OIP granted Stein's request for expedited processing and deferred making a determination on his request for a public interest fee waiver.

53.     OIP has not issued a final response to this request as of this writing.

54.     As twenty working days have elapsed without a substantive determination by OIP regarding this request, Stein has exhausted all required administrative remedies.

17

55.     Stein also has exhausted all required administrative remedies regarding the MRU's decisions to require a waiver or proof of death for the 1st Briefing Request and to only refer the 2d Briefing Request to OIP and no other DOJ components, since no appeal rights were given for either determination.

56.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## FOURTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE RECORDS DENIAL – DF-2016-00277)

57.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

58.     On 5 May 2016, Stein submitted a copy of the 1st Briefing Request to ODNI.

59.     On 6 May 2016, ODNI acknowledged receipt of this request and assigned it Req. No. DF-2016-00219.  ODNI granted Stein's requests for expedited processing and a public interest fee waiver.

60.     On 19 May 2016, ODNI advised Stein that it had located no records responsive to this request.  Stein did not appeal this determination.

61.     On 22 July 2016, Stein submitted a copy of the 2d Briefing Request to ODNI.

62.     On 27 January 2017, ODNI acknowledged receipt of this request and assigned it Req. No. DF-2016-00277.  ODNI denied Stein's request for expedited processing and granted his request for a public interest fee waiver.

63.     ODNI has not issued a final response to this request as of this writing.

64.     As twenty working days have elapsed without a substantive determination by ODNI regarding this request, Stein has exhausted all required administrative remedies.

18

65.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by ODNI of said right.

## FIFTH CAUSE OF ACTION

## (ODNI – EXPEDITED PROCESSING DENIAL – DF-2016-00277)

66.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

67.     Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (discussions regarding classified briefings for Candidate Trump).

68.     Even though ODNI granted Stein's request for expedited processing in Req. No. DF-2016-00219, it denied his request for expedited processing for the later-filed identical Req. No. DF-2016-00277.

69.     Stein has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by ODNI of said right.

## SIXTH CAUSE OF ACTION

## (OSD/JS – RECORDS DENIAL – UNKNOWN)

70.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

71.     On 5 May 2016, Stein submitted a copy of the 1st Briefing Request to OSD/JS. Because he used an online request form, he specified a date range from 1 January 2015 until 31 December 2017 to capture all responsive records created by the time his request was processed.

72.     On 6 May 2016, OSD/JS acknowledged receipt of this request and assigned it Req. No. 16-F-0925.  OSD/JS denied Stein's request for expedited processing.

73.     OSD/JS further stated that "the time frame for the search for records responsive to this FOIA request is January 1, 2015 to May 5, 2016."

74.     Stein replied, "You may not use today's date as a cutoff.  I hereby retract any time limitation from this request."

75.     On 23 May 2016, OSD/JS advised Stein that it had located no records responsive to this request.  OSD/JS did not state whether it had referred the requests to any other DOD components, despite the fact that 32 C.F.R. § 286.4(i)(1) mandates that "[a] request received by a DoD Component having no records responsive to a request shall be referred routinely to another DoD Component, if the other DoD Component has reason to believe it has the requested record."  Stein did not appeal this determination.

76.     On 22 July 2016, Stein submitted a copy of the 2d Briefing Request to OSD/JS by email.

77.     On 27 July 2016, OSD/JS responded to this email and directed Stein to submit the request using the online portal or by mail or fax.

78.     That same day, Stein replied, "Please forward this request as per your regulations and mark that it was submitted to the FOIA Office on 22 July 2016 for the purposes of your deadline to render a decision on our expedited processing request."

79.     On 28 July 2016, OSD/JS replied, "Please submit your own FOIA request to the Requester Service Center as stated below."

80.     OSD/JS has not acknowledged this request as of this writing.

81.     32 C.F.R. § 286.3 states, "The DoD has a decentralized system for responding to FOIA requests, with each DoD Component designating at least one FOIA Requester Service Center (RSC) to process records from that component.  All DoD RSCs have the capability to

20

receive requests electronically either through email or a web portal.  To make a request for records, a requester should write directly to the DoD Component that maintains the records being sought."

82.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by OSD/JS of said right.

<u>**SEVENTH CAUSE OF ACTION**</u>

<u>**(OSD/JS – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – UNKNOWN)**</u>

83.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

84.     Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (discussions regarding classified briefings for Candidate Trump).

85.     While OSD/JS did not make a determination regarding Stein's request for expedited processing of the 2d Briefing Request, it did deny the identical request in the context of Req. No. 16-F-0925.  It is therefore reasonable to conclude that it would again decline to process the 2d Briefing Request expeditiously if it were to begin processing that request during the course of this litigation, either voluntarily or as a result of a Court Order.

86.     Stein has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by CIA of said right.

### *PART II: PRESIDENT TRUMP'S HIRES, POTENTIAL HIRES, AND NOMINEES*

### EIGHTH CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – 15 REQUESTS)

87.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

88.     Between 5 December and 15 December 2016, Stein submitted fifteen FOIA requests to CIA for "all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) [fifteen individuals] for access to classified information."

89.     The fifteen individuals identified in these requests were Stephen Bannon; Pamela Bondi; Betsy DeVos; Carly Fiorina; Gen. Michael Flynn; Michael Flynn, Jr.; Rudolph Giuliani; Jared Kushner; Gen. James Mattis; Gen. David Petraeus; Wilbur Ross, Jr.; Rex Tillerson; Donald Trump, Jr.; Eric Trump; and Ivanka Trump.

90.     Each request stated, "*You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.*  You may limit your search to records created since 1 July 2016.  As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns."

91.     Stein requested expedited processing of these requests ("the Security Requests") and a public interest fee waiver in each request, stating, "There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest.  . . . If the Government is considering granting such access

22

to [this individual] despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.  For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information."

92.     In each request, the appropriate "Adverse Information" detailed in ¶ 29 above was inserted into the fee waiver discussion, which also served to demonstrate the existence of an overriding public interest in the requested information.

93.     Between 9 December and 16 December 2016, CIA acknowledged receipt of these requests and assigned them the following Request Numbers: F-2017-00403 (DeVos); F-2017-00404 (Donald Trump, Jr.); F-2017-00405 (Flynn); F-2017-00406 (Giuliani); F-2017-00407 (Ross); F-2017-00408 (Eric Trump); F-2017-00409 (Ivanka Trump); F-2017-00410 (Bondi); F-2017-00411 (Bannon); F-2017-00412 (Flynn, Jr.); F-2017-00413 (Petraeus); F-2017-00414 (Kushner); F-2017-00415 (Mattis); F-2017-00475 (Tillerson); and F-2017-00495 (Fiorina).

94.     CIA denied Stein's requests for expedited processing.  CIA further responded to each request, "Unless you object, we will limit our search to CIA-originated documents."

95.      On 28 December 2016, Stein objected to CIA's limitation of these requests to CIA-originated documents.  On 10 January 2017, CIA acknowledged these objections.

96.     CIA has not issued final responses to these requests as of this writing.

97.     As twenty working days have elapsed without substantive determinations by CIA regarding these requests, Stein has exhausted all required administrative remedies.

98.     Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CIA of said right.

## NINTH CAUSE OF ACTION

## (CIA – EXPEDITED PROCESSING DENIAL – 15 REQUESTS)

99.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

100.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

101.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by CIA of said right.

## TENTH CAUSE OF ACTION

## (MRU – CONSTRUCTIVE RECORDS DENIAL – 15 REQUESTS)

102.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

103.    Between 5 December and 15 December 2016, Stein submitted copies of the Security Requests to the MRU.

104.    The MRU has not acknowledged these requests as of this writing.

105.    As twenty working days have elapsed without substantive determinations by the MRU regarding these requests, Stein has exhausted all required administrative remedies.

106.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## ELEVENTH CAUSE OF ACTION

## (MRU – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 15 REQUESTS)

107.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

108.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

109.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by DOJ of said right.

## TWELFTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 15 REQUESTS)

110.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

111.    Between 5 December and 15 December 2016, Stein submitted copies of the Security Requests to FBI.

112.    Between 5 December and 11 December 2016, FBI acknowledged receipt of these requests and assigned them the following Request Numbers: 1364143-000 (Tillerson); 1364157-000 (Donald Trump, Jr.); 1364164-000 (Eric Trump); 1364168-000 (Ivanka Trump); 1364176-000 (Petraeus); 1364184-000 (Flynn, Jr.); 1364185-000 (Bondi); 1364188-000 (Bannon);

1364198-000 (Ross); 1364208-000 (Giuliani); 1364210-000 (Flynn); 1364211-000 (DeVos);

1364214-000 (Mattis); 1364216-000 (Kushner); and 1364591-000 (Fiorina).

113.    FBI issued identical form letter responses to each request.  Each letter stated,

"You may receive greater access to these records if they exist by providing one of the following:

(1) an authorization and consent from the individual(s) (i.e., express authorization and consent of

the third party); (2) proof of death (i.e., proof that your subject is deceased); or (3) a justification

that the public interest in disclosure outweighs personal privacy (i.e., a clear demonstration that

the public interest in disclosure outweighs personal privacy interests).  In the absence of such

information, the FBI can neither confirm nor deny the existence of any records responsive to

your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA

Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C)."

114.    FBI continued, "Public Interest Disclosure.  If you seek disclosure of any existing

records on this basis, you must demonstrate that the public interest in disclosure outweighs

personal privacy interests.  In this regard you must show that the public interest sought is a

significant one, and that the requested information is likely to advance that interest.  Fax your

request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester,

VA 22602.  If we do not receive a response from you within 30 days from the date of this letter,

your request will be closed."

115.    Even though FBI did not make a determination to withhold records, or even

acknowledge that Stein already argued that the public interest in disclosure outweighs personal

privacy interests, FBI included appeal rights in these letters.

116.    Despite the fact that Stein was not required to appeal these interim responses, he

brought FBI's actions to OIP's attention on 12 January 2017, stating, "FBI did not even bother to

26

read the full requests before issuing these form letter responses.  The form letters clearly include a provision for a requester to provide 'a justification that the public interest in disclosure outweighs personal privacy' and direct the requester to send that information in or else the 'request will be closed,' but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address.  As such, this is not even an actual withholding decision subject to appeal, but we are submitting this appeal to you solely in an attempt to resolve the matter without litigation."

117.    Between 18 January and 30 January 2017, OIP responded to these fifteen requests, affirming FBI's actions without a single mention of Stein's evidence of overriding public interest.

118.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## THIRTEENTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 15 REQUESTS)

119.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

120.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

121.    While FBI did not make a determination regarding Stein's request for expedited processing of the Security Requests, these requests are still properly before the Court if FBI

begins to properly process the Security Requests during the course of this litigation, either voluntarily or as a result of a Court Order.

122.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by FBI of said right.

## FOURTEENTH CAUSE OF ACTION

## (NBIB – CONSTRUCTIVE RECORDS DENIAL – 15 REQUESTS)

123.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

124.    Between 5 December and 15 December 2016, Stein submitted copies of the Security Requests to NBIB.

125.    Between 8 December and 16 December 2016, NBIB acknowledged receipt of these requests and assigned them the following Request Numbers: 2017-01819 (Flynn, Jr.); 2017-01820 (Petraeus); 2017-01821 (Bondi); 2017-01822 (Ross); 2017-01823 (Giuliani); 2017-01824 (Flynn); 2017-01827 (DeVos); 2017-01833 (Mattis); 2017-01840 (Kushner); 2017-01841 (Bannon); 2017-01842 (Ivanka Trump); 2017-01852 (Eric Trump); 2017-01853 (Donald Trump, Jr.); 2017-01967 (Tillerson); and 2017-02119 (Fiorina).  NBIB did not issue a determination regarding Stein's expedited processing requests.

126.    On 26 January 2016, NBIB issued interim responses to these requests, but included appeal rights.  Stein did not appeal these interim responses.

127.    As twenty working days have elapsed without final substantive determinations by OPM regarding these requests, Stein has exhausted all required administrative remedies.

128.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by OPM of said right.

28

**FIFTEENTH CAUSE OF ACTION**

**(NBIB – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 15 REQUESTS)**

129.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

130.     Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

131.     Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by OPM of said right.

**SIXTEENTH CAUSE OF ACTION**

**(ODNI – RECORDS DENIAL – 15 REQUESTS)**

132.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

133.     Between 5 December and 15 December 2016, Stein submitted copies of the Security Requests to ODNI.

134.     On 15 December 2016, ODNI acknowledged receipt of these requests and assigned them the following Request Numbers: DF-2017-00067 (Donald Trump, Jr.); DF-2017-00068 (Ivanka Trump); DF-2017-00069 (Eric Trump); DF-2017-00070 (Bannon); DF-2017-00071 (Kushner); DF-2017-00072 (DeVos); DF-2017-00073 (Flynn); DF-2017-00074 (Giuliani); DF-2017-00075 (Ross); DF-2017-00076 (Bondi); DF-2017-00077 (Flynn, Jr.); DF-2017-00078 (Mattis); DF-2017-00079 (Petraeus); DF-2017-00086 (Tillerson); and DF-2017-00092 (Fiorina).

135.     ODNI issued identical form letter responses to each request.  Each letter stated, "To provide such information would be a violation of the Privacy Act, 5 U.S.C. § 552a.  If you provide us with a notarized, written authorization from the individual whose information you are requesting, we will process your request pursuant to the Privacy Act.  At this time, we are administratively closing this case."

136.     These letters did not state that ODNI had performed a search for responsive records, nor did they provide any appeal rights.

137.     Despite the fact that Stein was not required to appeal these responses, he drew the Chief of the ODNI FOIA Branch's attention to the matter on 28 December 2016, stating, "There are numerous problems with this statement.  First, as you know, the Privacy Act is not a withholding statute under FOIA, and an agency cannot refuse to release records unless they are covered by a particular exemption.  Second, the most likely exemption, (b)(6), includes a public interest component, and at least one court has opined that refusing to allow a requester to elucidate an overriding public interest is a violation of FOIA in and of itself.  (I refer of course to the *Feinman v. FBI* case from a few years back.)  Third, the letter does not even provide an appeal avenue, simply saying, 'At this time, we are administratively closing this request.'  '[W]e are administratively closing this request' is simply not one of the acceptable agency responses allowed under FOIA.  Please resolve this problem and get these requests processing ASAP.  As you will note from the requests themselves, we requested expedited processing, which was never adjudicated.  Please also advise whomever wrote these letters about the proper interaction between FOIA and the Privacy Act, with specific attention to the public interest criterion.  Since there was no appeal right given, I hope you appreciate that I could have gone directly to court

with this, and that I am giving the ODNI a chance to fix the problem on its own before taking such a step."

138.    That same day, the ODNI FOIA Chief replied, "The administrative closure was to allow you to come back with the authorizations if you could.  We had not conducted any searches and were not denying anything at this point.  We were not citing the Privacy Act itself as a withholding statute under FOIA.  We were just letting you know that if you came back with authorization we could process records like these."

139.    On 18 January 2017, the ODNI FOIA Chief added, "As I stated below, the administrative closure was to allow you the ability to provide disclosure authorizations from the individuals if possible.  In lieu of that, we are unable to provide information regarding the potential granting of security clearances to the 15 members of the Trump transition team and/or cabinet nominees or potential cabinet nominees.  To provide that type of information, if any even exists, would violate the privacy rights of those individuals.  To even confirm if they were investigated for a security clearance would violate their privacy rights.  At this point there is nothing further I can provide.  FYI, without those authorizations, even if we could conduct searches and locate information responsive to any of these particular requests, it would be withheld under exemption (b)(6) of the FOIA, and potentially (b)(3) and (b)(7) since you are specifically asking for 'the steps taken to investigate……'.  Although you state our letter does not provide appeal rights, you are certainly within your rights to proceed as you feel appropriate."

140.    Since ODNI did not provide any appeal rights, Stein has exhausted all required administrative remedies.

31

141.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by ODNI of said right.

## SEVENTEENTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 15 REQUESTS)

142.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

143.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

144.    While ODNI did not make a determination regarding Stein's request for expedited processing of the Security Requests, these requests are still properly before the Court if ODNI begins to properly process the Security Requests during the course of this litigation, either voluntarily or as a result of a Court Order.

145.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by ODNI of said right.

## EIGHTEENTH CAUSE OF ACTION

## (DMDC – CONSTRUCTIVE RECORDS DENIAL – 13 REQUESTS)

146.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

147.    Between 7 December and 15 December 2016, Stein submitted copies of thirteen of the Security Requests (excluding DeVos and Ross) to DMDC—the DOD component responsible for DOD security clearance records.

148.    DMDC has not acknowledged these requests as of this writing.

149.    As twenty working days have elapsed without substantive determinations by DMDC regarding these requests, Stein has exhausted all required administrative remedies.

150.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DMDC of said right.

## NINETEENTH CAUSE OF ACTION

## (DMDC – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 13 REQUESTS)

151.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

152.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

153.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by DMDC of said right.

## TWENTIETH CAUSE OF ACTION

## (OSD/JS – RECORDS DENIAL – 13 REQUESTS)

154.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

155.    Between 5 December and 15 December 2016, Stein submitted copies of thirteen of the Security Requests (excluding DeVos and Ross) to OSD/JS.

156.    On 15 December 2016, OSD/JS acknowledged receipt of these requests and assigned them the following Request Numbers: 17-F-0296 (Petraeus); 17-F-0297 (Flynn, Jr.); 17-

33

F-0298 (Bondi); 17-F-0299 (Giuliani); 17-F-0300 (Flynn); 17-F-0301 (Mattis); 17-F-0302

(Kushner); 17-F-0303 (Bannon); 17-F-0304 (Ivanka Trump); 17-F-0306 (Eric Trump); 17-F-0307

(Donald Trump, Jr.); 17-F-0330 (Tillerson); and 17-F-0340 (Fiorina).  OSD/JS denied Stein's

requests for expedited processing.

157.    On 22 December 2016, OSD/JS advised Stein that it had located no records

responsive to these requests.  OSD/JS did not state whether it had referred the requests to any

other DOD components pursuant to 32 C.F.R. § 286.4(i)(1).

158.    On 28 December 2016, Stein appealed these determinations, stating, "These

requests were worded very specifically to make it impossible for WHS [Washington

Headquarters Service, a component of OSD/JS] to limit them to only records about security

investigations, including a specific reference to emails and another specific reference to

discussions about *potentially* granting the clearances in question.  The implication that not a

single person in all of WHS discussed the possibility of granting any of these potentially senior

officials access to highly classified information (including classified *DOD* information) despite

the heavily-publicized risk factors in an email or meeting is unlikely at best, and strongly

suggests that WHS read the requests much more narrowly than they were clearly intended.  An

agency does not have to look beyond the four corners of a FOIA request, but it cannot ignore

what is *inside* those four corners.  WHS should be ordered to perform a keyword search of its

email servers for these individuals' names and the words 'clearance,' 'classified,'

'investigation,' or any other terms regularly used in DOD correspondence reasonably likely to

result in the discovery of responsive records.  The narrow time frame of this request means that

this will not create an undue burden on the agency."

159.    Stein added, "We also appeal the apparent failure by WHS to refer this request to any other DOD components as expressly required by 32 C.F.R. § 286.4(i)(1).  As you are aware, this regulation states, 'A request received by a DoD Component having no records responsive to a request shall be referred routinely to another DoD Component, if the other DoD Component has reason to believe it has the requested record.'  Even if WHS did not have any independently responsive records of its own, i[t] is patently not reasonable to expect that the WHS does not have *reason to believe* that *any other DOD component* would be likely to have records responsive to these requests."

160.    On 30 December 2016, OSD/JS acknowledged these appeals.

161.    OSD/JS has not issued final responses to these appeals as of this writing.

162.    As twenty working days have elapsed without substantive determinations by OSD/JS regarding these appeals, Stein has exhausted all required administrative remedies.

163.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by OSD/JS of said right.

## TWENTY-FIRST CAUSE OF ACTION

## (OSD/JS – EXPEDITED PROCESSING DENIAL – 13 REQUESTS)

164.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

165.    Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

35

166.    Stein has a legal right under FOIA to have these requests processed expeditiously, and there is no legal basis for the denial by OSD/JS of said right.

## TWENTY-SECOND CAUSE OF ACTION

## (STATE – RECORDS DENIAL – F-2016-16726, F-2016-16727, F-2016-17113)

167.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

168.    Between 5 December and 10 December 2016, Stein submitted copies of three of the Security Requests (Petraeus, Giuliani, and Tillerson) to State.

169.    On 7 December and 14 December 2016, State acknowledged receipt of these requests and assigned them the following Request Numbers: F-2016-16726 (Petraeus); F-2016-16727 (Giuliani); and F-2016-17113 (Tillerson).  State granted Stein's requests for expedited processing and a public interest fee waiver.

170.    Between 19 December and 30 December 2016, State advised Stein that it had located no records responsive to these requests.

171.    On 28 December 2016, Stein appealed the determinations regarding Req. Nos. F-2016-16726 and F-2016-16727, stating, "These requests were worded very specifically to make it impossible for State to limit them to only records about security investigations, including a specific reference to emails and another specific reference to discussions about *potentially* granting the clearances in question.  The implication that not a single person in all of two major offices discussed the possibility of granting either of these potential new Secretaries access to highly classified information despite the heavily-publicized risk factors in an email or meeting is unlikely at best, and strongly suggests that State read the requests much more narrowly than they were clearly intended.  An agency does not have to look beyond the four corners of a FOIA

request, but it cannot ignore what is *inside* those four corners.  Please direct these two offices to perform keyword searches of their email accounts for these individuals' names and the words 'clearance,' 'classified,' 'investigation,' or any other terms regularly used in State correspondence reasonably likely to result in the discovery of responsive records.  The narrow time frame of these requests means that this will not create an undue burden on the agency."

172.    Stein added, "*Please also apply this scope of email search to FOIA Req. No. F-2016-17113 so as to avoid an unnecessary appeal of a comparable response.*"

173.    State has not acknowledged these appeals as of this writing.

174.    As twenty working days have elapsed without substantive determinations by State regarding these appeals, Stein has exhausted all required administrative remedies.

175.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

## TWENTY-THIRD CAUSE OF ACTION

### (COMMERCE – RECORDS DENIAL – DOC-OS-2017-000313)

176.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

177.    On 6 December 2016, Stein submitted a copy of the Security Request for Ross to Commerce.

178.    On 29 December 2016, Commerce acknowledged receipt of this request and assigned it Req. No. DOC-OS-2017-000313.  Commerce advised Stein that it had located no records responsive to this request.

179.    On 29 December 2016, Stein appealed this determination, stating, "The request was significantly broader than just records of any investigation and should have, at a minimum, included emails of leadership and security officials."

180.    On 5 January 2017, Commerce acknowledged receipt of this appeal and assigned it Appeal No. DOC-OS-2017-000373.  Commerce affirmed its initial determination.

181.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by Commerce of said right.

## TWENTY-FOURTH CAUSE OF ACTION

## (EDUCATION – CONSTRUCTIVE RECORDS DENIAL – 17-00494-F)

182.    Stein repeats and realleges the allegations contained in all paragraphs set forth above.

183.    On 5 December 2016, Stein submitted a copy of the Security Request for DeVos to Education.

184.    On 12 December 2016, Education acknowledged receipt of this request and assigned it Req. No. 17-00494-F.

185.    On 12 January 2017, Education advised Stein that it had denied his request for expedited processing and granted his request for a public interest fee waiver.

186.    Education has not issued a final response to this request as of this writing.

187.    As twenty working days have elapsed without a final substantive determination by Education regarding this request, Stein has exhausted all required administrative remedies.

188.    Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by Education of said right.

## TWENTY-FIFTH CAUSE OF ACTION

## (EDUCATION – EXPEDITED PROCESSING DENIAL – 17-00494-F)

189.     Stein repeats and realleges the allegations contained in all paragraphs set forth above.

190.     Stein demonstrated that there was an urgent need of a person primarily engaged in disseminating information (himself) to inform the public about an actual or alleged Federal Government activity (processing individuals for access to classified information who normally would not be able to obtain such access).

191.     Stein has a legal right under FOIA to have this request processed expeditiously, and there is no legal basis for the denial by Education of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Stein prays that this Court:

(1)     Order the Central Intelligence Agency, Department of Commerce, Department of Defense, Department of Education, Department of Justice, Department of State, Office of the Director of National Intelligence, and Office of Personnel Management to release all requested records to him;

(2)     Order Defendants to process Stein's requests expeditiously;

(3)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

39

Date:   January 31, 2016

Respectfully submitted,


/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*