# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.17-CV-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) | |
| Defendants. | ) | |

## DECLARATION OF DAVID M. HARDY

I, DAVID M. HARDY, declare as follows:

(1)      I am currently the Section Chief of the Federal Bureau of Investigation's ("FBI")

Record/Information Dissemination Section ("RIDS"), Information Management Division

("IMD"),[1] in Winchester, Virginia.  I have held this position since August 1, 2002.  Prior to my

joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General

of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information

Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to

April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked

with FOIA matters.  I am also an attorney who has been licensed to practice law in the State of

Texas since 1980.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 241

employees who staff a total of twelve (12) FBIHQ units and two (2) field operational service

center units whose collective mission is to effectively plan, develop, direct, and manage

---

[1] In May 2018, the FBI changed the name of its Records Management Division ("RMD") to
IMD.

1

responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007; the OPEN FOIA Act of 2009; the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552. Specifically, I am familiar with the FBI's handling of Plaintiff's Freedom of Information Act ("FOIA") requests to the FBI for records concerning two lines of inquiry. In his first line of inquiry, consisting of fifteen (15) separate FOIA requests, Plaintiff requested all records concerning the steps taken to investigate or authorize fifteen (15) individuals President-elect Trump was potentially considering for positions within his administration to access classified information. In the second line of inquiry, Plaintiff requested all records, especially emails, concerning national security briefings given or to be given Trump due to his Presidential candidacy.

(4)     For both lines of inquiry, overall the FBI processed a total of 352 pages responsive to Plaintiff's FOIA requests, and released 100 pages in full ("RIF"), 163 pages in part ("RIP"), and withheld 89 pages in full ("WIF"). Of the 89 pages WIF, 77 pages were withheld as duplicates of other processed pages, and 12 pages were WIF pursuant to FOIA Exemptions. Additionally, concerning the first line of inquiry, the FBI determined only the investigatory steps taken, including information needed to adequately conduct thorough background investigations;

FBI Field Office ("FBIFO") investigation reporting instructions; and background investigation

process instructions to approve access to classified information to the potential candidates for

administrative positions should be processed for release. The balance of the collected data

obtained during the individuals' background investigations, including investigation results

(approval of classified access or limitations of classified access), were withheld categorically

pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and at times portions were withheld pursuant to

(b)(7)(E). In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), this declaration

is being submitted in support of Defendant's Motion for Summary Judgment, in order to: (1)

provide an explanation of the FBI's record-keeping system, along with the procedures used to

search and process the responsive records of Plaintiff's request; (2) provide the FBI's

justification for withholding information in part or in full pursuant to FOIA Exemptions 5, 6,

7(C), and 7(E), 5 U.S.C. §§ 552 (b)(5),(b)(6), (b)(7)(C), and (b)(7)(E); and (3) provide the FBI's

justification for categorically withholding certain records pursuant to FOIA Exemptions 6, and

7(C), and at times portions withheld pursuant to FOIA Exemption 7(E).

(5)     Below, the FBI will provide the administrative history (¶¶ 6-96), the procedures

used to search and process responsive records (¶¶ 97-110), justifications for withholding portions

of information (¶¶ 111-133), and the FBI's justification for categorically withholding certain

records (¶¶ 134-160), for Plaintiff's first line of inquiry.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FIRST LINE OF INQUIRY: ACCESS TO CLASSIFIED INFORMATION FOR FIFTEEN (15) CANDIDATES FOR POTENTIAL TRUMP ADMINISTRATION POSITIONS

### FOIA REQUEST NUMBER 1364143-000: REX TILLERSON

(6)     By email dated December 10, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia. The request sought:

All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Rex Tillerson, President-elect Trump's potential nominee to be Secretary of State, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search. Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the request. *(See* **Exhibit A.)**

(7)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Rex Tillerson was assigned FOIA Request Number 1364143-000. The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual. In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Rex Tillerson) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potentially responsive to Plaintiff's request. If Plaintiff did not provide the requested information within thirty (30) days, the FBI advised, Plaintiff's request would be administratively closed. Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, Office of Information Policy ("OIP"), within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting the Office of Government Information Services ("OGIS"). *(See* **Exhibit B.)**

(8)     By electronic FOIA ("e-FOIA") submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364143-

000. Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request. *(See* **Exhibit C.**)

(9)     By letter dated January 18, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364143-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001659. OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy *(See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because it was closing Plaintiff's underlying appeal, his request for expedited treatment was moot. Finally, the FBI advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. *(See* **Exhibit D.**)

(10)     Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket Number 1**), and Amended Complaint dated February 27, 2017 *(See* **Docket Number 6**), the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(11)     By letter dated September 11, 2017, the FBI released records responsive to Plaintiff's FOIA Request Number 1364214-000. The FBI advised Plaintiff three pages of records from the background investigation case file for Rex Wayne Tillerson (161A-HQ-2115681) were reviewed and three pages of records were being released in full or part, with certain information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). In addition, the FBI advised Plaintiff the balance of the responsive background investigation case

file was being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with

portions at times withheld pursuant to FOIA Exemption (b)(7)(E).[2]  A list of the categories of

collected data being withheld was listed on the letter. (*See* **Exhibit E.**)

## FOIA REQUEST NUMBER 1364157-000: DONALD TRUMP, JR

(12)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Donald Trump, Jr., President-
> elect Trump's son and Transition Team Executive Committee member, for access to
> classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest."  Finally, Plaintiff requested

expedited processing of the request.  (*See* **Exhibit F.**)

(13)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Donald Trump, Jr. was assigned FOIA Request Number 1364157-000. The FBI

advised it recognizes important privacy interests concerning a request for records on a third party

individual.  In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Donald Trump, Jr.) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

---

[2] The issue concerning Plaintiff's fee waiver request was not formally addressed, but Plaintiff
was not charged for search and duplication fees for any of his requests.

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request.  If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed.  Finally, the FBI advised

Plaintiff he could to appeal the FBI's response determination by writing to DOJ, OIP, within

ninety (90) days from the date of its letter, or he could seek dispute resolution services by

contacting OGIS.  (*See* **Exhibit G.**)

      (14)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to

OIP challenging the FBI's response to FOIA Request Number 1364157-000.  Specifically,

Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in

his FOIA request.  (*See* **Exhibit H.**)

      (15)    By letter dated January 25, 2017, OIP informed Plaintiff it was affirming the

FBI's action concerning Plaintiff's FOIA Request Number 1364157-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001662.  OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an

individual could reasonably be expected to constitute an unwarranted invasion of personal

privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. §

552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying

appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS.  (*See* **Exhibit I.**)

      (16)    Upon notification of Plaintiff's Complaint dated January 31, 2017 (*See* **Docket**

**Number 1)**, and Amended Complaint dated February 27, 2017 (*See* **Docket Number 6),** the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(17)    By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's Central Records System ("CRS") located no records responsive to Plaintiff's FOIA Request Number 1364157-000.  The FBI advised he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed.  (*See* **Exhibit J.)**  The FBI did not receive any additional response from Plaintiff.

### FOIA REQUEST NUMBER 1364164-000: ERIC TRUMP

(18)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Eric Trump, President-elect Trump's son and Transition Team Executive Committee member, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest."  Finally, Plaintiff requested expedited processing of the request.  (*See* **Exhibit K.)**

(19)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Eric Trump was assigned FOIA Request Number 1364164-000.  The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual.  In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Eric Trump) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request.  If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed.  Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS.  *(See* **Exhibit L.)**

(20)   By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364164-000.  Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request.  *(See* **Exhibit M.)**

(21)   By letter dated January 18, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364164-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001663.  OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS.  *(See* **Exhibit N.)**

9

(22)     Upon notification of Plaintiff's Complaint dated January 31, 2017 **(See Docket Number 1)**, and Amended Complaint dated February 27, 2017 **(See Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(23)     By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364164-000.  The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed.  **(See Exhibit O.)**  The FBI did not receive any additional response from Plaintiff.

### FOIA REQUEST NUMBER 1364168-000: IVANKA TRUMP

(24)     By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Ivanka Trump, President-elect Trump's daughter and Transition Team Executive Committee member, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest."  Finally, Plaintiff requested expedited processing of the request.  **(See Exhibit P.)**

(25)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Ivanka Trump was assigned FOIA Request Number 1364168-000.  The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual.  In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Ivanka Trump) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request.  If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed.  Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS.  *(See* **Exhibit Q.)**

(26)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364168-000.  Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request.  *(See* **Exhibit R.)**

(27)    By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364168-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001664.  OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS. (*See* **Exhibit S.**)

(28)   Upon notification of Plaintiff's Complaint dated January 31, 2017 (*See* **Docket Number 1**), and Amended Complaint dated February 27, 2017 (*See* **Docket Number 6**), the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(29)   By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364168-000. The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed. (*See* **Exhibit T.**) The FBI did not receive any additional response from Plaintiff.

### FOIA REQUEST NUMBER 1364176-000: GENERAL DAVID PETRAEUS

(30)   By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Gen. David Petraeus, President-elect Trump's potential nominee to be Secretary of State or Director of National Intelligence, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search. Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the request. (*See* **Exhibit U.**)

(31)   By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning General David Petraeus was assigned FOIA Request Number 1364176-000. The FBI advised it recognizes important privacy interests concerning a request for records on a third party

individual. In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (General Petraeus) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request. If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised

Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety

(90) days from the date of its letter, or he could seek dispute resolution services by contacting

OGIS. *(See* **Exhibit V.)**

(32)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to

OIP challenging the FBI's response to FOIA Request Number 1364176-000. Specifically,

Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in

his FOIA request. *(See* **Exhibit W.)**

(33)    By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the

FBI's action concerning Plaintiff's FOIA Request Number 1364176-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001665. OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an

individual could reasonably be expected to constitute an unwarranted invasion of personal

privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. §

552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying

appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. *(See* **Exhibit X.)**

(34)     Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket Number 1)**, and Amended Complaint dated February 27, 2017 *(See* **Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(35)     By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364176-000.  The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed. *(See* **Exhibit Y.)**  The FBI did not receive any additional response from Plaintiff.

### FOIA REQUEST NUMBER 1364184-000: MICHAEL FLYNN, JR

(36)     By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Michael Flynn Jr., President-elect Trump's Transition Team member and son and chief of staff [*sic*] of his National Security Advisor, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest."  Finally, Plaintiff requested expedited processing of the request. *(See* **Exhibit Z.)**

(37)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Michael Flynn, Jr. was assigned FOIA Request Number 1364184-000.  The FBI

14

advised it recognizes important privacy interests concerning a request for records on a third party individual. In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Michael Flynn, Jr.) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request. If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS. (*See* **Exhibit AA.**)

(38)   By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364184-000. Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request. (*See* **Exhibit BB.**)

(39)   By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364184-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001666. OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C). Additionally, OIP advised because OIP was closing Plaintiff's underlying

15

appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS. *(See* **Exhibit CC.)**

(40)     Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket**

**Number 1)**, and Amended Complaint dated February 27, 2017 *(See* **Docket Number 6),** the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for

responsive records was warranted.

(41)     By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's

CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364184-

000. The FBI advised Plaintiff he could submit additional information pertaining to the subject

of his request, and a supplemental search would be performed. *(See* **Exhibit DD.)** The FBI did

not receive any additional response from Plaintiff.

## FOIA REQUEST NUMBER 1364185-000: PAMELA BONDI

(42)     By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Pamela Bondi, President-elect
> Trump's Transition Team Executive Committee member, for access to classified
> information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search. Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest." Finally, Plaintiff requested

expedited processing of the request. *(See* **Exhibit EE.)**

(43)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Pamela Bondi was assigned FOIA Request Number 1364185-000. The FBI advised
it recognizes important privacy interests concerning a request for records on a third party
individual. In the absence of Plaintiff providing: (1) an express authorization and consent from
the third party individual (Pamela Bondi) for the FBI to search for and process the requested
information; (2) proof of death of the subject of the request; or (3) a clear demonstration or
justification that the public interest in disclosure outweighs the personal privacy interest of the
third party subject, the FBI could neither confirm nor deny the existence of any records potential
responsive to Plaintiff's request. If Plaintiff did not provide the requested information within
thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised
Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety
(90) days from the date of its letter, or he could seek dispute resolution services by contacting
OGIS. *(See* **Exhibit FF.)**

     (44)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to
OIP challenging the FBI's response to FOIA Request Number 1364185-000. Specifically,
Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in
his FOIA request. *(See* **Exhibit GG.)**

     (45)    By letter dated January 25, 2017, OIP informed Plaintiff it was affirming the
FBI's action concerning Plaintiff's FOIA Request Number 1364185-000; therefore, OIP was
closing his administrative appeal number DOJ-AP-2017-001667. OIP advised Plaintiff without
the documentation requested by the FBI (proof of death, consent for the third party individual, or
documenting an overriding public interest) disclosure of law enforcement records concerning an
individual could reasonably be expected to constitute an unwarranted invasion of personal
privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. §

552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS.  *(See* **Exhibit HH.)**

(46)  Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket Number 1)**, and Amended Complaint dated February 27, 2017 *(See* **Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(47)  By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364185-000.  The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed.  *(See* **Exhibit II.)**  The FBI did not receive any additional response from Plaintiff.

## FOIA REQUEST NUMBER 1364188-000: STEPHEN BANNON

(48)  By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Stephen Bannon, President-elect Trump's Chief Strategist and Senior Counselor, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest."  Finally, Plaintiff requested expedited processing of the request.  *(See* **Exhibit JJ.)**

18

(49)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Stephen Bannon was assigned FOIA Request Number 1364188-000. The FBI

advised it recognizes important privacy interests concerning a request for records on a third party

individual. In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Stephen Bannon) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request. If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised

Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety

(90) days from the date of its letter, or he could seek dispute resolution services by contacting

OGIS. *(See* **Exhibit KK.)**

(50)     By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to

OIP challenging the FBI's response to FOIA Request Number 1364188-000. Specifically,

Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in

his FOIA request. *(See* **Exhibit LL.)**

(51)     By letter dated January 25, 2017, OIP informed Plaintiff it was affirming the

FBI's action concerning Plaintiff's FOIA Request Number 1364188-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001668. OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an

individual could reasonably be expected to constitute an unwarranted invasion of personal

privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. **(*See* Exhibit MM.)**

(52)    Upon notification of Plaintiff's Complaint dated January 31, 2017 **(*See* Docket Number 1)**, and Amended Complaint dated February 27, 2017 **(*See* Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(53)    By letter dated October 10, 2017, the FBI released records responsive to Plaintiff's FOIA Request Number 1364188-000. The FBI advised Plaintiff four pages of records from the background investigation case file for Stephen Kevin Bannon (161U-HQ-2141801) were reviewed and four pages of records were being released in part, with certain information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). In addition, the FBI advised Plaintiff the balance of the responsive background investigation case file was being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with portions withheld pursuant to FOIA Exemption (b)(7)(E). **(*See* Exhibit NN.)**

<b>FOIA REQUEST NUMBER 1364198-000: WILBUR ROSS, JR.</b>

(54)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Wilbur Ross, Jr., President-elect Trump's current nominee to be Secretary of Commerce, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search. Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the request. *(See* **Exhibit OO.)**

(55)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Wilbur Ross, Jr. was assigned FOIA Request Number 1364198-000. The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual. In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Wilbur Ross, Jr.) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request. If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS. *(See* **Exhibit PP.)**

(56)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364198-000. Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request. *(See* **Exhibit QQ.)**

(57)    By letter dated January 25, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364198-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001669.  OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an

individual could reasonably be expected to constitute an unwarranted invasion of personal

privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. §

552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying

appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS.  **(*See* Exhibit RR.)**

(58)    Upon notification of Plaintiff's Complaint dated January 31, 2017 **(*See* Docket

Number 1)**, and Amended Complaint dated February 27, 2017 **(*See* Docket Number 6),** the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for

responsive records was warranted.

(59)    By letter dated October 10, 2017, the FBI released records responsive to

Plaintiff's FOIA Request Number 1364198-000.  The FBI advised Plaintiff three pages of

records from the background investigation case file for Wilbur Louis Ross (161A-HQ-2111900)

were reviewed and three pages of records were being released in full or in part, with certain

information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  In addition,

the FBI advised Plaintiff the balance of the responsive background investigation case file were

being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with portions

withheld pursuant to FOIA Exemption (b)(7)(E).  **(*See* Exhibit SS.)**

## FOIA REQUEST NUMBER 1364208-000: RUDOLPH GIULIANI

(60)     By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Rudolph Giuliani, President-
> elect Trump's potential nominee to be Secretary of State, for access to classified
> information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search. Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest." Finally, Plaintiff requested

expedited processing of the request. (*See* **Exhibit TT.**)

(61)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Rudolph Giuliani was assigned FOIA Request Number 1364208-000. The FBI

advised it recognizes important privacy interests concerning a request for records on a third party

individual. In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Rudolph Giuliani) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request. If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised

Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety

(90) days from the date of its letter, or he could seek dispute resolution services by contacting

OGIS. (*See* **Exhibit UU.**)

(62)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to
OIP challenging the FBI's response to FOIA Request Number 1364208-000.  Specifically,
Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in
his FOIA request.  (*See* **Exhibit VV.**)

(63)    By letter dated January 25, 2017, OIP informed Plaintiff it was affirming the
FBI's action concerning Plaintiff's FOIA Request Number 1364208-000; therefore, OIP was
closing his administrative appeal number DOJ-AP-2017-001670.  OIP advised Plaintiff without
the documentation requested by the FBI (proof of death, consent for the third party individual, or
documenting an overriding public interest) disclosure of law enforcement records concerning an
individual could reasonably be expected to constitute an unwarranted invasion of personal
privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. §
552(b)(6), (b)(7)(C)).  Additionally, OIP advised because OIP was closing Plaintiff's underlying
appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was
dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek
mediation services from OGIS.  (*See* **Exhibit WW.**)

(64)    Upon notification of Plaintiff's Complaint dated January 31, 2017 (*See* **Docket
Number 1**), and Amended Complaint dated February 27, 2017 (*See* **Docket Number 6),** the FBI
reconsidered the public interest justification provided by Plaintiff and determined a search for
responsive records was warranted.

(65)    By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's
CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364208-
000.  The FBI advised Plaintiff he could submit additional information pertaining to the subject
of his request, and a supplemental search would be performed.  (*See* **Exhibit XX.**) The FBI did

not receive any additional response from Plaintiff.

### FOIA REQUEST NUMBER 1364210-000: GENERAL MICHAEL FLYNN

(66)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Gen. Michael Flynn,
> President-elect Trump's National Security Advisor, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search. Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest." Finally, Plaintiff requested

expedited processing of the request. **(*See* Exhibit YY.)**

(67)    In a follow-up email dated December 14, 2016, Plaintiff provided a Washington

Post article reporting that General Flynn was found to have inappropriately shared classified

information with foreign military officers during a military investigation, which the article

indicated would warrant the denial of a security clearance for most federal employees. **(*See***

**Exhibit ZZ.)**

(68)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Michael Flynn was assigned FOIA Request Number 1364210-000. The FBI advised

it recognizes important privacy interests concerning a request for records on a third party

individual. In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Michael Flynn) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request. If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised

Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety

(90) days from the date of its letter, or he could seek dispute resolution services by contacting

OGIS. *(See* **Exhibit AAA.)**

(69)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to

OIP challenging the FBI's response to FOIA Request Number 1364210-000. Specifically,

Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in

his FOIA request. *(See* **Exhibit BBB.)**

(70)    By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the

FBI's action concerning Plaintiff's FOIA Request Number 1364210-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001675. OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an

individual could reasonably be expected to constitute an unwarranted invasion of personal

privacy, and would constitute a clearly unwarranted invasion of personal privacy *(See* 5 U.S.C. §

552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying

appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS. *(See* **Exhibit CCC.)**

(71)    Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket**
**Number 1)**, and Amended Complaint dated February 27, 2017 *(See* **Docket Number 6),** the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(72)    By letter dated September 11, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364210-000. The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed. (*See* **Exhibit DDD.**) The FBI did not receive any additional response from Plaintiff.

## FOIA REQUEST NUMBER 1364211-000: BETSY DEVOS

(73)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Betsy DeVos, President-elect Trump's current nominee to be Secretary of Education, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search. Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the request. (*See* **Exhibit EEE.**)

(74)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records concerning Betsy DeVos was assigned FOIA Request Number 1364211-000. The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual. In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Betsy DeVos) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request. If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS. *(See* **Exhibit FFF.)**

(75)    By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364211-000. Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request. *(See* **Exhibit GGG.)**

(76)    By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364211-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001676. OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. *(See* **Exhibit HHH.)**

(77)    Upon notification of Plaintiff's Complaint dated January 31, 2017 *(See* **Docket**

**Number 1)**, and Amended Complaint dated February 27, 2017 **(*See* Docket Number 6),** the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for

responsive records was warranted.

(78)    By letter dated September 11, 2017, the FBI released records responsive to

Plaintiff's FOIA Request Number 1364211-000.  The FBI advised Plaintiff three pages of

records from the background investigation case file for Elisabeth Prince DeVos (161A-HQ-

2111671) were reviewed and three pages of records were being released in full or in part, with

certain information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  In

addition, the FBI advised Plaintiff the balance of the responsive background investigation case

file were being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with

portions withheld pursuant to FOIA Exemption (b)(7)(E).  **(*See* Exhibit III.)**

**FOIA REQUEST NUMBER 1364214-000: GENERAL JAMES MATTIS**

(79)    By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Gen. James Mattis, President-
> elect Trump's current nominee to be Secretary of Defense, for access to classified
> information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest."  Finally, Plaintiff requested

expedited processing of the request.  **(*See* Exhibit JJJ.)**

(80)    By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning General James Mattis was assigned FOIA Request Number 1364214-000.  The FBI

29

advised it recognizes important privacy interests concerning a request for records on a third party individual. In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (James Mattis) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request. If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed. Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS. *(See* **Exhibit KKK.)**

(81) By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364214-000. Specifically, Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in his FOIA request. *(See* **Exhibit LLL.)**

(82) By letter dated January 24, 2017, OIP informed Plaintiff it was affirming the FBI's action concerning Plaintiff's FOIA Request Number 1364214-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001679. OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying

appeal, his request for expedited treatment was moot.  Finally, OIP advised Plaintiff if he was

dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek

mediation services from OGIS.  (*See* **Exhibit MMM.**)

(83)     Upon notification of Plaintiff's Complaint dated January 31, 2017 (*See* **Docket

Number 1**), and Amended Complaint dated February 27, 2017 (*See* **Docket Number 6**), the FBI

reconsidered the public interest justification provided by Plaintiff and determined a search for

responsive records was warranted.

(84)     By letter dated September 11, 2017, the FBI released records responsive to

Plaintiff's FOIA Request Number 1364214-000.  The FBI advised Plaintiff three pages of

records from the background investigation case file for James Norman Mattis (161A-HQ-

2108846) were reviewed and three pages of records were being released in full or in part, with

certain information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  In

addition, the FBI advised Plaintiff the balance of the responsive background investigation case

file were being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with

portions withheld pursuant to FOIA Exemption (b)(7)(E).  (*See* **Exhibit NNN.**)

## FOIA REQUEST NUMBER 1364216-000: JARED KUSHNER

(85)     By email dated December 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or
> discussions about potentially investigating or authorizing) Jared Kushner, President-elect
> Trump's son-in-law and Transition Team Executive Committee member, for access to
> classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first

substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver.

Plaintiff claimed the requested information "would contribute to the public's understanding of

government operations or activities and is in the public interest." Finally, Plaintiff requested

expedited processing of the request. (*See* **Exhibit OOO.**)

(86)     By letter dated January 5, 2017, the FBI advised Plaintiff his request for records

concerning Jared Kushner was assigned FOIA Request Number 1364216-000.  The FBI advised

it recognizes important privacy interests concerning a request for records on a third party

individual.  In the absence of Plaintiff providing: (1) an express authorization and consent from

the third party individual (Jared Kushner) for the FBI to search for and process the requested

information; (2) proof of death of the subject of the request; or (3) a clear demonstration or

justification that the public interest in disclosure outweighs the personal privacy interest of the

third party subject, the FBI could neither confirm nor deny the existence of any records potential

responsive to Plaintiff's request.  If Plaintiff did not provide the requested information within

thirty (30) days, Plaintiff's request would be administratively closed.  Finally, the FBI advised

Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety

(90) days from the date of its letter, or he could seek dispute resolution services by contacting

OGIS. (*See* **Exhibit PPP.**)

(87)     By e-FOIA submission dated January 12, 2017, Plaintiff submitted an appeal to

OIP challenging the FBI's response to FOIA Request Number 1364216-000.  Specifically,

Plaintiff claimed the FBI did not consider the public interest demonstration Plaintiff offered in

his FOIA request. (*See* **Exhibit QQQ.**)

(88)     By letter dated January 18, 2017, OIP informed Plaintiff it was affirming the

FBI's action concerning Plaintiff's FOIA Request Number 1364216-000; therefore, OIP was

closing his administrative appeal number DOJ-AP-2017-001681.  OIP advised Plaintiff without

the documentation requested by the FBI (proof of death, consent for the third party individual, or

documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. **(*See* Exhibit RRR.)**

(89)    Upon notification of Plaintiff's Complaint dated January 31, 2017 **(*See* Docket Number 1)**, and Amended Complaint dated February 27, 2017 **(*See* Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(90)    By letter dated October 10, 2017, the FBI released records responsive to Plaintiff's FOIA Request Number 1364216-000. The FBI advised Plaintiff three pages of records from the background investigation case file for Jared Kushner (161U-HQ-2146265) were reviewed and three pages of records were being released in part, with certain information withheld pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). In addition, the FBI advised Plaintiff the balance of the responsive background investigation case file were being categorically withheld pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), with portions withheld pursuant to FOIA Exemption (b)(7)(E). **(*See* Exhibit SSS.)**

## FOIA REQUEST NUMBER 1364591-000: CARLY FIORINA

(91)    By email dated December 14, 2016, Plaintiff submitted a FOIA request to FBI Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Carly Fiorina, President-elect

Trump's potential nominee to be Director of National Intelligence, for access to classified information.

Plaintiff limited the search for responsive records from July 1, 2016, to the date of the FBI's first substantive search.  Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest."  Finally, Plaintiff requested expedited processing of the request.  *(See* **Exhibit TTT.)**

(92)    By letter dated January 11, 2017, the FBI advised Plaintiff his request for records concerning Carly Fiorina was assigned FOIA Request Number 1364591-000.  The FBI advised it recognizes important privacy interests concerning a request for records on a third party individual.  In the absence of Plaintiff providing: (1) an express authorization and consent from the third party individual (Carly Fiorina) for the FBI to search for and process the requested information; (2) proof of death of the subject of the request; or (3) a clear demonstration or justification that the public interest in disclosure outweighs the personal privacy interest of the third party subject, the FBI could neither confirm nor deny the existence of any records potential responsive to Plaintiff's request.  If Plaintiff did not provide the requested information within thirty (30) days, Plaintiff's request would be administratively closed.  Finally, the FBI advised Plaintiff he could appeal the FBI's response determination by writing to DOJ, OIP, within ninety (90) days from the date of its letter, or he could seek dispute resolution services by contacting OGIS.  *(See* **Exhibit UUU.)**

(93)    By e-FOIA submission dated January 14, 2017, Plaintiff submitted an appeal to OIP challenging the FBI's response to FOIA Request Number 1364591-000.  *(See* **Exhibit VVV.)**

(94)    By letter dated January 30, 2017, OIP informed Plaintiff it was affirming the

34

FBI's action concerning Plaintiff's FOIA Request Number 1364591-000; therefore, OIP was closing his administrative appeal number DOJ-AP-2017-001698. OIP advised Plaintiff without the documentation requested by the FBI (proof of death, consent for the third party individual, or documenting an overriding public interest) disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy (*See* 5 U.S.C. § 552(b)(6), (b)(7)(C)). Additionally, OIP advised because OIP was closing Plaintiff's underlying appeal, his request for expedited treatment was moot. Finally, OIP advised Plaintiff if he was dissatisfied with the action on his appeal he could file a lawsuit in federal district court, or seek mediation services from OGIS. **(*See* Exhibit WWW.)**

(95)    Upon notification of Plaintiff's Complaint dated January 31, 2017 **(*See* Docket Number 1)**, and Amended Complaint dated February 27, 2017 **(*See* Docket Number 6),** the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.

(96)    By letter dated August 10, 2017, the FBI advised Plaintiff a search of the FBI's CRS located no records responsive to the FOIA for Plaintiff's FOIA Request Number 1364591-000. The FBI advised Plaintiff he could submit additional information pertaining to the subject of his request, and a supplemental search would be performed. **(*See* Exhibit XXX.)** The FBI did not receive any additional response from Plaintiff.

## RECORD KEEPING PRACTICES

## THE FBI'S CENTRAL RECORDS SYSTEM

(97)    By way of background concerning the searches and processing conducted in response to Plaintiff's FOIA requests, pertinent information concerning the FBI's record keeping practices is set forth below.

(98)     The FBI's Central Records System ("CRS") is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions.  The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters ("FBIHQ"), FBI Field Offices, and FBI Legal Attaché Offices ("Legats") worldwide.

(99)     The CRS consists of a numerical sequence of files, called FBI "classifications," which are organized according to designated subject categories.  The broad array of CRS file classification categories include types of criminal conduct and investigations conducted by the FBI, as well as categorical subjects pertaining to counterterrorism, intelligence, counterintelligence, personnel, and administrative matters.  For identification and retrieval purposes across the FBI, when a case file is opened, it is assigned a Universal Case File Number ("UCFN") consisting of three sequential components:  (a) the CRS file classification number, (b) the abbreviation of the FBI Office of Origin ("OO") initiating the file, and (c) the assigned individual case file number for that particular subject matter.[3]  Within each case file, pertinent documents of investigative interest are "serialized" into serials,[4] which entails assigning a serial number (e.g. 1, 2, 3 etc.) to each document in the order the document is added to the file, typically in chronological order.

_____

[3] For example, in a fictitious file number of "11Z-HQ-56789;" the "11Z" component indicates the file classification, "HQ" indicates that FBI Headquarters is the FBI OO of the file, and "56789"is the assigned case specific file number.

[4] A document (e.g. Electronic Communication (EC) with attachments, email chain, etc.) containing ten (10) pages is serialized as one serial, since it is one complete document.

## *THE CRS GENERAL INDICES AND INDEXING*

(100)   The general indices to the CRS are the index or "key" to locating records within the enormous amount of information contained in the CRS.  The CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties.  The general indices are arranged in alphabetical order and comprise an index on a variety of subject matters to include individuals, organizations, events, or other subjects of investigative interest that are indexed for future retrieval.  The entries in the general indices fall into two category types:

      a.  Main entry.  This entry pertains to records indexed to the main subject(s) of a file, known as "main file" records.  The "main" entry carries the name of an individual, organization, or other subject matter that is the designated subject of the file.

      b.  Reference entry.  This entry, or a "cross-reference," pertains to records that merely mention or reference an individual, organization, or other subject matter that is contained in a "main" file record about a different subject matter.

(101)   FBI Special Agents ("SAs") and/or designated support personnel may index information in the CRS by individual (persons), by organization (organizational entities, places, and things), and by event (*e.g.*, a terrorist attack or bank robbery).  Indexing information in the CRS is based on operational necessity, and the FBI only indexes that information considered relevant and necessary for future retrieval.  Accordingly, the FBI does not index every individual name or other subject matter in the general indices.

## *AUTOMATED CASE SUPPORT*

(102)   Automated Case Support ("ACS") is an electronic, integrated case management system that became effective for FBIHQ and all FBI Field Offices and Legats on October 1, 1995.  As part of the ACS implementation process, over 105 million CRS records were

37

converted from automated systems previously utilized by the FBI into a single, consolidated case management system accessible by all FBI offices. ACS has an operational purpose and design to enable the FBI to locate, retrieve, and maintain information in its files in the performance of its myriad missions and functions.[5]

(103)   The Universal Index ("UNI") is the automated index of the CRS and provides all offices of the FBI a centralized, electronic means of indexing pertinent investigative information to FBI files for future retrieval via index searching. Individual names may be recorded with applicable identifying information such as date of birth, race, sex, locality, Social Security Number, address, and/or date of an event. Moreover, ACS implementation built upon and incorporated prior automated FBI indices; therefore, a search employing the UNI application of ACS encompasses data that was already indexed into the prior automated systems superseded by ACS. As such, a UNI index search in ACS is capable of locating FBI records created before its 1995 FBI-wide implementation to the present day in both paper and electronic format.[6] Currently, UNI consists of approximately 120 million searchable records and is updated daily with newly indexed material.

### *ACS AND SENTINEL*

(104)   Sentinel is the FBI's next generation case management system that became

---

[5] ACS and the next generation Sentinel system are relied upon by the FBI daily to fulfill essential functions such as conducting criminal, counterterrorism, and national security investigations; background investigations; citizenship and employment queries, and security screening, to include Presidential protection.

[6] Older CRS records that were not indexed into UNI as a result of the 1995 ACS consolidation remain searchable by manual review of index cards, known as the "manual indices." A search of the manual indices is triggered for requests on individuals if the person was born on or before January 1, 1958; and for requests seeking information about organizations or events on or before January 1, 1973. In this case, Plaintiff's search request was for background investigatory records created on or after July 1, 2016; therefore, any responsive records would have been captured through a UNI search.

effective FBI-wide on July 1, 2012. Sentinel provides a web-based interface to FBI users, and it includes the same automated applications that are utilized in ACS. After July 1, 2012, all FBI generated records are created electronically in case files via Sentinel; however, Sentinel did not replace ACS and its relevance as an important FBI search mechanism. Just as pertinent information was indexed into UNI for records generated in ACS before July 1, 2012, when a record is generated in Sentinel, information is indexed for future retrieval. Moreover, there is an index data sharing nexus between the Sentinel and ACS systems whereby components of information indexed into Sentinel are also replicated or "backfilled" into ACS. In sum, the Sentinel case management system builds on ACS and shares its operational purpose; Sentinel provides another portal to locate information within the vast CRS for FBI records generated on or after July 1, 2012. Finally, no other databases or file systems would be likely to contain information concerning FBI background investigation records.

(105)   Index Searching Generally. To locate CRS information, RIDS employs an index search methodology. In other words, the CRS is indexed in a manner which meets the FBI's investigative needs and priorities, and allows FBI personnel to reasonably and adequately locate pertinent files in the performance of their law enforcement duties. Index searches of the CRS are reasonably expected to locate responsive material within the vast CRS since the FBI indexes pertinent information into the CRS to facilitate retrieval based on operational necessity. If a request seeks records that may have been generated on or after July 1, 2012, the FBI generally conducts what we refer as an "overlapping search." Namely, the FBI will search both ACS using the UNI application and Sentinel using the index search capability at the litigation stage to ensure adequacy of the initial CRS index search. Because records related to FBI operations and investigations are likely to be stored in either ACS or Sentinel, and in no other databases,

conducting this overlapping search ensures all responsive file systems are searched in response to a given request.

## FBI'S MODIFIED SEARCH AND FOIA PROCESSING DETERMINATION

### *FOIA SEARCHES AND RESULTS*

(106)   CRS Search and Results.  At the litigation stage, the FBI reconsidered the public interest justification provided by Plaintiff and determined a search for responsive records was warranted.  The FBI interpreted Plaintiff's FOIA requests for his first line of inquiry as a search request for responsive records limited to records created on or after July 1, 2016, concerning the steps taken to investigate or authorize for access to classified information for the fifteen (15) identified individuals working on President-elect Trump's Transition team, performing advisory duties, or allegedly being considered for potential administration positions.  The FBI determined, in order for a White House request for a background investigation on an individual to be authorized to review and utilize classified governmental information and documentation, the individual must undergo a Level 1 Full-Field Background Investigation ("FFBI")[7] or a Single Scope Background Investigation ("SSBI")[8].  In turn, the investigation data collected is serialized within a background investigation file classification.[9]  The collected data and investigation file are memorialized and indexed within the FBI's CRS.  A search of the CRS would be the logical and most reasonable location to search for these types of investigation records.

---

[7] Level 1 FFBI is conducted at the request of the White House using the Standard Form (SF)-86 (Government Application – Authorization for Release of Information) with the scope of the investigation encompassing the entire adult life (since 18th Birthday) of the individual being investigated.

[8] SSBI are required for Top Secret (TS) security clearances and other special access provisions.

[9] See ¶ 99, *supra*, for file classification description.

(107)   On May 25, 2017, FBI conducted a CRS index search to see if background investigations were conducted for each of the fifteen (15) identified individuals from Plaintiff's FOIA requests, employing the UNI application of both ACS and Sentinel by using a three-way phonetic[10] breakdown of each of the named individuals.[11]  These searches confirmed only six (6) of the named individuals (Rex Tillerson, Stephen Bannon, Wilber Ross, Betsy DeVos, General James Mattis, and Jared Kushner) had an FBI background investigation conducted between July 1, 2016 through May 25, 2017 (search cut-off date), in response to the White House request to obtain classified access.  For the remaining nine (9) identified individuals (Donald Trump. Jr., Eric Trump, Ivanka Trump, General David Petraeus, Michael Flynn, Jr., Pamela Bondi, Rudolph Giuliani, Michael Flynn, and Carly Florina) no records relating to an FBI background investigation were located for the specific search time frame of Plaintiff's requests.

(108)   As a result of these search efforts, FBI located responsive main file[12] background investigation case file 161A-HQ-2115681 for Rex Wayne Tillerson, 161U-HQ-2141801 for

---

[10] Three-way phonetic search ("TP") - the FBI used the phonetic search capabilities of ACS and Sentinel to conduct a TP search of each third party subject's name.  For example, as to subject Rex Wayne Tillerson, the computer automatically broke his name down and searched the index for three different breakdowns of the name entered: "Tillerson, Rex, Wayne;" "Tillerson, Rex, W.;" and "Tillerson, Rex."  Then, the computer breaks the names down based on their phonetic characteristics.  The computer will return results based on whether or not they phonetically match a certain percentage of the first and last name searched.  The default phonetic match setting for first and last names is 80%.  Thus, in this case, the computer returned results that were an 80% or greater phonetic match to the three-way breakdowns of the names that were searched.

[11] In Plaintiff's FOIA requests only a two-part name of the fifteen (15) individuals was provided, but the FBI ACS and Sentinel searches located the full names of each of the individuals.  This allowed the FBI to do a more thorough three-part name search.

[12] A main file entry pertains to a record indexed to the main subject of a file, known as "main file" records.

Stephen Kevin Bannon, 161A-HQ-2111900 for Wilber Louis Ross, 161A-HQ-2111671 for

Elisabeth "Betsy" Prince DeVos, 161A-HQ-2108846 for General James Norman Mattis, and

161U-HQ-2146265 for Jared Corey Kushner. These case files were indexed to each of the

identified subject's names. The FBI determined only the following, general background

investigatory records could be processed for release without constituting violations of these

individuals' personal privacy: Special Agent interviewer instructions; data collection

requirements to complete the investigations; and the general background investigation process to

provide access to classified information for the potential candidates for administrative positions.

The balance of the personalized data obtained during the background investigations for each of

the six (6) individuals, including investigation results (approval or limitations of classified

access), were withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and

portions were withheld pursuant to (b)(7)(E). Even though categorically withheld, the FBI did

provide Plaintiff a general listing, on the bottom of each release letter, of the categories of the

overall data collected during the background investigations for each individual.

(109)  Scope of Search. RIDS conducted a search reasonably calculated to locate

records responsive to Plaintiff's requests. First, given its comprehensive nature and scope, the

CRS is the principal records system searched by RIDS to locate information responsive to most

FOIA and FOIPA requests, as the CRS is where the FBI indexes information about individuals,

organizations, events, and other subjects of investigative interest for future retrieval. In addition,

the FBI conducted an overlapping Sentinel search confirming the results of the CRS search. The

CRS is the FBI system where records responsive to this request would reasonably be found.

Given Plaintiff's request seeking information concerning the FBI background investigation steps

taken for specific third party individuals, such information would reasonably be expected to be

located in the CRS via the index search methodology. Finally, the FBI did not find any indication that records could reasonably be expected to be located elsewhere.

(110)   In response to Plaintiff's first line of inquiry, the FBI reviewed 19 pages. 14 pages were RIP, while the remaining 5 pages were RIF. The FBI's justification for withholding information in part, pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C), and (b)(7)(E), and the FBI's justification for categorically denying certain records, will be described below.

## JUSTIFICATION FOR WITHHOLDINGS UNDER THE FOIA

### *Explanation of the Coded Format Used to Describe and Justify Withholdings*

(111)   All documents responsive to Plaintiff's FOIA requests, concerning the first line of inquiry, were processed to achieve maximum disclosure consistent with the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable non-exempt information in the responsive records. No reasonably segregable, non-exempt portions have been withheld from Plaintiff. Further description of any of the information withheld, beyond what is provided in this declaration, could identify the actual exempt information the FBI has protected. Copies of the pages released, for Plaintiff's first line of inquiry, were consecutively numbered "Stein – 332 through Stein – 350" at the bottom of each processed page. The exemptions asserted by the FBI as grounds for non-disclosure of portions of the 14 pages RIP are FOIA exemptions 6, 7(C), and 7(E), 5 U.S.C. §§ 552 (b)(6), (b)(7)(C), and (b)(7)(E).

(112)   The Bates-numbered documents contain, on their face, coded categories of exemptions that detail the nature of the information withheld pursuant to the provisions of the FOIA. The coded categories are provided to aid the Court's and Plaintiff's review of the FBI's explanation of the FOIA exemptions it has asserted to withhold material. Each instance of

information withheld on the Bates-numbered documents is accompanied by a coded designation that corresponds to the categories listed below.  For example, if (b)(7)(C)-1 appears on a document, the "(b)(7)(C)" designation refers to FOIA Exemption 7(C) protecting against unwarranted invasions of personal privacy.  The numerical designation of "1" following the "(b)(7)(C)" narrows the main category into a more specific subcategory, such as "Names and/or Identifying Information of FBI Special Agents/Support Personnel." *See* the attached *Vaughn* Index at Exhibit PPPP, Bates pages Stein-332 through Stein-350, for further description of where within the responsive records these coded categories of exemptions were asserted, and a description of each of the processed documents.

(113)   The coded Bates numbered pages, together with this declaration and *Vaughn* Index, demonstrate that all material withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions, or is so intertwined with protected material that segregation is not possible without revealing the underlying protected material.

(114)   Listed below are the categories used to explain the FOIA Exemptions asserted to withhold material for Plaintiff's first line of inquiry:

| SUMMARY OF JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Exemptions (b)(6) and (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION  OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of FBI Special Agents and Support Personnel |
| (b)(6)-2 and (b)(7)(C)-2 | Personal Identifying Information of the Third Parties Receiving Background Investigations |
| **Exemption (b)(7)(E)** | **LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES AND PROCEDURES** |

| (b)(7)(E)-2 | Database Identifiers (asserted for processing RIP and records categorically WIF) and Database Search Results (asserted for records categorically WIF) |
| (b)(7)(E)-3 | Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses |

## **EXEMPTION 7 THRESHOLD**

(115)   Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information at issue were compiled for law enforcement purposes.  Pursuant to 28 USC §§ 533, 534, and Executive Order 13526 as implemented by the Attorney General's Guidelines for Domestic FBI Operations ("AGG-DOM") and 28 CFR § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States.  Under this investigative authority, the responsive records herein were compiled for the following specific law enforcement purpose.

(116)   The FBI compiled the records pertaining to any of the fifteen (15) individuals pursuant to its investigatory authority to perform background investigations requested by the White House for individuals seeking appointments to the United States Government, some requiring further Senatorial approvals, and for approvals to obtain access to government records and documents containing classified information to utilize in the course of their future employment.  The purpose of such investigations is to prevent the government from providing individuals who may have criminal intentions and/or who may have vulnerabilities that can be exploited by criminal entities access to sensitive/classified government information.  The ultimate goal of such investigations is to prevent circumvention of the law.  Thus, records

45

responsive to Plaintiff's requests are law enforcement records as they were specifically compiled in the course of the FBI's investigation of any of the fifteen (15) individuals for whom President-elect Trump requested background investigations on for potential government employment, appointment, and/or to act as Presidential advisors.  Since these records were compiled for a law enforcement purpose and they squarely fall within the law enforcement duties of the FBI, the information readily meets the threshold requirement of Exemption (b)(7).

## EXEMPTIONS 6 AND 7(C)
## INVASIONS OF PERSONAL PRIVACY

(117)  Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  All information that may identify, or reveal the identity of a particular person falls within the scope of Exemption 6.

(118)  Exemption 7(C) similarly exempts from disclosure "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).[13]

(119)  When withholding information pursuant to these two exemptions, the FBI is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure.  In asserting these exemptions, each piece of information was scrutinized to determine the nature and strength of the privacy interest of every individual whose

---

[13] The practice of the FBI is to assert Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.

name and/or identifying information appears in the documents at issue.  When withholding the information, the individual's privacy interest was balanced against the public's interest in disclosure.  For purposes of these exemptions, a public interest exists only when information about an individual would shed light on the FBI's performance of its mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.  In each instance wherein information was withheld pursuant to Exemptions 6 and 7(C), the FBI determined that the individuals' privacy interests outweighed any public interest in disclosure.

### (b)(6)-1 and (b)(7)(C)-1:  Names and/or Identifying Information of FBI Special Agents and Support Personnel

(120)   In categories (b)(6)-1 and (b)(7)(C)-1, the FBI protected the names and identifying information[14] of FBI SAs and support personnel who were responsible for conducting, supervising, and/or maintaining the investigative activities reflected in the documents responsive to Plaintiff's FOIA requests.  These responsibilities included: conducting interviews; coordinating with other law enforcement officials; obtaining medical and financial documentation; searching law enforcement databases; confirming place of birth, education and employment history; prior residences; and compiling information, as well as reporting on the status of the investigation.  Assignments of SAs to any particular investigation are not by choice.  Publicity (adverse or otherwise) regarding any particular investigation to which SAs have been assigned may seriously prejudice their effectiveness in conducting other investigations.

---

[14] As used in this declaration, the term "identifying information" may include, but is not limited to dates of birth, social security numbers, addresses, telephone numbers, and/or other personal information.

(121)   These privacy considerations also protect FBI SAs as individuals from
unnecessary, unofficial questioning about the conduct of their investigations, whether or not the
SAs are currently employed by the FBI.  FBI SAs conduct official inquiries into various criminal
and national security violation cases.  In addition, they conduct background investigations for a
variety of federal government employment.  They come into contact with all strata of society,
conducting searches, pursuing investigation leads, and making arrests if required.  These actions
result in reasonable but nonetheless serious disturbances to people and their lives.  The
background investigations at issue in Plaintiff's FOIA requests were requested by President-elect
Donald Trump.  The publicity associated with the release of an agent's identity in connection
with these investigations could trigger undue attention toward a particular agent.  The media and
the public may approach and potentially harass these SAs for information on the individuals that
were under investigation.

(122)   Thus, SAs maintain substantial privacy interests in information about them in the
background investigative files at issue here.  In contrast, there is no public interest to be served
by disclosing the identities of the SAs to the public because their identities would not,
themselves, significantly increase the public's understanding of the FBI's operations and
activities.

(123)   The names of FBI support employees were also protected.  Support personnel are
assigned to handle tasks related to the official investigations reflected in the documents
responsive to Plaintiff's FOIA requests.  They have occupied and may still occupy positions of
access to information regarding official law enforcement investigations, and therefore could
become targets of harassing inquiries for unauthorized access to the investigations if their
identities were released.  Thus, these individuals also maintain substantial privacy interests in not

having their identities disclosed.  In contrast, the FBI concluded that no public interest would be

served by disclosing the identities of these FBI support employees to the general public because

their identities would not, themselves, significantly increase the public's understanding of the

FBI's operations and activities.  Accordingly, after balancing these employees' substantial

privacy interests against the non-existent public interest, the FBI properly protected the names

and identifying information of SAs and support personnel pursuant to FOIA Exemptions (b)(6)

and (b)(7)(C).  A complete list of the Bates pages containing Exemptions categories (b)(6)-1 and

(b)(7)(C)-1 is set forth in the attached *Vaughn* Index, Exhibit PPPP.

**(b)(6)-2 and (b)(7)(C)-2:**        **Personal Identifying Information of the Third Parties**
                                     **Receiving Background Investigations**

(124)   In categories (b)(6)-2 and (b)(7)(C)-2, the FBI protected the personal identifying

information of third parties who were receiving background investigations for consideration of

future federal government employment.  Identifying information includes, but is not limited to,

names of family and extended family, ages, dates of birth, social security numbers, addresses,

telephone numbers, and/or other personal information.  Releasing the personal identifying

information of these individuals to the public would be considered an unwarranted invasion of

the individuals privacy rights, as well as provide important identifiers for individuals involved in

personal identity theft.  In addition, these personal identifiers can be used to unlock the personal

email and financial accounts of the individuals, because they are often answers to questions

posed to check for the valid identity of the user.  Accordingly, the FBI has determined these

individuals have a substantial privacy interest in not having this information disclosed.  In

contrast, disclosing personal information about these individuals would not significantly increase

the public's understanding of the FBI's performance of its mission, and so the FBI concluded

there was no public interest here sufficient to override these individuals' substantial privacy

interests.  For these reasons, the FBI properly withheld this information pursuant to FOIA

Exemptions (b)(6) and (b)(7)(C).  A complete list of the Bates pages containing Exemptions

categories (b)(6)-2 and (b)(7)(C)-2 is set forth in the attached *Vaughn* Index, Exhibit PPPP.

## EXEMPTION (b)(7)(E)
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(125)   5 U.S.C. § 552(b)(7)(E) provides protection for:

> law enforcement records [which]… would disclose techniques and
> procedures for law enforcement investigations or prosecutions, or would
> disclose guidelines for law enforcement investigations or prosecutions if
> such disclosure could reasonably be expected to risk circumvention of the
> law.

(126)   The FBI asserted FOIA Exemption (b)(7)(E) to protect information in these

records, the release of which would disclose techniques and/or procedures for law enforcement

investigations, or would disclose guidelines for law enforcement investigations if such disclosure

could reasonably be expected to risk circumvention of the law.  This exemption affords

categorical protection to techniques and procedures used in law enforcement investigations.  It

thereby protects techniques and procedures that are not well-known to the public, and protects

non-public details about the use of well-known techniques and procedures.

(127)   Within the responsive documents, Exemption (b)(7)(E) has been applied to non-

public investigative techniques and procedures utilized by the FBI to pursue its law enforcement

and intelligence gathering missions, and also to non-public details about techniques and

procedures that are otherwise known to the public.  Specifically, the FBI asserted Exemption

(b)(7)(E) to protect the application of certain sensitive investigation techniques within the

responsive records.

### (b)(7)(E)-2   Database Identifiers

(128)   In Category (b)(7)(E)-2, the FBI withheld information concerning the identities of

law enforcement databases, including federal and state government databases, the FBI searched
when conducting background investigations for the identified subjects of Plaintiff's FOIA
requests. Certain sensitive databases searched are not well-known to the public, including the
name of the database and what type of information the database stores for future retrieval. The
information withheld here includes specific parameters of the FBI database inquiry, and the
identity of the database searched. The withheld information pertains to databases used in
background investigations of potential federal government appointees, and applicants, but
releasing the identity of the databases and any specific information relating to the databases
would give criminals insight into the available tools and resources the FBI uses to conduct
criminal investigations (i.e., the scope, capabilities, and vulnerabilities), since these same
databases are used to conduct both background and criminal investigations. In addition,
revealing the database identities could jeopardize the FBI's investigative mission by revealing
exactly where the FBI is storing and obtaining valuable investigative data. Knowing the
database names makes the original source data an attractive target for compromise. At a
minimum, it would reveal to criminals and foreign government intelligence agencies trying to
infiltrate their compatriots into United State government service, which databases are most likely
to be utilized based on a specific level of criminal activity or certain investigative factors
surrounding the application process. This would provide criminals with an avenue to access
sensitive FBI investigative data, use his data to predict and circumvent FBI investigative
strategies, and enable them to circumvent the law.

(129)   These database inquiries increase the FBI's overall efficiency and save time by
bringing together a comprehensive suite of tools that helps the FBI find vital information
regarding subjects of an investigation. As explained below, the collected results of these

51

database search inquiries were categorically withheld pursuant to FOIA Exemptions (b)(6) and

(b)(7)(C). But as relevant here, portions were withheld pursuant to FOIA Exemption (b)(7)(E).

The disclosure of the search results from these databases would reveal the types of data the FBI

is collecting, and therefore, the types of data useful to the FBI's law enforcement mission.

Release of this information could enable criminals, and foreign agents, to employ

countermeasures to avoid detection and/or deprive the FBI of much needed investigative data,

thus jeopardizing the FBI's investigative mission. To provide additional information regarding

these investigative techniques would reveal the very information the FBI is seeking to protect.

Because disclosure would impede the FBI's effectiveness and potentially aid in circumvention of

investigative techniques, the FBI has withheld this information pursuant to Exemption 7(E). A

complete list of the Bates pages containing Exemptions category (b)(7)(E)-2 is set forth in the

attached *Vaughn* Index, Exhibit PPPP.

### (b)(7)(E)-3    Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses

(130)   In Category (b)(7)(E)-3, the FBI protected internal e-mail or IP addresses, and/or

non-public intranet web addresses. Release of this type of information could allow criminals to

exploit the FBI's Information Technology (IT) systems to gain unauthorized access to, view and

manipulate data on, or otherwise interfere with the FBI's unclassified but non-public intranet

protocols. In turn, criminals, and/or potential foreign government intelligence agencies, could

gain unauthorized access to these potential high-level government applicants' files to obtain

information they could use to compromise these individuals, or obtain information relevant to

foreign governments in their counterintelligence activities. Such unauthorized access to sensitive

information could provide criminals, or foreign governments, with information they could use to

discover or predict FBI investigative strategies, allowing them to thwart FBI investigative

efforts; and/or could provide them key information needed to hinder the effectiveness of the United States government operations through compromise of its high-level officials. Additionally, release of this information would allow individuals to disrupt official FBI business and could subject FBI employees to harassing e-mails, weakening the FBI's ability to enforce federal laws. Thus, the FBI properly protected this information from disclosure pursuant to Exemption 7(E). A complete list of the Bates pages containing Exemptions category (b)(7)(E)-3 is set forth in the attached *Vaughn* Index, Exhibit PPPP.

## CATEGORICAL DENIAL OF CONTENTS OF BACKGROUND INVESTIGATIONS

(131)   Concerning the first line of inquiry the FBI determined only the investigatory steps taken, including the required information needed to adequately conduct thorough background investigations; FBIFO investigation reporting and setting of investigation leads instructions; and background investigation process instructions, to approve access to classified information for the potential candidates for administrative positions, should be processed for release. The FBI processed for release segregable information concerning these steps as detailed above. If the Plaintiff construed the balance of the collected data obtained during the individuals background investigations, including investigation results (approval or limitations of classified access) as responsive, the FBI has determined this material as withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and at times portions were withheld pursuant to (b)(7)(E).

(132)   As discussed above, the FOIA exempts from disclosure records related to third parties if release of the information could be expected to constitute an unwarranted invasion of personal privacy. Specifically, the FOIA exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552 (b)(6). Additionally, it exempts "records or

information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…could reasonably be expected to constitute an unwarranted invasion of personal privacy." *See* 5 U.S.C. § 552 (b)(7)(C). For all third-party FOIA requests, the requester must provide a signed privacy waiver or proof of death, and in the absence, articulate an overriding public interest. The FBI considers the public interest argument and balances it against the individual's privacy interests. Based on the outcome, the FBI will determine either the records are categorically exempt pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) if the privacy interests outweigh the public interest, or process and release non-exempt portions of the records if the requester articulates an overriding public interest. For purposes of this analysis, a public interest exists when:

- Information would directly reveal the operations or activities of the federal government;

- Information would shed light on the agency's performance of its statutory duties;

- The agency failed to carry out its statutory duties; or

- There is evidence to support accusations of impropriety or wrongdoing on behalf of the government.

(133)   In this case, Plaintiff furnished a public interest argument in lieu of a signed privacy waiver. See ¶136. The FBI considered the public interest argument and balanced it against the third party individuals' privacy interests. After balancing the interests, the FBI determined the individuals privacy interests outweighed the public interest in disclosure for any records outside the generalized investigative information the FBI processed for release; therefore, it determined the bulk of these individuals' background investigation files were categorically exempt under FOIA Exemptions (b)(6) and (b)(7)(C), and at times pursuant to FOIA Exemption (b)(7)(E).

## CATEGORICAL DENIAL PURSUANT TO EXEMPTIONS (b)(6) and (b)(7)(C)

(134)   In balancing privacy interests, the FBI identifies the substantial privacy interests of the individuals within its records, in this case the background investigation files of six (6) third party individuals, and weighs it against the public interest in disclosure.  The FBI takes each factor – the individual's substantial privacy interests, the requester's public interest argument, and evaluates them on a case-by-case basis to determine if there exists a significant public benefit and whether the benefit outweighs the substantial privacy interests of the individual.  A person, who is the subject of an investigation, especially a background investigation detailing the life events of a significant portion of an individual's life, retains substantial interests in preventing the disclosure of his or her personal information regardless of the resulting individual's success in obtaining a Presidential appointment, and approval to access or limited access to classified government information.  In most cases, an individual's investigative file would not shed light on the government's operations and activities; therefore, disclosure would constitute a clearly unwarranted invasion of personal privacy.

(135)   To overcome the individual's substantial privacy interests, the requester must first demonstrate the public interest qualifies for consideration and second, the public interest is sufficiently compelling to, on the balance, outweigh legitimate privacy interests.  *See* DOJ Guide to the Freedom of Information Act, page 30, updated July 11, 2016.  To justify disclosure, the requester must clearly demonstrate there would result in a significant public benefit.  In the absence of this showing, the individual's substantial privacy interests would automatically outweigh the public interest in disclosure.

(136)   In this case, Plaintiff generally argues each of the third party individuals had negative factors in their private or public life that would curtail the approval of future federal

government employment, and/or government approved access to classified government information. Because of these concerns, Plaintiff believed the public has a significant interest in knowing about the process by which the approval process for classified access is/was reached. Plaintiff has not provided any evidence of government impropriety or wrongdoing during these White House requested background investigations, but Plaintiff believes the public has a right to know the decision-making process allowing/disallowing these individuals access to classified information. Considering these individuals' substantial privacy interests in the personal information present in these records, including information about their private lives which is often subject to scrutiny in background investigations, disclosure of this information would constitute a massive intrusion into their personal privacy. There needs to be an overwhelming public interest to justify such an intrusion. Without evidence of wrongdoing/impropriety by the FBI or the federal government concerning the background investigation process, the private details of the individual's life obtained during an authorized background investigation should remain private.

(137)  Even though the FBI categorically withheld the balance of the background investigations, the FBI did provide Plaintiff a listing, on the bottom of each response letter, of the specific categories of the data collected during the background investigations. Providing information beyond this would seriously violate these individuals' personal privacy. For example, included in the withheld files are specific personal details including places of birth, immediate family and extended family histories, education, past employment, and former addresses. These are the exact identifiers individuals involved in identity theft are interested in to obtain password entries for personal email or financial accounts. The background investigation files also contain: interviews of the appointees, reference interviews, neighborhood

interviews, and employment interviews. In addition, the investigative files contains government agency databases where records checks were made and any search results located. Finally, included in the documents collected are the medical and financial records detailing every aspect of the past health and financial history of the third party individuals at issue.

(138)   The types of information that could exist within background investigative files includes a wealth of personal identifying information, as well as intimate details about the subjects of the investigation, their families, personal relationships, and associates. Records could also reveal past criminal acts or behaviors occurring after the age of eighteen that are no longer part of the public record. Releasing certain private records on these potential appointees could cause them, their families, their friends, and their associates (personal and professional) embarrassment, and potentially subject them to public scrutiny or harassment.

(139)   The FBI contrasted Plaintiff's FOIA requests to the FBI handling of other FOIA requests on high-profile individuals in public positions, for whom requesters failed to provide proof of death or privacy waivers. In all of these cases, the FBI determined these individuals had diminished privacy interests because of their high rank and authority within their respective agency or elected position – release of information about their conduct while in these positions is much more likely to shed light on government activities considering the decision-making power/influence these individuals possessed as high-ranking executives and/or public official service. However, even within these FOIA requests, the FBI still protected these individuals' personal information and only considered processing records that would shed light on government operations or their improprieties while in public positions. In contrast, the potential appointees subject to Plaintiff's requests (on whom the FBI actually possessed records) did not have any publically known criminal history, or publicly known ongoing criminal investigations,

at the time of their background investigations. Also, at the time of the investigations, they were only potential appointees, some of which needed further Senatorial confirmation, and had yet to assume positions of high public trust/interest.

(140)   Plaintiff fails to provide sufficiently compelling evidence showing how disclosure of these types of information and/or records would benefit the public's understanding of government operations enough to outweigh these individuals' legitimate privacy interests. Plaintiffs' first argument regarding public knowledge failed to meet one or more of the four qualifying considerations outlined in ¶ 132, *supra*. Plaintiffs' public interest argument neglected to explain how the information would (1) reveal operations or activities of the federal government, (2) shed light on the agency's performance or (3) failure to perform its statutory duties, and (4) does not furnish evidence to support accusations of impropriety or wrongdoing on behalf of the government. *Id.* As such, the FBI has categorically withheld the third party individuals background investigative files, other than the general investigative steps taken to conduct the investigations, pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), and portions pursuant to FOIA Exemption (b)(7)(E).

## CATEGORICAL REVIEW OF THE BACKGROUND INVESTIGATION FILES

(141)   The background investigation files (other than the general investigative steps taken to initiate the background investigation which have been segregated for release) implicated by Plaintiff's FOIA requests are categorically exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). In light of the D.C. Circuit's ruling in *Maydak v. U.S. Department of Justice*, 218 F.3d 760 (D.C. Cir. 2000), the FBI is also asserting FOIA Exemptions (b)(6), (b)(7)C), and (b)(7)(E), as additional grounds for withholding portions of the categorically exempt records.

(142)   To help explain to the Plaintiff and Court why the FBI determined the balance of the background investigatory files were categorically exempt pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), below are descriptions of the types and categories of documents that existed within the background investigation records responsive to Plaintiff's FOIA requests. The descriptions of the document types show that the information is very personal in nature, and withholding the material categorically protects the privacy interests of the individuals at issue here. Providing an actual accounting of the information located within the documents, including the page count of the collected data, in light of the (b)(6) and (b)(7)(C) categorical exemption, would constitute an unwarranted invasion of the subject's personal privacy. In addition to the types of documents that exist within the background investigative file, the FBI assigned functional categories to the document types.[15] The listing is intended to furnish the Court and Plaintiff with a description of the types of exempted records located within these background investigation files, while not providing any greater detail that would undermine the third party individuals' privacy interests.

(143)   The types of documents include the following:

(a) FD-1057[16] - Electronic Communication ("EC"): FD-1057s and ECs replaced the traditional FBI correspondence (i.e., Memoranda and Letters) as the primary vehicle of correspondence within the FBI. The purpose of an EC is to communicate within the FBI in a consistent format that can be uploaded by the originating Division or office, transmitted, and downloaded by recipient Divisions or offices within the FBI's internal computer network. These forms are often utilized to record and disseminate

---

[15] *See Bevis v. Dep't of State*, 801 F2d 1386, 1388 (D.C.Cir. 1986).

[16] The designation "FD-" is attached to forms created and utilized internally by the FBI.

intelligence/investigative information and for general investigation administration
purposes.

(b) <u>FBI Records Checks</u>:  These are computerized print-outs of the results of checks of
databases concerning FBI records, local law enforcement records, and/or business
records.  The information from these records checks is often incorporated into
Investigative Reports and ECs for lead purposes.

(c) <u>FBI Investigative Reports</u>:  These are summaries of investigations as of the date of the
report.  The purpose of these documents is to advise FBIHQ and FBI field offices of the
investigative information that has been obtained concerning a particular investigation.

(d) <u>FBI Computer Printouts</u>:  These are printouts from internal FBI computer systems that
describe information concerning FBI investigations.  The information included on the
documents may include file numbers, names, and addresses of subjects, other third
parties, key dates and places of interview meetings, names of Special Agents ("SAs")
assigned to investigations, and other similar information.

(e) <u>FBI Investigative Inserts</u>:  Internal FBI forms used to record investigative actions such as
an FBI records check of a database of law enforcement records.  These inserts are often
incorporated into FBI Investigative Reports.

(f) <u>Other Investigative Documents</u>: The FBI uses various types of forms throughout a
background investigation that do not fit into an official government format.  Documents
included in this category may include, but is not limited to, storage envelopes, bulky
exhibit cover sheets, transmittal forms (e.g., facsimile cover sheets), letters, and routing
slips.  Additionally, this category consists of various types of documents reflecting
information and evidence gathered during an FBI investigation, the interview subjects

from where such information and evidence was gathered, methods used to obtain the information and evidence, and methods used to analyze the information and evidence. To describe these investigative documents in this category any more specifically would reveal the scope of the FBI's investigation, as well as the collection methods used by the FBI.

(g) FBI Letter/Memorandum: This is a letter or memorandum used by the FBI to communicate with the Department of Justice ("DOJ"), U.S. Attorneys' Offices, other government agencies ("OGAs"), other law enforcement agencies (including federal, state, local, and tribal), commercial businesses, and private citizens. Its format is identical to the business letters utilized by commercial agencies except that it contains the FBI Seal at the top of the first page, as well as specific identifying information regarding the originating office within the FBI that sent the letter (*e.g.,* Omaha Division or FBIHQ).

(h) Standard Form (SF) 86: This is an electronic questionnaire used for investigation processing. The potential federal government employee applicant or appointee fills out the form detailing their personal, and professional lives since their eighteenth (18) birthday. The form includes authorization to obtain records and release of information.

(i) E-mails: These are electronic messages exchanged between and among FBI Special Agents, other FBI employees, and personnel from OGAs, concerning these investigations.

(j) Interview Forms (FD-302): FD-302s are internal FBI forms in which evidence is often documented, usually as a result of FBI interviews. Such evidence and/or interview information may later be used as testimony or evidence in approvals of classified access or limitations on access. Additionally, these evidence/interview forms are often

incorporated in other FBI documents that may be used to disseminate intelligence/investigative information and can be utilized to set leads in furtherance of the FBI's investigative efforts.

(k) <u>Handwritten Interview Notes:</u>  These are the original handwritten notes of FBI personnel who conducted interviews in the course of FBI investigations.  These notes are almost always transposed into FD-302s and are utilized by the FBI in the same manner.

(l) <u>Documents Implementing Sensitive Investigative Techniques:</u>  These various documents are utilized to implement specific, sensitive, investigative techniques.  Describing these documents further would reveal these techniques or sensitive data concerning these techniques.

(m) <u>FD-340, 1A Envelopes:</u>  These envelopes are used to organize and store documents that need to be stored separately from the FBI file to which they are attached, due to their size.  They usually contain handwritten notes of interviews, photographs, and other various evidentiary documents.

(n) <u>FD-1087, Evidence Logs:</u>  This form is used to keep track of evidence within an investigation.

(o) <u>FD-1036, Sentinel Import Forms:</u> These are administrative forms attached to documents that are imported into the FBI's case administrative system, Sentinel.

(p) <u>Collected Documentation:</u> This category includes copies of records including; birth certificate, high school, and college transcripts, medical records, financial records, letters of reference.

## **FUNCTIONAL CATEGORIES OF INFORMATION**

(144)   For purposes of outlining the additional grounds for withholding certain portions

of the categorically exempt records, the FBI categorized the types of exempt records into two categories - Evidentiary/Investigative Materials and Administrative Materials.

(145)   However, background investigation records often fall into both of these functional categories as described in the below paragraphs.  For example, a record collected, such as a law enforcement records check, may serve dual purposes and may contain both administrative directions, and/or evidentiary materials.  Therefore, the records could be included in both categories.

**Category 1:  Evidentiary/Investigative Materials**

(146)   This category includes copies of records or evidence, analyses of evidence, and derivative communications discussing or incorporating collected evidence.  A derivative communication describes, verbatim or in summary, the contents of the original record, how it was obtained, and how it relates to the investigation.  Other derivative communications report this information to other FBI field offices, other law enforcement agencies, or other Federal agencies, either to advise them about the progress of the investigation, or to elicit their assistance in handling investigative leads.  The following subparagraphs describe the types of evidentiary materials that exist within the responsive records and the anticipated harms that could reasonably result from disclosure.  Following this general description, the declaration outlines the specific exemptions asserted over portions of the categorically exempt records.

(147)   Information Provided by Interview Subjects:  Background investigation files typically contain information provided by interview subjects, such as the appointee, personal references, neighbors, and prior employment contacts.  Interview statements often form the basis for defining the personal character and qualifications of the third party subjects.  Revealing this information would reveal the identities of the interview participants and/or the provided

63

information. It would also reveal key information about FBI techniques and procedures for asking probing questions to obtain accurate information.

(148)   Information Concerning Physical or Documentary Evidence:   Disclosure of information concerning physical or documentary evidence gathered during the investigation, or information discussing, describing, or analyzing the physical or documentary evidence, would undermine the identified third parties privacy interests as it would reveal non-public details about personal, medical, and financial history the FBI investigated. The information contains a myriad of personal data about the third parties gathered during routine investigative activities. This would reveal information well beyond what is publically known about the FBI's investigation of these third parties. Such a release could lead to embarrassment, false inferences, degradation of the perception of third parties personal character, revelation of personal details about his life he may not want publically disclosed, and potentially additionally harassing inquiries directed at the third parties. Additionally, release of his personal identifying information (date of birth, social security number, place of birth, etc.) would expose the third party individuals to potential identify theft, negatively affecting their lives for years into the future. Thus, release of this information could reasonably be expected to constitute an unwarranted invasion of his personal privacy.

**Category 2: Administrative Materials**

(149)   Materials falling within this category include items such as case captions, serial numbers, identities of FBI field offices, dates of investigations, and detailed instructions designed to ensure that investigative procedures are conducted within the appropriate FBI and DOJ guidelines. The following subparagraphs describe the types of administrative materials contained within the third party investigative files and the anticipated Exemptions 6/7(C) harms

that could reasonably result from disclosure.

(150)   Reporting Communications:  These communications permit an agency to monitor the progress of the investigation and to facilitate its conduct.  These communications have the potential to reveal or confirm the cooperation of other local, state, and federal government agencies who assisted in these investigations.  These communications are replete with detailed information about the FBI's investigative activities as well as detailed information about potential interview subjects.  As such, they could reveal non-public details about the scope of the FBI's investigation of the third party individuals, potentially reveal their personal identifying information, reveal the origins of pertinent FBI investigative information collected, and reveal their possible connections to undisclosed FBI investigative efforts.  The release of this information, should it exist, would risk the harms described *supra* at ¶¶ 147-148, and could reasonably be expected to constitute an unwarranted invasion of his personal privacy.

(151)   Miscellaneous Administrative Documents:  These materials could include items such as transmittal forms and standardized forms used for a variety of purposes.  These types of materials are used throughout background investigations for many routine purposes.  Releasing this category of documents would violate the third party individual's personal privacy as it would reveal undisclosed details about the scope and direction of the FBI's investigation, potentially his personal identifying information, and risk the harms enumerated *supra* at ¶¶ 147-148.

(152)   Administrative Instructions:  This type of information, whether it originates in communications from the FBI or other government or law enforcement agencies, could disclose specific investigative procedures employed in this investigation.  Release of this information would undermine the third party individual's privacy interests as it would reveal undisclosed details about the scope and direction of the FBI's investigation, potentially their personal

identifying information, and risk the harms enumerated *supra* at ¶¶ 147-148.

## PRESERVING UNDERLYING FOIA EXEMPTIONS

(153)   As previously explained, the FBI determined it has segregated all non-exempt information from the background investigation files implicated by Plaintiff's FOIA requests, and all other collected data in these background files is categorically exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).  In light of the D.C. Circuit's ruling in *Maydak v. U.S. Department of Justice*, 218 F.3d 760 (D.C. Cir. 2000), the FBI is also asserting FOIA Exemptions (b)(6), (b)(7)C), and (b)(7)(E), as additional grounds for withholding portions of the categorically exempt records

### Exemptions (b)(6) and (b)(7)(C)

(154)   As described previously, Exemptions (b)(6) and (b)(7)(C) exempt from disclosure information that would constitute a clearly unwarranted invasion of personal privacy or could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Alongside the categorical reasoning for withholding this information pursuant to Exemptions (b)(6) and (b)(7)(C), there are likely additional types of information exempt from disclosure pursuant to these Exemptions.  The types of information previously described are as follows:

> A. Names and/or Identifying Information of FBI Special Agents and Support Personnel – The FBI's reasoning for withholding this information is described *supra* at ¶¶ 120-123.
>
> B. Personal Identifying Information of the Third Parties Receiving Background Investigations – The FBI's reasoning for withholding this information is described *supra* at ¶ 124.

(155)   Additional types of information not previously described, which are also likely

types of information exempt from disclosure pursuant to these exemptions, are described below.

(156)   Names and/or Identifying Information of Third Party Individuals Who Provided Information to the FBI:  Within the categorical withholdings, FOIA Exemptions (b)(6) and (b)(7)(C) apply to the names and identifying information of individuals who were interviewed, and provided valuable information concerning the identified third party individuals.  The FBI has found that information provided by individuals during an interview is one of the most productive investigative tools used by law enforcement agencies for both criminal and background investigations.  The largest roadblock to successfully obtaining the desired information through an interview, even for background investigations, is fear by the interviewee that his/her identity will be exposed and consequently, that he/she could be harassed for unofficial access to FBI investigative information, intimidated by those for or against a Trump administration appointee or applicant, or threatened with legal or economic reprisal if derogatory information provided during the interview is traced back to them.  This is especially true of potential high profile individuals seeking high-level positions in the United States Government.  In order to surmount these obstacles, persons interviewed by the FBI must be assured their names and personally-identifying information will be held in the strictest confidence.  The continued access by the FBI to persons willing to honestly relate pertinent accurate facts bearing upon a particular investigation far outweighs any benefit the public might derive from disclosure of the names of those who cooperated with the FBI.  Thus, the FBI has determined that these individuals maintain substantial privacy interests in not having their identities disclosed.  In contrast, the FBI could identify no public interest in the disclosure of this information because disclosure of these third parties' names and identifying information would not shed light on or significantly increase the public's understanding of the operations and activities of the FBI.  Accordingly, Exemptions

(b)(6) and (b)(7)(C) apply to these individuals' privacy interests.

(157)   Names and/or Identifying Information of Non-FBI Federal Government Personnel: Within the categorical withholdings, FOIA Exemptions (b)(6) and (b)(7)(C) apply to the names and/or identifying information of personnel from non-FBI federal government agencies who provided information to or otherwise assisted the FBI during the background investigations. The rationale for protecting the identities of other government employees is the same as the rationale for protecting the identities of FBI employees. *See* ¶¶ 120-123, *supra.* Publicity, adverse or otherwise, concerning the investigative participation of these other agency employees in an FBI investigation would seriously impair their effectiveness in assisting or participating in future FBI investigations. The privacy consideration also protects these individuals from unnecessary, unofficial questioning as to the FBI investigation. The publicity associated with the release of their names and/or identifying information in connection with these background investigations could trigger harassment by the press interested in obtaining information not authorized for public dissemination. Therefore, these employees maintain substantial privacy interests in not having their identities disclosed in this context. In contrast, there is no public interest to be served by the disclosure of these employees' names and/or identifying information because their identities, by themselves, would not demonstrate how the FBI performed its statutory mission and thus, would not significantly increase the public's understanding of the FBI's operations and activities. Accordingly, Exemptions (b)(6) and (b)(7)(C) apply to these employees' privacy interests.

(158)   Names and/or Identifying Information of Local and State Law Enforcement Personnel: Within the categorical withholdings, FOIA Exemptions (b)(6) and (b)(7)(C) apply to the names and identifying information of local and state law enforcement employees who

provided information or other investigative assistance to the FBI. These individuals would be acting in their official capacities, and the rationale for protecting the identities of FBI SAs and FBI support personnel as discussed in ¶¶ 120-123, *supra*, applies equally to the names of these local and state law enforcement employees. Release of the identities of these law enforcement employees could subject them as individuals to unnecessary and unwelcome harassment that would invade their privacy, and could cause them to be targeted for compromise. In contrast, disclosure of this information would serve no public interest because it would not shed light on the operations and activities of the FBI. Accordingly, the FBI properly withheld this information pursuant to Exemptions (b)(6) and (b)(7)(C).

(159)   <u>Names and/or Identifying Information of Third Parties Merely Mentioned</u>: Within the categorical withholdings, FOIA Exemptions (b)(6) and (b)(7)(C) apply to the names and identifying information of third parties who were merely mentioned in collected data obtained during the background investigations. The FBI has information about these third parties in its files because these individuals came into contact directly or indirectly with a subject of FBI investigative activities. These individuals were not of investigative interest to the FBI or to any local law enforcement agency. These third parties maintain substantial and legitimate privacy interests in not having their identities disclosed in this context and thus, being connected with the background investigations of these high profile individuals. Disclosure of their identities would subject these individuals to possible harassment or criticism and focus derogatory inferences and suspicion on them especially if an investigation led to the non-approval of government employment, or classified access, of the individuals being investigated. The FBI has considered whether there are any public interests that would override these individuals' privacy interests, and concluded that disclosing information about individuals who were merely mentioned in an

69

FBI investigative record would not significantly increase the public's understanding of the operations and activities of the FBI. Accordingly, the FBI properly protected these individuals' privacy interests pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).

**Exemption (b)(7)(E)**

(160)   As described previously, Exemption (b)(7)(E) protects "records or information compiled for law enforcement purposes [when disclosure] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." Alongside the categorical reasoning for withholding this information pursuant to Exemption (b)(6), (b)(7)(C), the following types of information exempt pursuant to (b)(7)(E) were found within the background investigation records:

> (a) Database Identifiers and Database Search Results – The FBI's reasoning for withholding database identifiers is described *supra* at ¶ 128. Additionally, the FBI's reasoning for withholding database search results is described *supra* at ¶ 129.

> (b) Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses – The FBI's reasoning for withhold this information is described *supra* at ¶ 130.

### SUMMARY OF PROCESSED RECORDS FOR PLAINTIFFS FIRST LINE OF INQUIRY

(161)   In summary, in response to Plaintiff's first line of FOIA inquiry, the FBI categorically withheld all background investigation records other than general investigative instructions/information. Additionally, the FBI segregated and processed 19 pages, of which 14 pages were RIP, while the remaining 5 pages were RIF. Each of these categories is discussed below to further address segregability.

(a)    Pages RIF. Following the segregability review, the FBI determined 5

pages could be released in full without redaction as there was no foreseeable harm to any interest

protected by a FOIA exemption.

Pages RIP. Following the segregability review of the processed records, the FBI

determined that 14 pages could be released in part with redactions per the

identified FOIA Exemptions herein.  These pages comprise a mixture of material

that could reasonably be segregated for release, material that was withheld as

release would trigger foreseeable harm to one or more interests protected by the

cited FOIA exemptions on these pages, and information that was inextricably

intertwined with such material and therefore could not reasonably be segregated

for release.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S SECOND LINE OF INQUIRY: RECORDS CONCERNING NATIONAL SECURITY BRIEFINGS GIVEN OR TO BE GIVEN TRUMP DUE TO HIS PRESIDENTIAL CANDIDACY

### FOIA REQUEST 1350531-000: FIRST[17] TRUMP BRIEFING REQUEST

(162)  By email dated May 5, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

All records, including emails and other forms of electronic communication, about
national security briefings given or to be given to Donald Trump due to his Presidential
candidacy.

Plaintiff limited the search for responsive records by advising the FBI to "exclude the substance

of the briefings and focus only on records about logistics, security concerns, and similar issues."

---

[17] Plaintiff submitted three similar FOIA requests, but expanded the search limitations each time.
The FBI determined to handle the three requests separately by reopening the original request to
search the expanded time frame provided.  The FOIAs will be listed as: FOIA 1350531-000,
1350531-001, and 1350531-002.

Plaintiff requested news media fee status, and a public interest fee waiver.[18] Plaintiff claimed the requested information "would contribute to the public's understanding of government operations or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the request. *(See* **Exhibit YYY.)**

(163) Later the same day (May 5, 2016), in response to the FBI's acknowledgement of his email FOIA request, Plaintiff submitted additional evidence to support his fee waiver and expedited processing requests. *(See* **Exhibit ZZZ.)**

(164) By letter dated May 18, 2016, FBI acknowledges Plaintiff's emailed FOIA request assigning FOIA Request Number 1350531-000 for subject "Donald Trump Security Briefings." FBI advised Plaintiff a search of the CRS was underway to locate information that may be responsive to his request. In addition, the FBI advised Plaintiff his request for a fee waiver was under consideration, and to check on the status of his request at www.fbi.gov/foia. Finally, the FBI advised Plaintiff he could appeal to OIP any FBI determinations. *(See* **Exhibit AAAA.)**

(165) By letter dated May 18, 2016, the FBI advised Plaintiff his request for expedited processing was denied. The FBI determined Plaintiff did not provide enough information concerning the statutory requirements for expedition. The FBI advised if he was not satisfied with the determination he could file an appeal to OIP within sixty (60) days of this correspondence. *(See* **Exhibit BBBB.)**

(166) By letter dated June 6, 2016, the FBI advised Plaintiff a search of the CRS did not locate any records responsive to the subject of Plaintiff's request. The FBI advised Plaintiff if he

---

[18] The issue concerning Plaintiff's fee waiver request was not formally addressed, but Plaintiff was not charged for search and duplication fees for any of his requests.

wanted to provide further details an additional search would be conducted. Finally, the FBI

advised Plaintiff if he was dissatisfied with the FBI determination he could appeal to OIP within

sixty (60) days of this correspondence.[19] (*See* **Exhibit CCCC.**)

### FOIA REQUEST 1350531-001: SECOND TRUMP BRIEFING REQUEST

(167)   By email dated July 22, 2016, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia. The request sought:

> All records, including emails and other forms of electronic communication, about
> national security briefings given or to be given to Donald Trump due to his Presidential
> candidacy.

Plaintiff explained this request was a "renewal of the FOIA request submitted on May 5, 2016."

Plaintiff limited the search for responsive records by advising the FBI to "exclude the substance

of the briefings and focus only on records about logistics, security concerns, and similar issues."

Plaintiff requested news media fee status, and a public interest fee waiver. Plaintiff claimed the

requested information "would contribute to the public's understanding of government operations

or activities and is in the public interest." Finally, Plaintiff requested expedited processing of the

request. (*See* **Exhibit DDDD.**)

(168)   By letter dated August 10, 2016, the FBI acknowledges Plaintiff's emailed FOIA

request assigning FOIA Request Number 1350531-001 for subject "Donald Trump Security

Briefings." The FBI advised Plaintiff a search of the CRS was underway to locate information

that may be responsive to his request. In addition, the FBI advised Plaintiff his request for a fee

waiver was under consideration, and to check on the status of his request at www.fbi.gov/foia.

Finally, the FBI advised Plaintiff he could appeal to OIP any FBI determinations. (*See* **Exhibit**

---

[19] Plaintiff failed to appeal to OIP the FBI's no record determination for FOIA Request Number
1350531-000.

**EEEE.)**

(169)   By letter dated August 11, 2016, the FBI advised Plaintiff his request for expedited processing was denied.  The FBI determined Plaintiff did not provide enough information concerning the statutory requirements for expedition.  The FBI advised if Plaintiff was not satisfied with the determination he could file an appeal to OIP within sixty (60) days of this correspondence.  **(*See* Exhibit FFFF.)**

(170)   By letter dated October 5, 2016, the FBI advised it located 2 pages in response to the subject of Plaintiff's FOIA request.  The FBI explained the 2 pages were being withheld in their entirety pursuant to subsections (b)(3) USC § 3024 (i)(1), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).  Finally, the FBI advised Plaintiff he could appeal to OIP any FBI determinations within sixty (60) of the response letter, or seek dispute resolution services by contacting OGIS.[20] **(*See* Exhibit GGGG.)**

(171)   By e-FOIA submission dated January 27, 2017,[21] Plaintiff submitted an appeal to OIP challenging the FBI's withholdings and adequacy of its search to FOIA Request Number 1350531-001.  Plaintiff explained the lateness of his appeal was due to the FBI providing information limiting his appeal period to sixty (60) days instead of ninety (90) days.  Plaintiff believed the FBI only limited its search to the CRS, and not to an email search of senior FBI leadership.  **(*See* Exhibit HHHH.)**

---

[20] Upon further review, FBI determined these 2 pages were inadvertently WIF pursuant to FOIA exemptions.  In addition, FBI's assertion of FOIA Exemption (b)(3) has been withdrawn.  Instead, these 2 pages from FOIA 1350531-001 have been determined to be duplicates of processed Bates pages Stein 171-172 for FOIA 1350531-002. *See* Exhibit OOOO for the new processing determination.

[21] The same day (January 27, 2017) Plaintiff appealed the FBI's determination for FOIA Request Number 1350531-001, he emailed the FBI a similar FOIA request expanding the search time frame.  This request was assigned FOIA Request Number 1350531-002.

(172)   By letter dated February 15, 2017, OIP advised Plaintiff that it was affirming the

FBI's processing determination to FOIA Request Number 1350531-001; therefore, it was closing

Appeal Number DOJ-AP-2017-001898 assigned to his appeal.  OIP determined the FBI properly

withheld the information by the cited FOIA exemptions, and the FBI's search for responsive

records subject to the FOIA was correct as it was an adequate and reasonable search.  Finally,

OIP advised Plaintiff if he was dissatisfied with their determination he could seek dispute

resolution services from OGIS, or file a lawsuit in federal district court.  (*See* **Exhibit IIII.**)

### FOIA REQUEST 1350531-002: THIRD TRUMP BRIEFING REQUEST

(173)   By email dated January 27, 2017, Plaintiff submitted a FOIA request to FBI

Headquarters, Records Management Division, Winchester, Virginia.  The request sought:

- All records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy.

Plaintiff explained this request was a "resubmission of the FOIA requests submitted on 5 and 22

July 2016."  In addition, Plaintiff explained the search should be limited to responsive records

created between April 1, 2016 and September 30, 2016.  Plaintiff also specified the search should

not be limited to the CRS and should include emails of senior FBI leadership.  Plaintiff stated no

expedited processing was required, the two pages processed for FOIA 1350531-001 should be

considered responsive to his request, and if responsive documents are located, entire documents

(not parts) should be considered responsive.  Plaintiff limited the search for responsive records

by advising the FBI to "exclude the substance of the briefings and focus only on records about

logistics, security concerns, and similar issues."  Plaintiff requested news media fee status, and a

public interest fee waiver.  Plaintiff claimed the requested information "would contribute to the

public's understanding of government operations or activities and is in the public interest."  (*See*

**Exhibit JJJJ.)**

(174)   By letter dated February 16, 2017, the FBI acknowledged Plaintiff's emailed FOIA request assigning FOIA Request Number 1350531-002 for subject "Donald Trump Security Briefings, April 1, 2016 – September 30, 2016." The FBI advised Plaintiff his request for a fee waiver was under consideration, and to check on the status of his request at www.fbi.gov/foia.  Finally, the FBI advised Plaintiff he could appeal to OIP any FBI determinations within ninety (90) days of its letter, or seek dispute resolution services from OGIS. *(See* **Exhibit KKKK.)**

(175)   By email dated February 28, 2017, Plaintiff advised FBI FOIA Request Numbers 1350531-001 and 1350531-002 were now included in Plaintiff's Amended Complaint dated February 27, 2017 **(***See* **Docket Number 6)**.  In addition, Plaintiff advised FOIA Request Numbers 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, 1364216-000, and 1364591-000 were also included in the litigation. **(***See* **Exhibit LLLL.)**

(176)   By letter dated July 10, 2017, the FBI released records responsive to Plaintiff's FOIA Request Number 1350531-002.  The FBI advised Plaintiff 327 pages of records were reviewed and 237 pages of records were being released in part, with certain information withheld by the FBI pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).[22]  In addition, the FBI advised Plaintiff the Central Intelligence Agency ("CIA"), and the Office of the Director of National Intelligence ("ODNI") asserted (b)(3) to withhold portions of their

---

[22] Upon further review, FBI has dropped FOIA Exemption (b)(3) for consideration.  Only CIA retained (b)(3) for withholdings of portions of their information. *See* Bates pages Stein 171-172 for the reprocessed pages originally withheld in full, and where (b)(3) has been withdrawn for the FBI, while the CIA has retained (b)(3) for portions of their information.

information within the FBI records.   Additionally, the FBI advised Plaintiff several

consultations with other federal government agencies ("OGAs") were outstanding.  Finally, the

FBI advised Plaintiff he could appeal to OIP any FBI determinations within ninety (90) days of

its letter, or seek dispute resolution services from OGIS. (*See* **Exhibit MMMM.**)

(177)   By letter dated August 10, 2017, the FBI released records responsive to Plaintiff's

FOIA Request Number 1350531-002, which Plaintiff was previously notified the FBI was

consulting with the CIA and ODNI.  The FBI advised Plaintiff four pages of records were

reviewed and four pages of records were being released in part, with certain information

withheld by the FBI pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E).  In addition,

the FBI advised Plaintiff the CIA asserted (b)(3) to withhold portions of their information, and

ODNI asserted (b)(1) and (b)(3) to withhold portions of their information.   (*See* **Exhibit

NNNN.**)

(178)   By letter dated June 15, 2018, FBI provided Plaintiff a *Vaughn* coded copy of the

full production of Plaintiff's FOIA requests.  The FBI advised Plaintiff Bates pages Stein 166,

and 171-172 originally WIF were reprocessed and segregable, non-exempt information was

released.  In addition, the FBI advised Plaintiff Bates pages Stein 351-352, originally WIF

pursuant to FOIA exemptions in FOIA Request Number 1350531-001, were determined to be

duplicates of Bates pages Stein 171-172 processed for FOIA Request Number 1350531-002.

Finally, the FBI advised Plaintiff upon further review, Bates pages Stein 332, 335, 338, 345, and

348 were reprocessed to release additional segregable, non-exempt information.   (*See* **Exhibit

OOOO.**)

## FOIA SEARCHES AND RESULTS

(179)   <u>Scope of Searches</u>.  In the FBI's May 18, 2016, acknowledgement letter for

Plaintiff's FOIA Request Number 1350531-000, and the acknowledgment letter for Plaintiff's

August 10, 2016 FOIA Request Number 1350531-001 (*See* Exhibits AAAA and EEEE), the FBI

advised Plaintiff the indices to the FBI's Central Records System ("CRS") would be searched for

the subject matter of Plaintiff's requests. Searching the CRS is the standard search protocol

listed in the acknowledgement letters for most FOIA requests, because searches of CRS are in

response to that majority of FOIA requests submitted to the FBI.[23] Upon further review of each

of Plaintiff's FOIA requests, the FBI determined the subject matter requested concerning

"Donald Trump Security Briefings given or to be given due to his Presidential Candidacy" was

not something likely to be indexed in searchable manner in the CRS. The FBI determined a CRS

search would not be conducted as the subject matter of Plaintiff's requests were not a named

individual under investigation for a crime within the purview of the FBI, a known victim of a

federal crime, or a common investigative subject pursued by the FBI, which are typical subjects

indexed into the CRS. Given the purpose, design, and organization of the information stored in

the CRS, and in light of the subject matter of Plaintiff's FOIA requests, the FBI determined it

needed to conduct searches outside of typical CRS index searches (*See supra* Plaintiff's first line

of inquiry for details pertaining to the organization of the CRS and search mechanisms).

(180)   Targeted Search and Results for FOIA Request Number 1350531-000. RIDS

determined a targeted search reasonably calculated to locate records responsive to Plaintiff's

FOIA request dated May 5, 2016, was needed. The records Plaintiff requested were determined

as not reflective of the manner in which the FBI's investigative records are indexed in the CRS.

RIDS determined the FBI Director's Office of National Policy[24] ("ONP") as the FBI office

---

[23] *See* ¶¶ 98-99, *supra*, where the nature of the CRS is described.

[24] The FBI's ONP within the Directors Office was established in 2014 to support the FBI's
development and execution of interagency policy and provide coordination, prioritization, and

reasonably likely to have responsive records pertaining to Plaintiff's FOIA request subject

matter. On or about May 26, 2016, RIDS submitted an electronic communication ("EC") within

the FBI's Sentinel case management system to ONP, Deputy Assistant Director ("DAD") G.

Clayton Grigg, requesting ONP conduct a search for responsive records. Attached to this EC

was a copy of Plaintiff's FOIA request. RIDS instructed the recipient office to conduct a search

of their email systems for any responsive records pertaining to "Donald Trump National Security

Briefings given or to be given due to his Presidential candidacy" up until the date of their search.

RIDS indicated the search terms should include: "Trump AND Briefing," and/or "Trump AND

National Security Briefing." In addition, RIDS informed ONP Plaintiff did not require the

substance of the briefings (what Trump was briefed about), but wanted the search to focus on

records about logistics (process), security concerns, and similar issues. On June 3, 2016, DAD

Grigg conducted an email search for ONP, since he was the FBI's Presidential Transition Lead.

The FBI, and ONP determined this search was reasonably calculated to locate the responsive

records for the Trump Briefing request. DAD Grigg notified RIDS that as of June 3, 2016 (date

of the search), his search did not locate any records responsive to Plaintiff's request.

(181) Targeted Search and Results for FOIA Request Number 1350531-001. RIDS

again determined a targeted search reasonably calculated to locate records responsive to

Plaintiff's FOIA request dated July 22, 2016, was needed. RIDS determined the FBI, ONP as

the FBI office reasonably likely to have responsive records pertaining to Plaintiff's request. On

or about July 29, 2016, RIDS submitted a Search EC to ONP contact DAD G. Clayton Grigg, the

---

alignment of policy to help FBI executives make well-informed decisions to achieve FBI
strategic interests. The FBI Presidential Transition Team within ONP developed, compiled, and
prepared briefing materials for use by FBIHQ and field offices leadership to educate and inform
the President, Vice-President, the incoming administration, DOJ, Congressional and other IC and
law enforcement partners about the FBI mission, organization, programs, and activities.

FBI's Presidential Transition Lead. Attached to the Search EC was a copy of Plaintiff's FOIA request. RIDS instructed DAD Grigg to conduct a search of the ONP email systems for any responsive records pertaining to "Donald Trump National Security Briefings given or to be given due to his Presidential candidacy" up until the date of their search. RIDS indicated the search terms should include: "Trump AND Briefing," and/or "Trump AND National Security Briefing." The FBI wanted terms searched that would be broad enough to locate any potential responsive records. In addition, RIDS informed ONP Plaintiff did not require the substance of the briefings (what Trump was briefed about), but wanted the search to focus on records about logistics (process), security concerns, and similar issues. On August 1, 2016, DAD Grigg notified RIDS as of July 29, 2016 (date of the search), a search of the ONP email systems located a two page email responsive to Plaintiff's request. DAD Grigg provided this records and also advised RIDS it should reach out to the FBI's Security Division ("SecD"), and the FBI's, Directorate of Intelligence ("DI"), as they may also possess responsive records.

(182)   On August 1, 2016, RIDS contacted both SecD and DI by EC informing them DAD Grigg had recommended RIDS request their assistance with the FOIA search. RIDS instructed SecD and DI to conduct a search of their email systems for any responsive records pertaining to "Donald Trump National Security Briefings given or to be given due to his Presidential candidacy" created as of July 29, 2016 (search cut-off date). RIDS indicated to SecD and DI the search terms should include: "Trump AND Briefing," and/or "Trump AND National Security Briefing." The FBI wanted terms searched that would be broad enough to locate any potential responsive records. Attached to the Search EC was a copy of Plaintiff's FOIA request. In addition, RIDS informed SecD and DI Plaintiff did not require the substance of the briefings (what Trump was briefed about), but wanted the search to focus on records about

logistics (process), security concerns, and similar issues.

(183)   SecD and DI both notified RIDS that following their searches they did not locate records responsive to Plaintiff's request.  The DI, and SecD determined their searches were reasonably calculated to locate the responsive records for the Trump Briefing request, but no records were located.

(184)   Targeted Search and Results for FOIA Request Number 1350531-002.  RIDS again determined a targeted search reasonably calculated to locate records responsive to Plaintiff's FOIA request dated January 27, 2017, was needed.  RIDS determined ONP was again the FBI entity most likely to have responsive records.  On March 31, 2017, RIDS submitted a Search EC to DAD Grigg of ONP requesting ONP conduct a search of email records pertaining to "Donald Trump National Security Briefings given or to be given due to his Presidential candidacy," created between April 1, 2016 through September 30, 2016.  RIDS indicated the search terms should include: "Trump AND Briefing," and/or "Trump AND National Security Briefing."   DAD Grigg agreed to coordinate his search with SecD (DI was no longer identified as reasonably likely of having non-duplicative records per DAD Grigg, based on prior discussions with DI and their past search results), providing them with the same search request and search terms.  RIDS informed ONP and SecD Plaintiff did not want the substance of the briefings (what Trump was briefed about), but wanted the search to focus on records about logistics (process), security concerns, and similar issues.  The FBI, ONP, and SecD determined these searches of their email systems was reasonably calculated to locate the responsive records for the Trump Briefing request.  ONP and SecD located and provided RIDS with 333 responsive pages.

(185)   In response to Plaintiff's second line of inquiry, the FBI processed 333 pages; of

81

which, 149 pages were RIP, 95 pages were RIF, and 89 pages WIF.  Of the 89 pages WIF, 77

pages were WIF as duplicates of previous processed pages, and 12 pages were WIF pursuant to

FOIA exemptions.  The FBI's justification for withholding information in part or in full,

pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E), 5 U.S.C. §§ 552 (b)(5), (b)(6), (b)(7)(C), and

(b)(7)(E), will be described below.

## JUSTIFICATION FOR WITHHOLDINGS UNDER THE FOIA

### *Explanation of the Coded Format Used to Describe and Justify Withholdings*

(186)   All documents responsive to Plaintiff's FOIA requests, concerning the second line

of inquiry, were processed to achieve maximum disclosure consistent with the FOIA.  Every

effort was made to provide Plaintiff with all reasonably segregable non-exempt information in

the responsive records.  No reasonably segregable, non-exempt portions have been withheld

from Plaintiff.  Further description of any of the information withheld, beyond what is provided

in this declaration, could identify the actual exempt information that the FBI has protected.

Copies of the pages released, for Plaintiff's second line of inquiry, were consecutively numbered

"Stein – 1 through Stein – 331, and Stein – 351 through Stein – 352" at the bottom of each

processed page.  The exemptions asserted by the FBI as grounds for non-disclosure of portions

of the 149 pages RIP, and 12 pages WIF (other 77 pages WIF were duplicates), were pursuant to

FOIA exemptions 5, 6, 7(C), and 7(E), 5 U.S.C. §§ 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

The FBI located other government agencies' ("OGAs") equities within the FBI records and

consulted with them concerning their information.  Any withholdings by OGAs, in this instance

CIA and ODNI, will be justified by those agencies in their respective declarations. *See* the

attached *Vaughn* Index at Exhibit PPPP for CIA consultations (Bates pages Stein 17-18, 130,

171-174, 218, 233, and 328-329), and ODNI consultations (Bates pages Stein 1-2, and 330-331).

82

(187)   The Bates-numbered documents contain, on their face, coded categories of exemptions that detail the nature of the information withheld pursuant to the provisions of the FOIA.  The coded categories are provided to aid the Court's and Plaintiff's review of the FBI's explanation of the FOIA exemptions it has asserted to withhold material.  *See* ¶ 111, *supra*, for the explanation of coded categories.  <u>*See*</u> the attached *Vaugh*n Index at Exhibit PPPP, Bates pages Stein – 1 through Stein – 331, and Stein – 351 though Stein – 352, for further description of where within the responsive records these coded categories of exemptions were asserted, and a description of each of the processed documents.

(188)   The coded Bates numbered pages, together with this declaration and *Vaughn* Index, demonstrate that all material withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemptions, or is so intertwined with protected material that segregation is not possible without revealing the underlying protected material.  A copy of the *Vaughn* coded production has been provided to Plaintiff, and can be released to the Court at their request.  *See also* Exhibits YYY-OOOO, for the original FOIA responses for the second line of Plaintiff's inquiries.

(189)   Listed below are the categories used to explain the FOIA Exemptions asserted to withhold material for Plaintiff's second line of inquiry:

| SUMMARY OF FBI JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **Category (b)(5)** | **PRIVILEDGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege *[Cited at times in conjunction with other exemptions (e.g. 6/7(C))]* |
| **Category (b)(6) and (b)(7)(C)[25]** | **CLEARLY UNWARRANTED INVASION OF PRIVACY AND UNWARRANTED INVASION OF PERSONAL** |

---

[25] Coded categories (b)(6)-2 and (b)(7)(C)-2 were only asserted for Plaintiff's first line of inquiry

| SUMMARY OF FBI JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| | **PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of FBI Special Agents and Support Personnel |
| (b)(6)-3 and (b)(7)(C)-3 | Names and/or Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4 and (b)(7)(C)-4 | Names and/or Identifying Information of Non-FBI Federal Government Personnel |
| **Category (b)(7)(E)** [26] | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-3 | Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses |
| (b)(7)(E)-4 | Specific Law Enforcement Technique Utilized to Conduct National Security Investigations |

## EXEMPTION (b)(5) – PRIVILEDGED INFORMATION

### (b)(5)-1        Deliberative Process Privilege

(190)    Exemption (b)(5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Exemption (b)(5) has been construed to exempt those documents or information normally privileged in the civil discovery context, and incorporates the attorney work product, deliberative process, and attorney-client privileges, *inter alia*. Specifically at issue here, the deliberative process privilege protects pre-decisional, deliberative communications that are part of a process by which agency decisions are made.  It protects

_____

as described above.

[26] Upon further review, the FBI is no longer withholding the information originally redacted under FOIA Exemption coded category (b)(7)(E)-1.  Bates pages Stein-332, 335, 338, 345, and 348 have been reprocessed for additional segregable release.  These pages, along with a complete *Vaughn* coded production was provided to Plaintiff by supplemental release dated June 18, 2018 (*See* release letter at Exhibit OOOO).

materials prepared as part of an agency decision maker's formulation of opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations.

(191)   Exemption (b)(5) has been asserted to protect deliberative materials, including records and information that if disclosed, would reveal the agency's collection of multitudinous facts, and the sorting, evaluation, and analysis of those facts in order to make recommendations or reach a final agency decision.  The general purpose of the deliberative process privilege is to prevent injury to the quality of agency decisions.  Thus, material that contains or was prepared in connection with the formulation of opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations may properly be withheld.

(192)   Exemption (b)(5), when asserted in conjunction with the deliberative process privilege, is predicated on the recognition that release of this privileged information would inhibit the government's development of policy and stifle its decision-making process. Furthermore, exempting such documents, or portion of documents, from disclosure also protects against public confusion that might result from preliminary disclosure of opinions and information that do not, in fact, reflect the final views or policies of the FBI.  The exemption and privilege together protect not only documents but also the integrity of the deliberative process itself where exposure of the process would result in harm.  The FBI invokes Exemption (b)(5) and the deliberative process privilege because FBI employees would hesitate to offer their candid and conscientious opinions to superiors or coworkers if they knew that their opinions of the moment might be made a matter of public record at some future date, and because such self-censorship would, in turn, degrade the quality of agency decisions by depriving the decision-makers of fully-explored options developed from robust debate.

(193)   The FBI asserted the deliberative process privilege and applied category (b)(5)-1

85

with regard to three categories of records/information: (A) records reflecting the give and take of agency deliberations, (B) near duplicate drafts, and (C) drafts withdrawn from consideration.

(A)      **Records reflecting the give and take of agency deliberations.**  The FBI withheld information pursuant to Exemption (b)(5), under the deliberative process privilege, in order to protect the give and take of agency deliberations.  The deliberations concern potential tasking and sharing of proposed developmental ideas by the FBI Presidential Transition Team, in coordination with CIA and ODNI, on the development of Presidential transition materials to be provided during national security briefings of the candidates, and then President-elect Donald Trump.  In addition, the deliberative discussions include weekly updates to the FBI Director and other FBI Transition Team members; proposed drafting deadlines of transition materials; proposed outreach events and goals; proposed future meeting schedules; and pending actions needing coordination assistance.  These internal records consist of intra-agency and inter-agency deliberations, analysis, opinions, proposals and un-adopted recommendations during the development of Presidential transition national security briefing materials.  They reflect an on-going dialogue among and between FBI employees, other federal government personnel, and other federal law enforcement agencies.  These internal "give and take" records are both (a) pre-decisional and (b) deliberative.  They are pre-decisional because they are antecedent to the adoption of official Presidential transition products.  They are deliberative because they specifically reflect the internal shaping of FBI policy, internal analysis, and continuous deliberation on the development of the briefing material.

(B)      **Near duplicate draft documents.**  By their very nature as draft documents, these records are pre-decisional, preliminary versions, of what could later have become final documents reflecting an agency policy or decision.  The near duplicates containing

preliminary determinations under review have corresponding final versions already provided to Plaintiff. They include the following: Bates pages Stein-119, 137, 158, near duplicates of Bates page Stein-109; Bates page Stein-178, a near duplicate of Bates page Stein-111; Bates pages Stein-177, a near duplicate of Bates page Stein-113; Bates pages Stein-125, 164, near duplicates of Bates page Stein-115; and Bates page Stein-179, a near duplicate of Bates page Stein-116. In fact, the process by which a draft evolves into a final document is itself a deliberative process. These drafts documents are both (a) pre-decisional and (b) deliberative. They are pre-decisional because they predate the policy and/or programmatic decisions necessary to finalize the documents. They are deliberative because they reflect a continuous set of deliberations, proposals, recommendations, and thus the give and take of the consultative process regarding the finalization of the above-described briefing documents.

(C)   **Drafts withdrawn from consideration.**  These are draft documents withdrawn or discarded during the give and take of the deliberative process. These documents include Bates pages Stein-129, 132, 142, and 144. Since these records were eliminated from further considering during inter/intra-agency deliberations, they are pre-descisional, and represent quintisential deliberative material – material that was posited for consideration but elimated during the sorting and refining of best options/practices. Accordingly, the FBI properly withheld these materials pursuant to Exemption Category (b)(5)-,1 in conjunction with the deliberative process privilege. A complete list of the Bates pages containing Exemption Category (b)(5)-1 is set forth in the attached *Vaughn* Index, Exhibit PPPP.

## EXEMPTION 7 THRESHOLD

(194)   *See* ¶ 115, *supra*, for FBI's Exemption 7 threshold authority to conduct investigations. The FBI compiled the records pertaining to Plaintiff's second line of inquiry to

87

prepare and conduct national security briefings for candidate, and then Republican nominee, Donald Trump, pursuant to its investigatory authority to perform national security briefings, in association with CIA and ODNI. Records responsive to Plaintiff's requests are law enforcement records as they consist of material summarizing the logistics and procedures of producing national security briefings for the presidential candidates and then the President elect. The FBI's goal for these national security briefings was to educate and inform the Democratic and Republican nominees, the elected President, Vice-President, and the incoming administration of the current threats faced by the United States, to prepare them for the duties of their new/prospective positions as leaders of the country. Since these records were compiled for a law enforcement purpose and squarely fall within the law enforcement duties of the FBI, the information readily meets the threshold requirement of Exemption (b)(7).

## EXEMPTIONS 6 AND 7(C)
## INVASIONS OF PERSONAL PRIVACY

(195)   *See* ¶¶ 117-118, *supra*, for types of records protectable from release pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). *See* ¶ 119, *supra*, for the FBI's balancing considerations of the privacy interests of the individuals mentioned in the processed records against any public interests in disclosure.

**(b)(6)-1 and (b)(7)(C)-1:**      **Names and/or Identifying Information of FBI Special Agents and Support Personnel**

(196)   The FBI's reasoning for withholding this information in Plaintiff's first line of inquiry, previously described *supra* at ¶¶ 120-123, is the same reasoning for withholding the information for Plaintiffs second line of inquiry.

**(b)(6)-3 and (b)(7)(C)-3:**      **Names and/or Identifying Information of Third Parties Merely Mentioned**

(197)   The FBI's reasoning for withholding this information in Plaintiff's first line of

inquiry, previously described *supra* at ¶ 159, is the same reasoning for withholding the information for Plaintiffs second line of inquiry.

**(b)(6)-4 and (b)(7)(C)-4:    Names and/or Identifying Information of Non-FBI Federal Government Personnel**

(198)   The FBI's reasoning for withholding this information in Plaintiff's first line of inquire, previously described *supra* at ¶¶ 157-158, is the same reasoning for withholding the information for Plaintiffs second line of inquiry.

## EXEMPTION (b)(7)(E)
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(199)   *See* ¶ 125, *supra*, for the statutorily definition for 5 U.S.C. § 552(b)(7)(E).  FOIA Exemption (b)(7)(E) has been asserted to protect information in these records, the release of which would disclose techniques and/or procedures for law enforcement investigations, or would disclose guidelines for law enforcement investigations if such disclosure could reasonably be expected to risk circumvention of the law.  This exemption affords categorical protection to techniques and procedures used in law enforcement investigations, it thereby protects techniques and procedures that are not well-known to the public, and protects non-public details about the use of well-known techniques and procedures.

(200)   Within the responsive documents, Exemption (b)(7)(E) has been applied to non-public investigative techniques and procedures utilized by the FBI to pursue its law enforcement and intelligence gathering missions, and also to non-public details about techniques and procedures that are otherwise known to the public.  Specifically, the FBI asserted Exemption (b)(7)(E) to protect the application of certain sensitive investigation techniques within the responsive records.

**(b)(7)(E)-3      Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses**

(201)   The FBI's reasoning for withholding this information in Plaintiff's first line of

inquire, previously described *supra* at ¶ 130, is the same reasoning for withholding the

information for Plaintiffs second line of inquiry.

**(b)(7)(E)-4      Specific Law Enforcement Technique Utilized to Conduct National Security
Investigations**

(202)   In category (b)(7)(E)-4, the FBI protected information pertaining to sensitive law

enforcement methods the FBI uses to obtain and analyze valuable intelligence information in

current and prospective criminal, counterintelligence, and national security investigations.  In

this instance (*See* Bates pages Stein 328-329) the Deputy Director of the National

Counterterrorism Center (NCTC) was preparing a talking points presentation to use with the

Presidential candidates, and was seeking other intelligence agencies' assistance by adding

additional talking points as necessary.  Revealing the specific details of how these techniques are

employed, in what situations they are most effective, the types of targets against which these

techniques are employed, and the nature of the information that can be gleaned via the uses of

these techniques would be extremely detrimental to the FBI's ability to effective utilize these

techniques.  Release of this information would allow criminals and those who threaten the

national security of the United States the ability to develop countermeasure to circumvent the

ability of law enforcement officials to use this technique, rendering it useless to the FBI.  This

information is not publicly known.  Disclosure would undoubtedly compromise a crucial means

of collecting intelligence information and severely hamper the FBI's law enforcement efforts to

detect and apprehend individuals who seek to violate the United States' criminal and national

security laws; therefore, this information has been withheld from disclosure pursuant to

Exemption (b)(7)(E).

## CONSULTATIONS WITH OTHER GOVERNMENT AGENCIES ("OGAS")

(203)   There are several processes by which agencies coordinate with one another about the disposition of shared information that is responsive to FOIA requests.  Consultations are the process used when another agency's information is located in FBI records.  With consultations, the FBI asks the other agency how it would like its information in FBI records to be handled. The FBI then responds to the requester about the disposition of the information.  Referrals are the process used when another agency's records are located within FBI files.  With referrals, the FBI sends the record back to the agency from which it originated, and that agency decides the disposition of the record and responds directly to the requester.  *See* "Referrals, Consultations, and Coordination:  Procedures for Processing Records When Another Agency or Entity Has an Interest in Them," DOJ Office of Information Policy Guidance, http://www.justice.gov/OIP/ blog/foia-guidance-13.

(204)   The FBI located OGA equities within the FBI records and consulted with them concerning their information.  Any withholdings by OGAs, in this instance CIA and ODNI, will be justified by those agencies in their respective declarations. *See* the attached *Vaughn* Index at Exhibit PPPP for CIA consultations (Bates pages Stein 17-18, 130, 171-174, 218, 233, and 328-329), and ODNI consultations (Bates pages Stein 1-2, and 330-331) will be justified by those agencies in their respective declarations.

## SUMMARY OF RECORDS PROCESSED FOR PLAINTIFFS SECOND LINE OF INQUIRY

(205)   In summary, in response to Plaintiff's second line of FOIA inquiry, the FBI processed 333 pages of which, 149 pages were RIP, 95 pages were RIF, and 89 pages were WIF. Of the 89 pages WIF, 77 pages were WIF as duplicates of previous processed pages, and 12 pages were WIF pursuant to FOIA Exemptions.  Each of these categories is discussed below to

further address segregability.

(a) Pages RIF. Following the segregability review, the FBI determined 95 pages could be released in full without redaction as there was no foreseeable harm to any interest protected by a FOIA exemption.

(b) Pages RIP. Following the segregability review of the processed records, the FBI determined 149 pages could be released in part with redactions per the identified FOIA Exemptions herein. These pages comprise a mixture of material that could reasonably be segregated for release, material that was withheld as release would trigger foreseeable harm to one or more interests protected by the cited FOIA exemptions on these pages, and information that was inextricably intertwined with such material and therefore could not reasonably be segregated for release.

(c) Pages WIF. Following segregability review of the processed records, the FBI determined 89 pages were required to be withheld in their entirety. Of these 89 pages WIF, 77 pages were withheld as duplicates of previous processed pages. Of the remaining 12 pages, 8 pages were near duplicate draft documents and 4 pages were drafts withdrawn from consideration, exempt in full under Exemption (b)(5), in conjunction with the deliberative process privilege. *See* ¶ 196 (B) and (C), *supra*, for an explanation for these withholds.

## CONCLUSION

(206)   The FBI's searches were reasonably calculated to uncover all records potentially responsive to Plaintiff's FOIA requests. During the processing of Plaintiff's requests, each responsive page was individually examined to identify for release non-exempt information that could be reasonably segregated from exempt information. As demonstrated herein, the only

information withheld by the FBI consists of information that would trigger harm to one or more interests protected by the cited FOIA exemptions. The FBI properly withheld information pursuant to pursuant to FOIA Exemptions 5, 6, 7(C), and 7(E), 5 U.S.C. §§ 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). Any withholdings by other government agencies, in this instance CIA and ODNI, will be justified by those agencies in their respective declarations. The FBI carefully examined the responsive records and determined that the information withheld from Plaintiff, if disclosed, would reveal information that is privileged; would cause a clearly unwarranted invasion of personal privacy; could reasonably be expected to constitute an unwarranted invasion of personal privacy; and would disclose techniques and procedures used for law enforcement investigations, the disclosure of which, could reasonably be expected to risk circumvention of the law. Accordingly, the FBI has released all reasonably segregable, non-exempt information to Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A-PPPP attached hereto are true and correct copies.

Executed this 24 day of July, 2018.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

**EXHIBIT INDEX**

|  |  |
|---|---|
|  | **FOIA Request No.: 1364143-000, Subject: Rex Tillerson** |
| **Exhibit A** | Plaintiff's email request dated December, 10, 2016 |
| **Exhibit B** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit C** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit D** | OIP's determination letter dated January 18, 2017 |
| **Exhibit E** | FBI's release letter with processed record dated September 11, 2017 |
|  | **FOIA Request No.: 1364157-000, Subject: Donald Trump, JR.** |
| **Exhibit F** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit G** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit H** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit I** | OIP's determination letter dated January 25, 2017 |
| **Exhibit J** | FBI's "No Record" determination letter dated August 10, 2017 |
|  | **FOIA Request No.: 1364164-000, Subject: Eric Trump** |
| **Exhibit K** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit L** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit M** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit N** | OIP's determination letter dated January 18, 2017 |
| **Exhibit O** | FBI's "No Record" determination letter dated August 10, 2017 |
|  | **FOIA Request No.: 1364168-000, Subject: Ivanka Trump** |
| **Exhibit P** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit Q** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit R** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit S** | OIP's determination letter dated January 24, 2017 |
| **Exhibit T** | FBI's "No Record" determination letter dated August 10, 2017 |
|  | **FOIA Request No.: 1364176-000, Subject: General David Petraeus** |
| **Exhibit U** | Plaintiff's email request dated December 5, 2016 |

| | |
|---|---|
| **Exhibit V** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit W** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit X** | OIP's determination letter dated January 24, 2017 |
| **Exhibit Y** | FBI's "No Record" determination letter dated August 10, 2017 |
| | **FOIA Request No.: 1364184-000, Subject: Michael Flynn, JR.** |
| **Exhibit Z** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit AA** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit BB** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit CC** | OIP's determination letter dated January 24, 2017 |
| **Exhibit DD** | FBI's "No Record" determination letter dated August 10, 2017 |
| | **FOIA Request No.: 1364185-000, Subject: Pamela Bondi** |
| **Exhibit EE** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit FF** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit GG** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit HH** | OIP's determination letter dated January 25, 2017 |
| **Exhibit II** | FBI's "No Record" determination letter dated August 10, 2017 |
| | **FOIA Request No.: 1364188-000, Subject: Steven Bannon** |
| **Exhibit JJ** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit KK** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit LL** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit MM** | OIP's determination letter dated January 25, 2017 |
| **Exhibit NN** | FBI's release letter with processed record dated October 10, 2017 |
| | **FOIA Request No.: 1364198-000, Subject: Wilbur Ross, JR.** |
| **Exhibit OO** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit PP** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit QQ** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit RR** | OIP's determination letter dated January 25, 2017 |
| **Exhibit SS** | FBI's release letter with processed record dated October 10, 2017 |
| | **FOIA Request No.: 1364208-000, Subject: Rudolph Giuliani** |

| | |
|---|---|
| **Exhibit TT** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit UU** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit VV** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit WW** | OIP's determination letter dated January 25, 2017 |
| **Exhibit XX** | FBI's "No Record" determination letter dated August 10, 2017 |
| | **FOIA Request No.: 1364210-000, Subject: General Michael Flynn** |
| **Exhibit YY** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit ZZ** | Additional email correspondence from Plaintiff dated December 14, 2016 |
| **Exhibit AAA** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit BBB** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit CCC** | OIP's determination letter dated January 24, 2017 |
| **Exhibit DDD** | FBI's "No Record" determination letter dated September 11, 2017 |
| | **FOIA Request No.: 1364211-000, Subject: Betsy DeVos** |
| **Exhibit EEE** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit FFF** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit GGG** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit HHH** | OIP's determination letter dated January 24, 2017 |
| **Exhibit III** | FBI's release letter with processed record dated September 11, 2017 |
| | **FOIA Request No.: 1364214-000, Subject: General James Mattis** |
| **Exhibit JJJ** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit KKK** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit LLL** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |
| **Exhibit MMM** | OIP's determination letter dated January 24, 2017 |
| **Exhibit NNN** | FBI's release letter with processed record dated September 11, 2017 |
| | **FOIA Request No.: 1364216-000, Subject: Jared Kushner** |
| **Exhibit OOO** | Plaintiff's email request dated December 5, 2016 |
| **Exhibit PPP** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 5, 2017 |
| **Exhibit QQQ** | Plaintiff's administrative appeal letter to OIP dated January 12, 2017 |

| | |
|---|---|
| **Exhibit RRR** | OIP's determination letter dated January 18, 2017 |
| **Exhibit SSS** | FBI's release letter with processed record dated October 10, 2017 |
| | **FOIA Request No.: 1364591-000, Subject: Carly Fiorina** |
| **Exhibit TTT** | Plaintiff's email request dated December 14, 2016 |
| **Exhibit UUU** | FBI's "Unperfected Third-Party FOIA Request Response Letter" dated January 11, 2017 |
| **Exhibit VVV** | Plaintiff's administrative appeal letter to OIP dated January 14, 2017 |
| **Exhibit WWW** | OIP's determination letter dated January 30, 2017 |
| **Exhibit XXX** | FBI's "No Record" determination letter dated August 10, 2017 |
| | **FOIA Request No.: 1350531-000, Subject: Donald Trump National Security Briefings due to his Presidential candidacy** |
| **Exhibit YYY** | Plaintiff's email request dated May 5, 2016 |
| **Exhibit ZZZ** | Additional email correspondence from Plaintiff dated later the same day May 5, 2016 |
| **Exhibit AAAA** | FBI acknowledged receipt of Plaintiff's request by letter dated May 18, 2016 |
| **Exhibit BBBB** | FBI denied Plaintiff's expedited processing request by letter dated May 18, 2016 |
| **Exhibit CCCC** | FBI's "No Record" determination letter dated June 6, 2016 |
| | **FOIA Request No.: 1350531-001, Subject: Donald Trump National Security Briefings due to his Presidential candidacy** |
| **Exhibit DDDD** | Plaintiff's email request dated July 22, 2016 |
| **Exhibit EEEE** | FBI acknowledged receipt of Plaintiff's request by letter dated August 11, 2016 |
| **Exhibit FFFF** | FBI denied Plaintiff's expedited processing request by letter dated May 18, 2016 |
| **Exhibit GGGG** | FBI's release letter dated October 5, 2016, explaining 2 pages responsive to Plaintiff's request were withheld full pursuant to exemptions |
| **Exhibit HHHH** | Plaintiff's administrative appeal letter to OIP dated January 27, 2017 |
| **Exhibit IIII** | OIP's determination letter dated February 15, 2017 |
| | **FOIA Request No.: 1350531-002, Subject: Donald Trump National Security Briefings due to his Presidential candidacy** |
| **Exhibit JJJJ** | Plaintiff's email request dated January 27, 2017 |
| **Exhibit KKKK** | FBI acknowledged receipt of Plaintiff's request by letter dated February 16, 2017 |

4

| | |
|---|---|
| **Exhibit LLLL** | Additional email correspondence from Plaintiff dated later the same day February 28, 2017 |
| **Exhibit MMMM** | FBI's release letter with processed record dated July 10, 2017 |
| **Exhibit NNNN** | FBI's release letter with processed record dated August 10, 2017 |
| **Exhibit OOOO** | FBI's release letter dated June 15, 2018 provided Plaintiff a *Vaughn* coded copy of the full production |
| **Exhibit PPPP** | FBI's *Vaughn* Index |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                              )
                                           )
         Plaintiff,                        )
                                           )
              v.                           )        Civil Action No. 1: 17-cv-00189-TSC
                                           )
CENTRAL INTELLIGENCE                       )
AGENCY, et al                              )
                                           )
         Defendants                        )

# **<u>Exhibit A</u>**

**Ramsey, Leanna (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Saturday, December 10, 2016 3:28 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Rex Tillerson, President-elect Trump's potential nominee to be Secretary of State, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Tillerson has extensive ties to foreign governments (http://thehill.com/homenews/administration/309813-trump-picks-exxon-ceo-tillerson-for-secretary-of-state-report), which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Tillerson despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the

processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.


Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908


---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN )
 )
 )
 Plaintiff, )
 )
 v. ) Civil Action No. 1: 17-cv-00189-TSC
 )
CENTRAL INTELLIGENCE )
AGENCY, et al )
 )
 Defendants )
 )

# **<u>Exhibit B</u>**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364143-000
Subject:  All Records Regarding Rex
Tillerson's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).  In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**<u>www.fbi.gov</u>**

7/18/16

### EXPLANATION OF EXEMPTIONS

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S Department of Justice

Certification of Identity

FORM APPROVED OMB NO. 1103-0016
EXPIRES 05/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **<u>Exhibit C</u>**

**Appeal Details**                                    Status : Closed   Due Date : 02/13/2017
**Request Type :** *FOIA*                                                            ☼ 5

Submitted    Evaluation    Assignment    Processing    Closed

## Appeal Details

|  |  |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security | Last Assigned Date : 01/17/2017 |
| Counselors | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

|  |  |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |
|---|---|---|---|---|---|

## Appeal Handling

|  |  |
|---|---|
| Requester Info Available to No | Appeal Received : Yes |
| the Public : | Received Date : 01/13/2017 |
| Appeal Track : Simple | Acknowledgement Sent Date: |
| Fee Category : N/A | Litigation : No |
| Based on Fee Waiver : ☐ | |
| Based on Expedited ☐ | |
| Processing : | |
| Expedited Processing Yes | |
| Requested : | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified? No | 0/2000 |

## Additional Information

Source Request Tracking 1364143-000
Number :
Expedited Type : Type 2
Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   Civil Action No. 1: 17-cv-00189-TSC |
|  | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
|  | ) |
| Defendants | ) |

# **Exhibit D**



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 18, 2017**

Re:   Appeal Nos. DOJ-AP-2017-001659,
DOJ-AP-2017-001663, & DOJ-AP-
2017-001681
Request Nos. 1364143, 1364164, &
1364216
SRO:DRC

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD  20853
kel@nationalsecuritylaw.org

**VIA: FOIAonline**

Dear Mr. McClanahan:

You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau of Investigation on your client's Freedom of Information Act requests for access to records concerning investigations regarding suitability for access to classified information for (1) Rex Tillerson, (2) Eric Trump, and (3) Jared Kushner.

After carefully considering your appeal, I am affirming the FBI's action on your client's requests.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(6), (7)(C).  Further, it is reasonably foreseeable that releasing any non-public records, to the extent such records exist, would harm the interests protected by these exemptions.  Because any non-public records responsive to your request would be categorically exempt from disclosure, the FBI properly asserted these exemptions and was not required to conduct a search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding agency's refusal to conduct a search for law enforcement records pertaining to named third parties because such records are categorically exempt from disclosure in the absence of an overriding public interest).

I note that you requested expedited treatment of your appeals.  Because I am closing your underlying appeals, your requests for expedited treatment of these appeals are moot.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to

- 2 -

your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# Exhibit E



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 11, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364214-000
Subject: All Records Regarding Rex Tillerson's
Access to Classified Information (July 1, 2016 – June
2, 2017)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.  Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.  In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions.

| | **Section 552** | | | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | | ☐ (k)(6) |
| ☑ (b)(6) | | | ☐ (k)(7) |

3 pages were reviewed and 3 pages are being released.

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

  ☐   This information has been referred to the OGA(s) for review and direct response to you.
  ☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☑

   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Investigative packet
Foreign contacts and travel information
Court cases information
Candidate interview instructions

Results of all verifications and records checks
Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information
- Fair credit reporting disclosure and authorization

Records checks
- Department of Justice Public Integrity Section
- National Agency Check
- National Crime Information Center
- Criminal Justice Information Services
- Law enforcement/Arrests check
- Department of Motor Vehicles
- US Attorney Office
- White House Office of the Executive Clerk
- US Secret Service
- State Department
- Central Intelligence Agency
- Office of Personnel Management
- Defense Clearance and Investigations Index
- Federal Bureau of Investigation Headquarters
- Financial Industry Regulatory Authority
- Divorce records
- Federal Trade Commission
- Environmental Protection Agency

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

FD-1057 (Rev. 5-8-10)



UNCLASSIFIED

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Required Information for      **Date:** 12/23/2016
Investigation.

**From:** SECURITY
       DJ-SIGBIU
       **Contact:**

**Approved By:**                                          **b6**
                                                **b7C**

**Drafted By:**

**Case ID #:** 161A-HQ-2115681    (U) Rex Wayne Tillerson

**Synopsis:** (U) Initiation of a Level I EXPEDITE full-field background
investigation (BI) on captioned candidate.

                                                    **b7E**

**Administrative Notes:** (U) BUDED is 12/30/2017 and MUST BE MET. Direct
results/questions to PSS [          ] Advise the SIGBIU PSS and   **b6**
appropriate other offices of any derogatory information. Set developed   **b7C**
leads immediately and reference this serial for other field offices
when setting leads. SIGBIU facsimile numbers are (202) 651-2956, (202)
651-2971, (202) 651-2973 and (202) 651-2974.

**Enclosure(s):** Enclosed are the following items:
1. (U) SF-86
2. (U) Candidate Interview Packet
3. (U) Investigative Packet
4. (U)                                         **b7E**

**Details:**

The Bureau has been requested by the White House to conduct a Level I
BI on Rex Wayne Tillerson; DOB: [       ] POB: [          ]   **b6**
SSN: [          ] who is being considered for a Presidential   **b7C**

UNCLASSIFIED

UNCLASSIFIED

Title: (U) Required Information for Investigation.
Re: 161A-HQ-2115681, 12/23/2016

Appointment to be Secretary of State, requiring Senate confirmation.
The scope of the investigation and questions asked during the candidate
interview are to cover since his 18th birthday.

Field Office reporting instructions:

Candidate interviews, derogatory interviews, T-symbol interviews, and
interviews where confidentiality is requested should all be reported in
Sentinel using the FD-302.

Indices and/or T-symbol identity information should be reported in a
separate, Administrative FD-1057.

All other investigative results should be reported in Sentinel using
the FD-1057.

Use the Candidate Interview Guidelines (attached to opening EC) when
conducting a candidate interview, also refer to lead for any additional
questions that need to be asked.

Refer to Investigative Guidelines (attached to opening EC) for
additional information concerning leads that have been assigned to your
office.

Enclosures (case agent notes) should not be attached to FD-1057's

UNCLASSIFIED

2

Stein-339

UNCLASSIFIED

Title: (U) Required Information for Investigation.
Re: 161A-HQ-2115681, 12/23/2016

containing investigative results; however they can be scanned and imported separately into Sentinel or attached to an Administrative FD-1057.

Read and Clear leads should not be set.

Every person interviewed must be advised of two provisions: the candidate has the right to request a copy of their background results; and they have the right to have their identity protected. After interviewee is advised of the Privacy Act, please ensure that the below statement is included in your EC in the Administrative section: "All persons interviewed were furnished the appropriate provisions of the Privacy Act. Express promises of confidentiality have not been granted." If confidentiality has been granted please refer to SIGBU's Policy Manuel located on our website for information on what levels of confidentiality can be granted and how to report.

Reports completed by the Field Office are often disseminated to SIGBIU's clients; therefore documents should be reviewed thoroughly before being serialized into Sentinel to ensure that they are complete and accurate. Please contact the PSS if additional guidance is needed.

◆◆

UNCLASSIFIED

Stein-340

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN<br><br>    Plaintiff,<br><br>       v.<br><br>CENTRAL INTELLIGENCE<br>AGENCY, et al<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1: 17-cv-00189-TSC

# **<u>Exhibit F</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:25 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; CIA FOIA fax; DNI-FOIA; fisfoiparequests@opm.gov; 15713720500@nextivafax.com |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Donald Trump, Jr., President-elect Trump's son and Transition Team Executive Committee member, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Trump despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 17-cv-00189-TSC |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, et al ) | |
| ) | |
| Defendants ) | |

# **<u>Exhibit G</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364157-000
Subject:   All Records Regarding Donald
Trump, Jr.'s Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

**U.S Department of Justice**



**Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 02/13/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____ Date _____

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **Exhibit H**

**Appeal Details**
**Request Type :** FOIA

Status : *Closed*   **Due Date :** *02/13/2017*
5

Submitted  Evaluation  Assignment  Processing  Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr.  Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

**Submission Details** | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date: |
| Based on Fee Waiver : ☐ | Litigation : No |
| Based on Expedited Processing : ☐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| | | |
|---|---|---|
| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type :  Type 2

Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **<u>Exhibit I</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 25, 2017**

Kel McClanahan, Esq.                                    Re:     Appeal No. DOJ-AP-2017-001662
4702 Levada Terrace                                              Request No. 1364157-000
Rockville, MD 20853                                              SRO:RCS
kel@nationalsecuritylaw.org

**VIA: Email**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act request for access to records
concerning Donald Trump, Jr.'s access to classified information from July 1, 2016 to present.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
request. The FOIA provides for disclosure of many agency records. At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities. To the extent that non-public responsive records exist, without consent, proof of
death, or an overriding public interest, disclosure of such law enforcement records concerning
this individual could reasonably be expected to constitute an unwarranted invasion of personal
privacy, and would constitute a clearly unwarranted invasion of personal privacy. See 5 U.S.C.
§ 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public records, to
the extent such records exist, would harm the interests protected by these exemptions. Because
any non-public records responsive to your client's request would be categorically exempt from
disclosure, the FBI properly asserted these exemptions and was not required to conduct a search
for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding
pursuant to Exemption 7(C) agency's refusal to conduct a search for law enforcement records
pertaining to named third parties because such records are categorically exempt from disclosure
in the absence of an overriding public interest).

        I note that you requested expedited treatment of your appeal. Because I am adjudicating
your underlying appeal, your request for expedited treatment of this appeal is moot.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your client's underlying request, and the action of the FBI in response to
your client's request. If you have any questions regarding the action this Office has taken on
your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically,
you may speak with the undersigned agency official by calling (202) 514-3642.

- 2 -

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **Exhibit J**



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364157-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Donald
Trump Jr.'s Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S.C. § 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                         )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        Civil Action No. 1: 17-cv-00189-TSC
                                      )
CENTRAL INTELLIGENCE                  )
AGENCY, et al                         )
                                      )
        Defendants                    )
                                      )

# **Exhibit K**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:28 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Eric Trump, President-elect Trump's son and Transition Team Executive Committee member, for access to classified information.** *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Trump despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# **<u>Exhibit L</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364164-000
Subject:  All Records Regarding Eric
Trump's Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov. You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**<u>www.fbi.gov</u>**

7/18/16

### EXPLANATION OF EXEMPTIONS

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S. Department of Justice

Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

---

[1]  Name of individual who is the subject of the record(s) sought.

[2]  Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3]  Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4]  Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTRAL INTELLIGENCE )<br>AGENCY, et al )<br><br>Defendants ) | Civil Action No. 1: 17-cv-00189-TSC |

# **Exhibit M**

**Appeal Details**                                                    Status : *Closed*   **Due Date :** *02/13/2017*
**Request Type :** *FOIA*                                                                                    ⏱ **5**

   

Submitted        Evaluation        Assignment        Processing        Closed

---

## Appeal Details

Tracking Number : DOJ-AP-2017-001659            Submitted Date : 01/12/2017
Requester : Mr. Kel McClanahan               Received Date : 01/13/2017
Organization : National Security          Last Assigned Date : 01/17/2017
Counselors                           Appeal Track : Simple
Requester Has Account : Yes                         Due Date : 02/13/2017
Created on behalf of : Jeff Stein              Assigned To : Daniel Castellano (Appeals)
Email Address : kel@nationalsecuritylaw.org   Last Assigned By : Matthew Hurd (Appeals)
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

---

## Request Details

Tracking Number : 1364143-000                  Request Phase : Submitted
Requester : Jeff Stein                  Request Track : Simple
Date Submitted : 01/12/2017              Final Disposition :
Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

---

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |
|---|---|---|---|---|---|

## Appeal Handling

Requester Info Available to : No                  Appeal Received : Yes
the Public :                            Received Date : 01/13/2017
Appeal Track : Simple          Acknowledgement Sent Date :
Fee Category : N/A                       Litigation : No
Based on Fee Waiver : ⊓
Based on Expedited ⊓
Processing :
Expedited Processing Yes
Requested :
Expedited Processing Status :

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified? No | 0/2000 |

## Additional Information

Source Request Tracking 1364143-000
Number :

Expedited Type : Type 2

Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

# **<u>Exhibit N</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 18, 2017**

Re:    Appeal Nos. DOJ-AP-2017-001659,
          DOJ-AP-2017-001663, & DOJ-AP-
          2017-001681
Kel McClanahan, Esq.               Request Nos. 1364143, 1364164, &
4702 Levada Terrace               1364216
Rockville, MD 20853               SRO:DRC
kel@nationalsecuritylaw.org

**VIA: FOIAonline**

Dear Mr. McClanahan:

      You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Rex
Tillerson, (2) Eric Trump, and (3) Jared Kushner.

      After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your request would be categorically exempt from
disclosure, the FBI properly asserted these exemptions and was not required to conduct a search
for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding
agency's refusal to conduct a search for law enforcement records pertaining to named third
parties because such records are categorically exempt from disclosure in the absence of an
overriding public interest).

      I note that you requested expedited treatment of your appeals. Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

      Please be advised that this Office's decision was made only after a full review of this
matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeals, your client's underlying requests, and the action of the FBI in response to

- 2 -

your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
           v.                          )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit O</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364164-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Eric Trump's
Access to Classified Information (July 1,
2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                           )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )        Civil Action No. 1: 17-cv-00189-TSC
                                        )
CENTRAL INTELLIGENCE                    )
AGENCY, et al                           )
                                        )
        Defendants                      )
                                        )

# **<u>Exhibit P</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:28 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate (or authorize (or discussions about potentially investigating or authorizing) Ivanka Trump, President-elect Trump's daughter and Transition Team Executive Committee member, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Ms. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting her access to information classified in the interest of national security. If the Government is considering granting such access to Ms. Trump despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                              )
                                           )
          Plaintiff,                       )
                                           )
               v.                          )      Civil Action No. 1: 17-cv-00189-TSC
                                           )
CENTRAL INTELLIGENCE                       )
AGENCY, et al                              )
                                           )
          Defendants                       )

# **Exhibit Q**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364168-000
Subject:  All Records Regarding Ivanka
Trump's Access to Classified Information
(July 1, 2016 - present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 06/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____  Social Security Number [3] _____

Current Address _____

Date of Birth _____  Place of Birth _____

Signature [4] _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____  Date _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTRAL INTELLIGENCE )<br>AGENCY, et al )<br><br>Defendants ) | Civil Action No. 1: 17-cv-00189-TSC |

# **Exhibit R**

**Appeal Details**                                                              Status : *Closed*   **Due Date :** *02/13/2017*
**Request Type :** *FOIA*                                                                                              ⏱ 5

   

Submitted      Evaluation      Assignment      Processing      Closed

┌─ **Appeal Details** ──────────────────────────────────────────────────────────
|
|            Tracking Number : DOJ-AP-2017-001659                  Submitted Date : 01/12/2017
|                 Requester : Mr. Kel McClanahan                   Received Date : 01/13/2017
|              Organization : National Security              Last Assigned Date : 01/17/2017
|                            Counselors                             Appeal Track : Simple
| Requester Has Account : Yes                                           Due Date : 02/13/2017
|     Created on behalf of : Jeff Stein                             Assigned To : Daniel Castellano (Appeals)
|            Email Address : kel@nationalsecuritylaw.org      Last Assigned By : Matthew Hurd (Appeals)
|            Phone Number : 301-728-5908
|               Fax Number : 240-681-2189
|                    Address : 4702 Levada Terrace
|                        City : Rockville
|            State/Province : MD
| Zip Code/Postal Code : 20853
|

┌─ **Request Details** ─────────────────────────────────────────────────────────
|
|            Tracking Number : 1364143-000                       Request Phase : Submitted
|                 Requester : Jeff Stein                         Request Track : Simple
|          Date Submitted : 01/12/2017                          Final Disposition :
| Request Description :                                                                              🖋
| On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-
| 000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000,
| 1364210-000, 1364211-000, 1364214-000, and 1364216-000.
|

┌ Submission Details │ Case File │ Admin Cost │ Assigned Tasks │ Comments (2) │ Review ┐

┌─ **Appeal Handling** ─────────────────────────────────────────────────────────
|
| Requester Info Available to  No                               Appeal Received : Yes
|            the Public :                                        Received Date : 01/13/2017
|              Appeal Track : Simple               Acknowledgement Sent Date :
|              Fee Category : N/A                               Litigation : No
|     Based on Fee Waiver : ▢
|   Based on Expedited  ▢
|              Processing :
|   Expedited Processing  Yes
|            Requested :
| Expedited Processing Status :
|

┌─ **Basis for Appeal** ────────────────────────────────────────────────────────
|
|            Short Description : N/A
| FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters
| clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs
| personal privacy" and direct the requester to send that information in or else the "request will be closed," but each
| request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not
| even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
| --- | --- | --- |

## Additional Information

Source Request Tracking  1364143-000
Number :
Expedited Type :  Type 2
Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
                                    )
JEFFREY STEIN                       )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )     Civil Action No. 1: 17-cv-00189-TSC
                                    )
CENTRAL INTELLIGENCE                )
AGENCY, et al                       )
                                    )
        Defendants                  )
_____ )

# **<u>Exhibit S</u>**



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

Re:     Appeal Nos. DOJ-AP-2017-001664,
          DOJ-AP-2017-001675, DOJ-AP-
          2017-001676, & DOJ-AP-2017-
Kel McClanahan, Esq.                              001679
4702 Levada Terrace                               Request Nos. 1364168, 1364210,
Rockville, MD 20853                               1364211, & 1364214
kel@nationalsecuritylaw.org                       SRO:JNW

**VIA: Email**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Ivanka
Trump, (2) Gen. Michael Flynn, (3) Betsy DeVos, and (4) Gen. James Mattis.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of such law enforcement records
concerning these individuals could reasonably be expected to constitute an unwarranted invasion
of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.
See 5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-
public records, to the extent such records exist, would harm the interests protected by these
exemptions. Because any non-public records responsive to your request would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

        I note that you requested expedited treatment of your appeals. Because this letter
adjudicates your underlying appeals, your requests for expedited treatment of these appeals are
moot.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

SEAN
X O'NEILL

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
001143505
Date: 2017.01.24 15:13:20 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JEFFREY STEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 17-cv-00189-TSC |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, et al ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

# **Exhibit T**



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364168-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Ivanka
Trump's Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit U</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:46 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Gen. David Petraeus, President-elect Trump's potential nominee to be Secretary of State or Director of National Intelligence, for access to classified information.** *You may use the date of your first substantive search as a general cut-off date for this request, but if you find previous responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Gen. Petraeus pled guilty to mishandling classified information and resigned from the CIA after sharing classified operational information with his biographer, which would preclude granting him access to information classified in the interest of national security in any ordinary circumstances. If the Government is considering granting such access to Gen. Petraeus despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

1

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) |
| Defendants | ) |

# **Exhibit V**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364176-000
Subject:  All Records Regarding General
David Petraeus's Access to Classified
Information
(July 1, 2013 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  The FBI recognizes an important privacy interest in the requested information.  You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).  In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

<u>Express authorization and consent</u>.  If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.  You may make additional copies of this form if you are requesting information on more than one individual.  The subject of your request should complete this form and then sign it.  Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.  The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

<u>Proof of death</u>.  If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

<u>Public Interest Disclosure</u>.  If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.  In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.  You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  <u>See</u> 5 U.S.C. § 552(c).  As such, this response is limited to those records, if any exist, that are subject to the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S. Department of Justice

**Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] |_____|   Date _____



---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )

# **<u>Exhibit W</u>**

**Appeal Details**
**Request Type :** *FOIA*

**Status :** *Closed*   **Due Date :** *02/13/2017*
🕐 5

  

| Submitted | Evaluation | Assignment | Processing | Closed |

## Appeal Details

Tracking Number : DOJ-AP-2017-001659
Requester : Mr. Kel McClanahan
Organization : National Security
Counselors
Requester Has Account : Yes
Created on behalf of : Jeff Stein
Email Address : kel@nationalsecuritylaw.org
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

Submitted Date : 01/12/2017
Received Date : 01/13/2017
Last Assigned Date : 01/17/2017
Appeal Track : Simple
Due Date : 02/13/2017
Assigned To : Daniel Castellano (Appeals)
Last Assigned By : Matthew Hurd (Appeals)

## Request Details

Tracking Number : 1364143-000
Requester : Jeff Stein
Date Submitted : 01/12/2017

Request Phase : Submitted
Request Track : Simple
Final Disposition :

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

Requester Info Available to No
the Public :
Appeal Track : Simple
Fee Category : N/A
Based on Fee Waiver : ☐
Based on Expedited ☐
Processing :
Expedited Processing Yes
Requested :
Expedited Processing Status :

Appeal Received : Yes
Received Date : 01/13/2017
Acknowledgement Sent Date:
Litigation : No

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
|---|---|---|

## Additional Information

| | |
|---|---|
| Source Request Tracking Number : | 1364143-000 |
| Expedited Type : | Type 2 |
| Sub-Office : | Federal Bureau of Investigation |

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# **Exhibit X**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

Kel McClanahan, Esq.                        Re:     Appeal Nos. DOJ-AP-2017-001665
4702 Levada Terrace                                      & DOJ-AP-2017-001666
Rockville, MD 20853                                      Request Nos. 1364176 & 1364184
kel@nationalsecuritylaw.org                           SRO:JKF

**VIA: Email**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning "steps taken to investigate or authorize" access to classified information for (1) David
Petraeus and (2) Michael Flynn, Jr.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your request would be categorically exempt from
disclosure, the FBI properly asserted these exemptions and was not required to conduct a search
for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding
pursuant to Exemption 7(C) agency's refusal to conduct a search for law enforcement records
pertaining to named third parties because such records are categorically exempt from disclosure
in the absence of an overriding public interest).[1]

        I note that you requested expedited treatment of your appeals. Because I am adjudicating
your underlying appeals, your requests for expedited treatment of these appeals are moot.

---

[1] I further note that it does not appear that either of these individuals have been nominated for a position in the
Trump administration of as this writing.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

**SEAN XO'NEILL**

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
001143505
Date: 2017.01.24 15:50:43 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit Y</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364176-000
Litigation No: 17-cv-00189
Subject: All Records Regarding David
Petraeus' Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE<br>AGENCY, et al<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 1: 17-cv-00189-TSC<br>)<br>)<br>)<br>)<br>)<br>) |

# **Exhibit Z**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:46 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Michael Flynn, Jr., President-elect Trump's Transition Team member and son and chief of staff of his National Security Advisor, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Flynn has repeatedly disseminated false conspiracy theories (http://www.cnn.com/2016/11/17/politics/kfile-michael-flynn-social-media/), which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Flynn despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

1

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **<u>Exhibit AA</u>**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364184-000
Subject:  All Records Regarding Michael
Flynn Jr.'s Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  The FBI recognizes an important privacy interest in the requested information.  You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).  In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.  You may make additional copies of this form if you are requesting information on more than one individual.  The subject of your request should complete this form and then sign it.  Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.  The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source.  Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c).  As such, this response is limited to those records, if any exist, that are subject to the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home .  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**<u>www.fbi.gov</u>**

7/18/16

### EXPLANATION OF EXEMPTIONS

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

_____

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                                    )
                                                 )
          Plaintiff,                             )
                                                 )
               v.                                )      Civil Action No. 1: 17-cv-00189-TSC
                                                 )
CENTRAL INTELLIGENCE                             )
AGENCY, et al                                    )
                                                 )
          Defendants                             )
                                                 )

# **<u>Exhibit BB</u>**

**Appeal Details**                                        Status : *Closed*   Due Date : *02/13/2017*
**Request Type :** *FOIA*                                                                          🕐 5

Submitted — Evaluation — Assignment — Processing — Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date : |
| Based on Fee Waiver : ⌐ | Litigation : No |
| Based on Expedited Processing : ⌐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type :  Type 2

Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                                    )
                                                 )
            Plaintiff,                           )
                                                 )
                  v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                                 )
CENTRAL INTELLIGENCE                             )
AGENCY, et al                                    )
                                                 )
            Defendants                           )

# **Exhibit CC**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

Kel McClanahan, Esq.                       Re:   Appeal Nos. DOJ-AP-2017-001665
4702 Levada Terrace                              & DOJ-AP-2017-001666
Rockville, MD  20853                             Request Nos. 1364176 & 1364184
kel@nationalsecuritylaw.org                      SRO:JKF

**VIA: Email**

Dear Mr. McClanahan:

    You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning "steps taken to investigate or authorize" access to classified information for (1) David
Petraeus and (2) Michael Flynn, Jr.

    After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your request would be categorically exempt from
disclosure, the FBI properly asserted these exemptions and was not required to conduct a search
for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding
pursuant to Exemption 7(C) agency's refusal to conduct a search for law enforcement records
pertaining to named third parties because such records are categorically exempt from disclosure
in the absence of an overriding public interest).[1]

    I note that you requested expedited treatment of your appeals. Because I am adjudicating
your underlying appeals, your requests for expedited treatment of these appeals are moot.

---

[1] I further note that it does not appear that either of these individuals have been nominated for a position in the
Trump administration of as this writing.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

SEAN XO'NEILL

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
001143505
Date: 2017.01.24 15:50:43 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTRAL INTELLIGENCE )<br>AGENCY, et al )<br><br>Defendants ) | Civil Action No. 1: 17-cv-00189-TSC |

# **Exhibit DD**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364184-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Michael
Flynn Jr.'s Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA.   If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                              )
                                           )
            Plaintiff,                     )
                                           )
                v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                           )
CENTRAL INTELLIGENCE                       )
AGENCY, et al                              )
                                           )
            Defendants                     )

# **<u>Exhibit EE</u>**

## Sobonya, David P. (RMD) (FBI)

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:45 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Pamela Bondi, President-elect Trump's Transition Team Executive Committee member, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Ms. Bondi received $25,000 as a campaign contribution from the Trump Foundation while her office was considering filing a lawsuit over Trump University (http://www.nytimes.com/2016/09/15/us/politics/pam-bondi-donald-trump-foundation.html), a major conflict of interest which would raise serious concerns about granting her access to information classified in the interest of national security. If the Government is considering granting such access to Ms. Bondi despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# **<u>Exhibit FF</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364185-000
Subject:  All Records Regarding Pamela
Bondi's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S Department of Justice

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____ Date _____

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )          Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit GG</u>**

**Appeal Details**
**Request Type :** *FOIA*

**Status :** *Closed*  **Due Date :** *02/13/2017*
🕐 5

  

| Submitted | Evaluation | Assignment | Processing | Closed |

---

## Appeal Details

Tracking Number : DOJ-AP-2017-001659
Requester : Mr. Kel McClanahan
Organization : National Security Counselors
Requester Has Account : Yes
Created on behalf of : Jeff Stein
Email Address : kel@nationalsecuritylaw.org
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

Submitted Date : 01/12/2017
Received Date : 01/13/2017
Last Assigned Date : 01/17/2017
Appeal Track : Simple
Due Date : 02/13/2017
Assigned To : Daniel Castellano (Appeals)
Last Assigned By : Matthew Hurd (Appeals)

---

## Request Details

Tracking Number : 1364143-000
Requester : Jeff Stein
Date Submitted : 01/12/2017

Request Phase : Submitted
Request Track : Simple
Final Disposition :

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

---

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

Requester Info Available to the Public : No
Appeal Track : Simple
Fee Category : N/A
Based on Fee Waiver : ⌐
Based on Expedited Processing : ⌐
Expedited Processing Requested : Yes
Expedited Processing Status :

Appeal Received : Yes
Received Date : 01/13/2017
Acknowledgement Sent Date:
Litigation : No

---

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

Basis Available to the Public : No                    Has Basis Been Modified?  No                    0/2000

## Additional Information

Source Request Tracking  1364143-000
Number :
Expedited Type :  Type 2
Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **<u>Exhibit HH</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

## January 25, 2017

Re:    Appeal Nos. DOJ-AP-2017-001667,
       DOJ-AP-2017-001668, DOJ-AP-
       2017-001669, & DOJ-AP-2017-
       001670
       Request Nos. 1364185, 1364188,
       1364198, & 1364208
       SRO:RCS

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD 20853
kel@nationalsecuritylaw.org

**VIA: Email**

Dear Mr. McClanahan:

    You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Pamela
Bondi, (2) Stephen Bannon, (3) Wilbur Ross, Jr., and (4) Rudolph Giuliani.

    After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your client's requests would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

    I note that you requested expedited treatment of your appeals. Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

    Please be advised that this Office's decision was made only after a full review of this
matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and

- 2 -

analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests.  If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals.  Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____ Sean O'Neill

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )      Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
_____)

# **Exhibit II**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364185-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Pamela
Bondi's Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA.  If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
              v.                       )      Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit JJ</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:29 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Stephen Bannon, President-elect Trump's Chief Strategist and Senior Counselor, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Bannon has been charged with domestic violence (http://www.politico.com/story/2016/08/steve-bannon-domestic-violence-case-police-report-227432) and has demonstrated ties to white supremacist organizations, either of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Bannon despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN )<br><br>Plaintiff, )<br><br>v. )<br><br>CENTRAL INTELLIGENCE )<br>AGENCY, et al )<br><br>Defendants ) | Civil Action No. 1: 17-cv-00189-TSC |

# **<u>Exhibit KK</u>**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364188-000
Subject:  All Records Regarding Stephen
Bannon's Access to Classified Information\
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests.  In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c).  As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S Department of Justice

Certification of Identity

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Print or Type Name**

Signature [4] _____   Date _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
                v.                     )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit LL</u>**

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified? No | 0/2000 |
|---|---|---|

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type :  Type 2

Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **<u>Exhibit MM</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 25, 2017**

Re:     Appeal Nos. DOJ-AP-2017-001667,
        DOJ-AP-2017-001668, DOJ-AP-
        2017-001669, & DOJ-AP-2017-
        001670
        Request Nos. 1364185, 1364188,
        1364198, & 1364208
        SRO:RCS

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD  20853
kel@nationalsecuritylaw.org

**VIA: Email**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Pamela
Bondi, (2) Stephen Bannon, (3) Wilbur Ross, Jr., and (4) Rudolph Giuliani.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
requests.  The FOIA provides for disclosure of many agency records.  At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities.  To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.  See
5 U.S.C. § 552(b)(6), (7)(C).  Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your client's requests would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

        I note that you requested expedited treatment of your appeals.  Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

        Please be advised that this Office's decision was made only after a full review of this
matter.  Your appeals were assigned to an attorney with this Office who thoroughly reviewed and

- 2 -

analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **<u>Exhibit NN</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

                                   FOIPA Request No.: 1364188-000
                                   Subject: All Records Regarding Stephen Bannon's
                                   Access to Classified Information (July 1, 2016 – June
                                   2, 2017)

Dear Mr. McClanahan:

      The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

4 pages were reviewed and 4 pages are being released.

☐    Document(s) were located which originated with, or contained information concerning, other
      Government   Agency (ies) [OGA].

      ☐    This information has been referred to the OGA(s) for review and direct response to you.
      ☐    We are consulting with another agency.   The FBI will correspond with you regarding this information
          when the consultation is completed.

☑    In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act
      exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the
      existence of your subject's name on any watch lists.

      For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

⌐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Candidate interview instructions
Court records

Investigative packet
Results of all verifications and records checks
Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information
- Fair credit reporting disclosure and authorization

Records checks
- National Crime Information Center
- Law enforcement/Arrests check
- Criminal Justice Information Services
- Department of Motor Vehicles
- US Attorney's Office
- White House Office of Administration
- US Secret Service
- Office of Personnel Management
- Defense Clearance and Investigations Index
- Federal Bureau of Investigation Headquarters
- Divorce records
- Better Business Bureau
- Navy

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

161U-HQ-2141801 Serial 6

FD-1036 (Rev. 10-16-2009)

UNCLASSIFIED



# FEDERAL BUREAU OF INVESTIGATION
**Import Form**

**Form Type:** FD-1057                          **Date:**   03/23/2017

**Title:**(U) Required Information for Investigation

**Approved By:** [                              ]                          b6
                                                                           b7C
**Drafted By:** [                            ]

**Case ID #:** 161U-HQ-2141801      (U) Bannon, Stephen Kevin

**Synopsis:**   (U) No synopsis provided

**Enclosure(s):** Enclosed are the following items:
1.   (?) CI
2.   (?) IP
3.   (?) releases
4.   (?) SF86
5.   (?) CREDIT REPORT


◆◆

UNCLASSIFIED

**Stein-344**

Sentinel Working Copy                                                    b7E

**Import Form**                          **UNCLASSIFIED**

**External System ID:**   090006349183000000000006349183

**Document Title:**   (U) Required Information for Investigation

**Form Imported:**   FD-1057

**File:**   (U) blank.txt

**Synopsis:**   (U) No synopsis provided

**Filing and Security**
**Primary Case:**  161U-HQ-2141801          **Case Title:** (U) Bannon, Stephen Kevin                    b7E

**Serial Number:**  6

**Serialized:**  03/23/2017

**Category:**
**Initiated:**  03/07/2017

**Referenced By:**  161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Serial 30      Serial 31      Serial 32      Serial 27
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 1         Lead 2         Lead 3         Lead 4
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 5         Lead 6         Lead 7         Lead 8
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 9         Lead 10        Lead 11        Lead 12
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 13        Lead 14        Lead 15        Lead 16
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 17        Lead 18        Lead 19        Lead 20
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 21        Lead 22        Lead 23        Lead 24
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 25        Lead 26        Lead 27        Lead 28
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 29        Lead 30        Lead 31        Lead 32
            161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801161U-HQ-2141801
            Lead 33        Lead 34        Lead 35        Lead 36
            161U-HQ-2141801
            Lead 37

**Details**
**Raw File Text:**

            This is the Leads Coversheet

**1A/1C Packages**

      **Package 1A2**

      **Summary:**  (U) The Bureau has been requested by the White House to conduct a
            Single Scope Background Investigation (SSBI) of the Candidate,
            Stephen Kevin Bannon , DOB:            , POB:            ,          b6
            SSN            .The scope of the investigation and candidate           b7C
            interview is since 03/2007. BUDED is 5/10/2017 and MUST BE MET.
            Neither the investigative status of a SSBI nor any deadlines are to
            be disclosed to the candidate or any interviewees. Candidates making
            inquiries of the status of their investigation are to be referred to
            the White House. Although occasionally the position is publicly
            known, do not disclose the candidate's position to interviewees.

Stein-345

Sentinel Working Copy

b7E

Field Office reporting instructions: Candidate interviews, derogatory interviews, T-symbol interviews, and interviews where confidentiality is requested should all be reported in Sentinel using the FD-302. T-symbol identity information should be reported in a separate, Administrative FD-1057. All other investigative results should be reported in Sentinel using the FD-1057. Use the Candidate Interview Guidelines (attached to opening EC) when conducting a candidate interview, also refer to lead for any additional questions that need to be asked. Refer to Investigative Guidelines (attached to opening EC) for additional information concerning leads that have been assigned to your office. Enclosures (case agent notes) should not be attached to FD-1057's containing investigative results; however they can be scanned and imported separately into Sentinel or attached to an Administrative FD-1057. Read and Clear leads should not be set. Every person interviewed must be advised of two provisions: the candidate has the right to request a copy of their background results; and they have the right to have their identity protected. After interviewee is advised of the Privacy Act, please ensure that the below statement is included in your EC in the Administrative section: "All persons interviewed were furnished the appropriate provisions of the Privacy Act. Express promises of confidentiality have not been granted." If confidentiality has been granted please refer to SIGBIU's Policy Manual located on our website for information on what levels of confidentiality can be granted and how to report. Reports completed by the Field Office are often disseminated to SIGBIU's clients; therefore documents should be reviewed thoroughly before being serialized into Sentinel to ensure that they are complete and accurate. Please contact the PSS if additional guidance is needed.

Acquired By:

b6
b7C

Acquired On:  03/23/2017
Receipt Given:  No

Attachments:

(UNCLASSIFIED) CI
(U) 161U CI.docx (26 kB)
Digital Record
Show Attachment Preview

(UNCLASSIFIED) IP
(U) 161U IP.docx (29 kB)
Digital Record
Show Attachment Preview

(UNCLASSIFIED) releases
(U) BannonStephenRelFrms_2017_03_07_11_16_42_912.pdf (259 kB)
Digital Record
Show Attachment Preview

(UNCLASSIFIED) SF86
(U) SF86_22324816_Form.pdf (274 kB)
Digital Record
Show Attachment Preview

(UNCLASSIFIED) CREDIT REPORT
(U) BannonStephenCredit_2017_03_07_11_17_44_061.pdf (300 kB)
Digital Record
Show Attachment Preview

Indexing

Stein-346

8/3/2017 11:47 AM

b7E

| Display Name | Enterprise Role | Entity Role | Entity Type | US Person |
|---|---|---|---|---|
| No Entities to display | | | | |

|◄ | ◄ | Page | | of 1 | ► | ►| | ↻ | No data to display |

**Routing**

Drafted by:

Approved by:

b6
b7C

Stein-347

8/3/2017 11:47 AM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

Civil Action No. 1: 17-cv-00189-TSC

# **<u>Exhibit OO</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:45 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Wilbur Ross, Jr., President-elect Trump's current nominee to be Secretary of Commerce, for access to classified information.** *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive. You may limit your search to records created since 1 July 2016.* As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Ross has been linked to the mine collapse in Sago, WV, which occurred after his company failed to correct problems for which it was fined in previous years (http://www.salon.com/2016/11/21/wilbur-ross-jr-rumored-to-be-donald-trumps-choice-for-commerce-secretary-owned-a-mine-where-12-miners-died-in-2006_partner/), which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Ross despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit PP**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364198-000
Subject:   All Records Regarding Wilbur Ross
Jr.'s Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.  You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**<u>www.fbi.gov</u>**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S Department of Justice                **Certification of Identity**              

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

**Public reporting burden** for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

### OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 17-cv-00189-TSC |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, et al ) | |
| ) | |
| Defendants ) | |

# **<u>Exhibit QQ</u>**

**Appeal Details**                                    Status : Closed   Due Date : 02/13/2017
**Request Type :** FOIA                                                        ⏱ 5

      

Submitted    Evaluation    Assignment    Processing    Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |
|---|---|---|---|---|---|

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date: |
| Based on Fee Waiver : ☐ | Litigation : No |
| Based on Expedited Processing : ☐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type : Type 2

Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

JEFFREY STEIN

    Plaintiff,

      v.

CENTRAL INTELLIGENCE
AGENCY, et al

    Defendants

</td><td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)

</td><td>

Civil Action No. 1: 17-cv-00189-TSC

</td></tr>
</table>

# **<u>Exhibit RR</u>**



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 25, 2017**

Re:     Appeal Nos. DOJ-AP-2017-001667,
        DOJ-AP-2017-001668, DOJ-AP-
        2017-001669, & DOJ-AP-2017-
        001670
        Request Nos. 1364185, 1364188,
        1364198, & 1364208
        SRO:RCS

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD  20853
kel@nationalsecuritylaw.org

**VIA: Email**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Pamela
Bondi, (2) Stephen Bannon, (3) Wilbur Ross, Jr., and (4) Rudolph Giuliani.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your client's requests would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

        I note that you requested expedited treatment of your appeals. Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and

- 2 -

analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **Exhibit SS**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364198-000
Subject: All Records Regarding Wilbur Ross Jr.'s
Access to Classified Information (July 1, 2016 – June
2, 2017)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | | ☐ (d)(5) | |
| ☐ (b)(2) | ☐ (b)(7)(B) | | ☐ (j)(2) | |
| ☐ (b)(3) | ☑ (b)(7)(C) | | ☐ (k)(1) | |
| | ☐ (b)(7)(D) | | ☐ (k)(2) | |
| _____ | ☑ (b)(7)(E) | | ☐ (k)(3) | |
| _____ | ☐ (b)(7)(F) | | ☐ (k)(4) | |
| ☐ (b)(4) | ☐ (b)(8) | | ☐ (k)(5) | |
| ☐ (b)(5) | ☐ (b)(9) | | ☐ (k)(6) | |
| ☑ (b)(6) | | | ☐ (k)(7) | |

3 pages were reviewed and 3 pages are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

   ☐ This information has been referred to the OGA(s) for review and direct response to you.
   ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑
   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Investigative packet
Verification of court action
Candidate interview instructions
Results of all verifications and records checks

Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information

Records checks
- Department of Justice Public Integrity Section
- National Agency Check
- National Crime Information Center
- Law enforcement/Arrests check
- Criminal Justice Information Services
- Department of Motor Vehicles
- US Attorney's Office
- White House Office of the Executive Clerk
- US Secret Service
- Central Intelligence Agency
- Office of Personnel Management
- Defense Clearance and Investigations Index
- Federal Bureau of Investigation Headquarters
- State Department
- US Army
- US Securities and Exchange Commission
- Financial Industry Regulatory Authority

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

FD-1057 (Rev. 5-8-10)

UNCLASSIFIED



# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Required Information For Wilbur Louis Ross Jr.          **Date:** 12/20/2016

**From:** SECURITY
  DJ-SIGBIU
  **Contact:**

**Approved By:**                                                                                      b6
                                                                                                      b7C

**Drafted By:**

**Case ID #:** 161A-HQ-2111900      (U) Ross, Wilbur Louis

**Synopsis:** (U) Initiation of a Level I / EXPEDITE /
_____ on captioned candidate using the SF-86.

b7E

**Administrative Notes:** (U) BUDED is 12/29/2016 and MUST BE MET. Neither the investigative status of a BI nor any deadlines are to be disclosed to the candidate or any interviewees. Candidates making inquiries of the status of their investigation are to be referred to the Office of President-Elect. Although occasionally the position is publicly known, do not disclose the position for which the candidate is being considered to interviewees.

Conduct investigation as set forth under the leads section. Field Offices can also refer to the Guide to Conducting and Reporting Special Inquiry and General Background Investigations, 2002, available on the SIGBIU Intranet website. MIOG, Part I, Section 161, and Part II, Section 17, sets forth authority for these investigations. Direct results/questions to PSS [        ] Advise the SIGBIU PSS and     b6
appropriate other offices of any derogatory information. Set developed     b7C
leads immediately and reference this serial for other field offices when setting leads. SIGBIU facsimile number are (202) 651-2956, (202) 651-2971, (202) 651-2973 and (202) 651-2974.

Enclosure(s): Being scanned to each field office with a copy of this opening EC is the candidate's SF-86 and candidate interview and

UNCLASSIFIED

161A-HQ-2111900 Serial 8

**UNCLASSIFIED**

Title:  (U) Required Information For Wilbur Louis Ross Jr.
Re:  161A-HQ-2111900, 12/20/2016


investigative packets. Use and adhere carefully to them as they include
new candidate interview questions and investigative instructions.

**Enclosure(s):** Enclosed are the following items:
1.  (U) Candidate SF-86 Part I
2.  (U) Candidate SF-86 Part II
3.  (U) Candidate Credit Report
4.  (U) Candidate Investigative Packet
5.  (U) Candidate Interview
6.  (U) ChoicePoint Inserts
7.  (U) Residence Insert
8.  (U) Employment Insert
9.  (U) Availability Dates

**Details:**

The Bureau has been requested by the Office of President-elect to
conduct a Level I BI of the candidate, Wilbur Louis Ross, DOB:
[          ] POB: [            ] SSN: [           ] who is being          b6
considered for a Presidential Appointment, requiring Senate            b7C
confirmation. The scope of the investigation and questions asked during
the candidate interview are to cover since his 18th birthday.

**Field Office reporting instructions:**

Enclosures (case agent notes) should not be attached to FD-1057's
containing investigative results; however they can be scanned and
imported separately into Sentinel or attached to an Administrative
FD-1057.

Read and Clear leads should not be set.

Reports completed by the Field Office are often disseminated to
SIGBIU's clients; therefore documents should be reviewed thoroughly
before being serialized into Sentinel to ensure that they are complete
and accurate.  Please contact the PSS if additional guidance is needed.


**UNCLASSIFIED**

2

Stein-349

**UNCLASSIFIED**

Title:   (U) Required Information For Wilbur Louis Ross Jr.
Re:   161A-HQ-2111900, 12/20/2016

♦♦

Stein-350

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit TT**

## Sobonya, David P. (RMD) (FBI)

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:45 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Rudolph Giuliani, President-elect Trump's potential nominee to be Secretary of State, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/olp/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Giuliani has extensive ties to foreign governments and has received money from the MEK while it was a designated terrorist group (http://www.politico.com/story/2016/11/giuliani-foreign-clientele-possible-conflicts-231413), either of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Giuliani despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN              )
                          )
        Plaintiff,        )
                          )
        v.                )        Civil Action No. 1: 17-cv-00189-TSC
                          )
CENTRAL INTELLIGENCE      )
AGENCY, et al             )
                          )
        Defendants        )

# **<u>Exhibit UU</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364208-000
Subject:  All Records Regarding Rudolph
Giuliani's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

**U.S. Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] [_____]   Date _____

---

[1]  Name of individual who is the subject of the record(s) sought.
[2]  Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3]  Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4]  Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **<u>Exhibit VV</u>**

**Appeal Details**
**Request Type :** *FOIA*

**Status :** *Closed*    **Due Date :** *02/13/2017*

⏱ 5

   

| Submitted | Evaluation | Assignment | Processing | Closed |

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date: |
| Based on Fee Waiver : ☐ | Litigation : No |
| Based on Expedited Processing : ☐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
| --- | --- | --- |

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type : Type 2

Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit WW**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 25, 2017**

Re:  Appeal Nos. DOJ-AP-2017-001667,
     DOJ-AP-2017-001668, DOJ-AP-
     2017-001669, & DOJ-AP-2017-
     001670

Kel McClanahan, Esq.
4702 Levada Terrace                       Request Nos. 1364185, 1364188,
Rockville, MD 20853                        1364198, & 1364208
kel@nationalsecuritylaw.org                SRO:RCS

**VIA: Email**

Dear Mr. McClanahan:

    You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Pamela
Bondi, (2) Stephen Bannon, (3) Wilbur Ross, Jr., and (4) Rudolph Giuliani.

    After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your client's requests would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

    I note that you requested expedited treatment of your appeals. Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

    Please be advised that this Office's decision was made only after a full review of this
matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and

- 2 -

analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit XX</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364208-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Rudolph
Giuliani's Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.  You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

# **<u>Exhibit YY</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:44 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Gen. Michael Flynn, President-elect Trump's National Security Advisor, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Gen. Flynn has close ties to the Russian government, has accepted money from allies of Turkish President Erdogan, and was forced to resign from the Defense Intelligence Agency for mismanagement (http://www.foxnews.com/opinion/2016/11/21/trumps-national-security-adviser-pick-raises-serious-questions-about-putins-influence-over-us-policy.html), any one of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Gen. Flynn despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1: 17-cv-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) ) ) | |
| Defendants | ) ) | |

# **Exhibit ZZ**

## Sobonya, David P. (RMD) (FBI)

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Wednesday, December 14, 2016 11:43 PM |
| **To:** | FOIPARequest |
| **Subject:** | Re: New Expedited FOIA request on behalf of Jeff Stein for records about Gen. Flynn |

Please add the following to the argument section of this request regarding the public interest fee waiver and the overriding public interest in disclosure:

Additionally, it was recently reported that Gen. Flynn was found to have inappropriately shared classified information with foreign military officers by a military investigation (https://www.washingtonpost.com/world/national-security/trumps-national-security-adviser-shared-secrets-without-permission-files-show/2016/12/13/72669740-c146-11e6-9578-0054287507db_story.html), which would by itself warrant the denial of a security clearance for most federal employees.

On 12/6/2016 6:46 AM, FOIPARequest wrote:

> Dear Mr. McClanahan,
>
> The FBI has received your Freedom of Information Act/Privacy (FOIPA) request and it will be forwarded to Initial Processing for review.  Your request will be processed under the provisions of FOIPA and a response will be mailed to you at a later date.
>
> Requests for fee waivers and expedited processing will be addressed once your request has been assigned an FOIPA request number. You will receive written notification of the FBI's decision.
>
> Information regarding the Freedom of Information Act/Privacy is available at https://www.fbi.gov/, by clicking on the **SERVICES** link at the top of the homepage and then click on the Freedom of Information Act/Privacy picture, or the direct link is: https://www.fbi.gov/services/records-management/foia, or by accessing the U. S. Department of Justice at https://www.justice.gov/oip. If you require additional assistance please contact us at foipaquestions@ic.fbi.gov.
>
> Thank you,
>
>
>
> **David P. Sobonya**
> **Public Information Officer/GIS**
> **Record/Information Dissemination Section (RIDS)**
> **FBI-Records Management Division**
> **170 Marcel Drive, Winchester, VA  22602-4843**
> **Ofc:  (540) 868-4593**
> **Direct: (540) 868-4286**
> **Fax: (540) 868-4391/4997**
>
>
> **From:** Kel McClanahan, Esq. [mailto:kel@nationalsecuritylaw.org]
> **Sent:** Monday, December 05, 2016 11:25 PM
> **To:** MRUFOIA Requests (JMD) <MRUFOIA.Requests@usdoj.gov>; FOIPARequest <FOIPARequest@ic.fbi.gov>; CIA FOIA fax <17036133007@nextivafax.com>; DNI-FOIA <DNI-

1

DEC 30 2016

FOIA@dni.gov>; fisfoiparequests@opm.gov; 15713720500@nextivafax.com
**Subject:** New Expedited FOIA request

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Donald Trump, Jr., President-elect Trump's son and Transition Team Executive Committee member, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has extensive ties to foreign governments and business interests around the globe, any one of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Trump despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                            )
                                         )
        Plaintiff,                       )
                                         )
            v.                           )        Civil Action No. 1: 17-cv-00189-TSC
                                         )
CENTRAL INTELLIGENCE                     )
AGENCY, et al                            )
                                         )
        Defendants                       )
                                         )

# Exhibit AAA



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364210-000
Subject:  All Records Regarding Michael
Flynn's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

        You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

        You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

        For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

        Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

                                        Sincerely,

                                        David M. Hardy
                                        Section Chief,
                                        Record/Information
                                          Dissemination Section
                                        Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306.   Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/07

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]

Citizenship Status [2] _____  Social Security Number [3] _____

Current Address _____

Date of Birth _____  Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____  Date _____

---

[1]  Name of individual who is the subject of the record(s) sought.

[2]  Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3]  Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4]  Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN )
)
Plaintiff, )
)
v. )          Civil Action No. 1: 17-cv-00189-TSC
)
CENTRAL INTELLIGENCE )
AGENCY, et al )
)
Defendants )

# Exhibit BBB

**Appeal Details**
**Request Type :** FOIA

Status : Closed   Due Date : 02/13/2017
5

    

Submitted    Evaluation    Assignment    Processing    Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

**Submission Details** | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date : |
| Based on Fee Waiver : ☐ | Litigation : No |
| Based on Expedited Processing : ☐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
|---|---|---|

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type : Type 2

Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                      )
                                   )
        Plaintiff,                 )
                                   )
           v.                      )        Civil Action No. 1: 17-cv-00189-TSC
                                   )
CENTRAL INTELLIGENCE               )
AGENCY, et al                      )
                                   )
        Defendants                 )

# **<u>Exhibit CCC</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

Re:    Appeal Nos. DOJ-AP-2017-001664,
       DOJ-AP-2017-001675, DOJ-AP-
       2017-001676, & DOJ-AP-2017-
       001679

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD 20853
kel@nationalsecuritylaw.org

Request Nos. 1364168, 1364210,
1364211, & 1364214
SRO:JNW

**VIA: Email**

Dear Mr. McClanahan:

    You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau of Investigation on your client's Freedom of Information Act requests for access to records concerning investigations regarding suitability for access to classified information for (1) Ivanka Trump, (2) Gen. Michael Flynn, (3) Betsy DeVos, and (4) Gen. James Mattis.

    After carefully considering your appeal, I am affirming the FBI's action on your client's requests.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of such law enforcement records concerning these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(6), (7)(C).  Further, it is reasonably foreseeable that releasing any non-public records, to the extent such records exist, would harm the interests protected by these exemptions.  Because any non-public records responsive to your request would be categorically exempt from disclosure, the FBI properly asserted these exemptions and was not required to conduct a search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law enforcement records pertaining to named third parties because such records are categorically exempt from disclosure in the absence of an overriding public interest).

    I note that you requested expedited treatment of your appeals.  Because this letter adjudicates your underlying appeals, your requests for expedited treatment of these appeals are moot.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

**SEAN X O'NEILL**

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
001143565
Date: 2017.01.24 15:13:20 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# Exhibit DDD

**U.S. Department of Justice**



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 11, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

                              FOIPA Request No.: 1364210-000
                              Litigation No: 17-cv-00189
                              Subject: All Records Regarding Michael
                              Flynn's Access to Classified Information
                              (July 1, 2016 – Present)

Dear Mr. McClanahan:

       This is in response to your Freedom of Information Act (FOIA) request.

       Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA.  If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

       It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

       By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2)  [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

       For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

       Although your request is in litigation, we are required by by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.  You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

       Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

                           Sincerely,

                           David M. Hardy
                           Section Chief,
                           Record/Information
                            Dissemination Section
                           Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

# EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)   requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
       Plaintiff,                      )
                                       )
              v.                       )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
       Defendants                      )

# **<u>Exhibit EEE</u>**

**Sobunya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:44 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov; EDFOIAManager@ed.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Betsy DeVos, President-elect Trump's current nominee to be Secretary of Education, for access to classified information.** *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate.of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Ms. DeVos is the sister of Erik Prince, CEO of military contractor Xe (formerly known as Blackwater), which would raise serious concerns about granting her access to information classified in the interest of national security. If the Government is considering granting such access to Ms. DeVos despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )          Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit FFF</u>**

U.S. Department of Justice



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364211-000
Subject:  All Records Regarding Betsy
DeVos's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

**U.S. Department of Justice**

**Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____ Date _____

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

Civil Action No. 1: 17-cv-00189-TSC

# **Exhibit GGG**

**Appeal Details**
**Request Type :** *FOIA*

**Status :** *Closed*  **Due Date :** *02/13/2017*

⏱ 5

   

| Submitted | Evaluation | Assignment | Processing | Closed |

## Appeal Details

Tracking Number : DOJ-AP-2017-001659
Requester : Mr. Kel McClanahan
Organization : National Security
Counselors
Requester Has Account : Yes
Created on behalf of : Jeff Stein
Email Address : kel@nationalsecuritylaw.org
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

Submitted Date : 01/12/2017
Received Date : 01/13/2017
Last Assigned Date : 01/17/2017
Appeal Track : Simple
Due Date : 02/13/2017
Assigned To : Daniel Castellano (Appeals)
Last Assigned By : Matthew Hurd (Appeals)

## Request Details

Tracking Number : 1364143-000
Requester : Jeff Stein
Date Submitted : 01/12/2017

Request Phase : Submitted
Request Track : Simple
Final Disposition :

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

Requester Info Available to : No
the Public :
Appeal Track : Simple
Fee Category : N/A
Based on Fee Waiver : ▢
Based on Expedited : ▢
Processing :
Expedited Processing : Yes
Requested :
Expedited Processing Status :

Appeal Received : Yes
Received Date : 01/13/2017
Acknowledgement Sent Date :
Litigation : No

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified? No | 0/2000 |
|---|---|---|

## Additional Information

Source Request Tracking 1364143-000
Number :

Expedited Type : Type 2

Sub-Office : Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                        )
                                     )
            Plaintiff,               )
                                     )
        v.                           )          Civil Action No. 1: 17-cv-00189-TSC
                                     )
CENTRAL INTELLIGENCE                 )
AGENCY, et al                        )
                                     )
            Defendants               )

# **<u>Exhibit HHH</u>**



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

Re:    Appeal Nos. DOJ-AP-2017-001664,
DOJ-AP-2017-001675, DOJ-AP-
2017-001676, & DOJ-AP-2017-
001679
Request Nos. 1364168, 1364210,
1364211, & 1364214
SRO:JNW

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD  20853
kel@nationalsecuritylaw.org

**VIA:  Email**

Dear Mr. McClanahan:

You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau of Investigation on your client's Freedom of Information Act requests for access to records concerning investigations regarding suitability for access to classified information for (1) Ivanka Trump, (2) Gen. Michael Flynn, (3) Betsy DeVos, and (4) Gen. James Mattis.

After carefully considering your appeal, I am affirming the FBI's action on your client's requests.  The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.  To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of such law enforcement records concerning these individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(6), (7)(C).  Further, it is reasonably foreseeable that releasing any non-public records, to the extent such records exist, would harm the interests protected by these exemptions.  Because any non-public records responsive to your request would be categorically exempt from disclosure, the FBI properly asserted these exemptions and was not required to conduct a search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law enforcement records pertaining to named third parties because such records are categorically exempt from disclosure in the absence of an overriding public interest).

I note that you requested expedited treatment of your appeals.  Because this letter adjudicates your underlying appeals, your requests for expedited treatment of these appeals are moot.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

SEAN
X O'NEILL

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
091143505
Date: 2017.01.24 15:13:20 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

# **Exhibit III**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 11, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

> FOIPA Request No.: 1364211-000
> Subject: All Records Regarding Betsy DeVos' Access
> to Classified Information (July 1, 2016 – June 2, 2017)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

|  | Section 552 |  |  | Section 552a |
|---|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) |  | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) |  | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) |  | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |
| ☑ (b)(6) |  |  | ☐ (k)(7) |

3 pages were reviewed and 3 pages are being released.

☐  Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

   ☐  This information has been referred to the OGA(s) for review and direct response to you.
   ☐  We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑
   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐  The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑  See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Candidate interview instructions
Investigative packet
Results of all verifications and records checks
Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information
- Fair credit reporting disclosure and authorization
- Disclosure/authorization pertaining to consumer reports
- Memorandum for prospective nominees

Records checks
- Department of Justice Public Integrity Section
- National Agency Check
- National Crime Information Center
- Law enforcement/Arrests check
- Criminal Justice Information Services
- Department of Motor Vehicles
- US Attorney's Office
- White House Office of the Executive Clerk
- US Secret Service
- State Department of Revenue
- Central Intelligence Agency
- Office of Personnel Management
- Defense Clearance and Investigations Index
- Federal Bureau of Investigation Headquarters

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

FD-1057 (Rev. 5-8-10)

UNCLASSIFIED



# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Required Information for Investigation     **Date:** 12/15/2016

**From:** SECURITY
        DJ-SIGBIU
        **Contact:** [                    ]       b6
                                                  b7C

**Approved By:** [                    ]

**Drafted By:** [                    ]

**Case ID #:** 161A-HQ-2111671     (U) DeVos, Elisabeth Prince

**Synopsis:** (U) Initiation of a Level I EXPEDITE Full-Field Background
Investigation on Elisabeth Prince DeVos

[                                        ]     b7E

**Administrative Notes:** (U) BUDED is 12/29/2016 and MUST BE MET. Neither
the investigative status of a BI nor any deadlines are to be disclosed
to the candidate or any interviewees. Candidates making inquiries of
the status of their investigation are to be referred to the White
House. Although occasionally the position is publicly known, do not
disclose the position for which the candidate is being considered to
interviewees.

**Enclosure(s):** Enclosed are the following items:
1. (U) candidate's SF-86
2. (U) Candidate Interview Packet
3. (U) Investigative Packet
4. (U) Reporting instructions
5. (U) Additional Info. to the SF-86
6. (U) Release forms

**Details:**

The Bureau has been requested by the Office of the President-Elect to
conduct a Level I BI of Elisabeth Prince DeVos, Nee: Elisabeth Dee

UNCLASSIFIED

Stein-332

**UNCLASSIFIED**

Title:  (U) Required Information for Investigation
Re:  161A-HQ-2111671, 12/15/2016


Prince, AKAS:  Betsy Prince, Elisabeth Dee DeVos, Betsy DeVos, POB:
[          ] DOB: [          ] SSN: [          ] who is being                    b6
considered for a Presidential Appointment to be Secretary of Education,   b7C
requiring Senate confirmation. The scope of the investigation and
questions asked during the candidate interview are to cover since her
18th birthday.



Field Office reporting instructions:

Candidate interviews, derogatory interviews, T-symbol interviews, and
interviews where confidentiality is requested should all be reported in
Sentinel using the FD-302.

All other investigative results should be reported in Sentinel using
the FD-1057.

Use the Candidate Interview Guidelines (attached to opening EC) when
conducting a candidate interview, also refer to lead for any additional
questions that need to be asked.

Refer to Investigative Guidelines (attached to opening EC) for
additional information concerning leads that have been assigned to your
office.

Enclosures (case agent notes) should not be attached to FD-1057's
containing investigative results; however they can be scanned and
imported separately into Sentinel or attached to an Administrative
FD-1057.

Read and Clear leads should not be set.
Every person interviewed must be advised of two provisions: the
candidate has the right to request a copy of their background results;
and they have the right to have their identity protected. After
interviewee is advised of the Privacy Act, please ensure that the below
statement is included in your EC in the Administrative section: "All

**UNCLASSIFIED**

2

Stein-333

161A-HQ-2111671-Serial 1

**UNCLASSIFIED**

Title:  (U) Required Information for Investigation
Re:  161A-HQ-2111671, 12/15/2016


persons interviewed were furnished the appropriate provisions of the
Privacy Act. Express promises of confidentiality have not been
granted." If confidentiality has been granted please refer to SIGBU's
Policy Manuel located on our website for information on what levels of
confidentiality can be granted and how to report.
Reports completed by the Field Office are often disseminated to
SIGBIU's clients; therefore documents should be reviewed thoroughly
before being serialized into Sentinel to ensure that they are complete
and accurate. Please contact the PSS if additional guidance is needed.



◆◆

**UNCLASSIFIED**

Stein-334

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) |
| Defendants | ) |

# **Exhibit JJJ**

Sobonya, David P. (RMD) (FBI)

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:44 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Gen. James Mattis, President-elect Trump's current nominee to be Secretary of Defense, for access to classified information.** *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Gen. Mattis sits on the Board of Directors of Theranos, which is currently under federal criminal investigation (http://www.wsj.com/articles/theranos-is-subject-of-criminal-probe-by-u-s-1461019055), which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Gen. Mattis despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) |
| Defendants | ) |

# **<u>Exhibit KKK</u>**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364214-000
Subject:   All Records Regarding General
James Mattis's Access to Classified
Information
(July 1, 2016 - present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov.   You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.**   Background investigations for security clearances are conducted by many different Government agencies.   Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person.   The fingerprint submission must include the subject's name, date and place of birth.   There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency.   Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located.   The NNCP also searches for both "main" and "cross reference" files.   A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file.   The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information.   RIDS provides responsive documents to requesters seeking "reasonably described information."   For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

### EXPLANATION OF EXEMPTIONS

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

#### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

U.S Department of Justice

Certification of Identity

FORM APPROVED OMB NO. 1103-0016
EXPIRES 02/21/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester[1] _____

Citizenship Status[2] _____    Social Security Number[3] _____

Current Address _____

Date of Birth _____    Place of Birth _____

OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S Department of Justice to release any and all information relating to me to:

_____

Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature[4] _____    _____
                                      Date

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN            )
                         )
        Plaintiff,       )
                         )
        v.               )        Civil Action No. 1: 17-cv-00189-TSC
                         )
CENTRAL INTELLIGENCE     )
AGENCY, et al            )
                         )
        Defendants       )

# **<u>Exhibit LLL</u>**

**Appeal Details**

Status : Closed   Due Date : 02/13/2017

**Request Type :** *FOIA*

   

Submitted        Evaluation        Assignment        Processing        Closed

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date: |
| Based on Fee Waiver : ⊓ | Litigation : No |
| Based on Expedited Processing : ⊓ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
|---|---|---|

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type :  Type 2

Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **Exhibit MMM**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**January 24, 2017**

          Re:    Appeal Nos. DOJ-AP-2017-001664,
                   DOJ-AP-2017-001675, DOJ-AP-
                   2017-001676, & DOJ-AP-2017-

Kel McClanahan, Esq.            001679
4702 Levada Terrace          Request Nos. 1364168, 1364210,
Rockville, MD  20853        1364211, & 1364214
kel@nationalsecuritylaw.org    SRO:JNW

**VIA: Email**

Dear Mr. McClanahan:

      You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Ivanka
Trump, (2) Gen. Michael Flynn, (3) Betsy DeVos, and (4) Gen. James Mattis.

      After carefully considering your appeal, I am affirming the FBI's action on your client's
requests.  The FOIA provides for disclosure of many agency records.  At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities.  To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of such law enforcement records
concerning these individuals could reasonably be expected to constitute an unwarranted invasion
of personal privacy, and would constitute a clearly unwarranted invasion of personal privacy.
See 5 U.S.C. § 552(b)(6), (7)(C).  Further, it is reasonably foreseeable that releasing any non-
public records, to the extent such records exist, would harm the interests protected by these
exemptions.  Because any non-public records responsive to your request would be categorically
exempt from disclosure, the FBI properly asserted these exemptions and was not required to
conduct a search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir.
2011) (upholding pursuant to Exemption 7(C) agency's refusal to conduct a search for law
enforcement records pertaining to named third parties because such records are categorically
exempt from disclosure in the absence of an overriding public interest).

      I note that you requested expedited treatment of your appeals.  Because this letter
adjudicates your underlying appeals, your requests for expedited treatment of these appeals are
moot.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeals, your client's underlying requests, and the action of the FBI in response to your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

**SEAN**
**X O'NEILL**

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15901
001143505
Date: 2017.01.24 15:13:29 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit NNN</u>**



**U.S. Department of Justice**


**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 11, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364214-000
Subject: All Records Regarding James Mattis' Access
to Classified Information (July 1, 2016 – June 2, 2017)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

3 pages were reviewed and 3 pages are being released.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

    ☐ This information has been referred to the OGA(s) for review and direct response to you.
    ☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

☑
    In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.  Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal.  You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).  Because of our significant backlog, we have given priority to processing only the main investigative file(s).  If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑ See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Investigative packet
Certificate of mother's citizenship
Chronological record of employment, residences, foreign travel & contacts, education, association memberships, and law enforcement involvement
Candidate interview instructions

Results of all verifications and records checks
Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information
- Fair credit reporting disclosure and authorization
- Disclosure/authorization pertaining to consumer reports
- Memorandum for prospective nominees

Records checks
- Department of Justice Public Integrity Section
- National Agency Check
- National Crime Information Center
- Law enforcement/Arrests check
- Criminal Justice Information Services
- Department of Motor Vehicles
- US Attorney's Office
- White House Office of the Executive Clerk
- US Secret Service
- State Department
- Central Intelligence Agency
- Office of Personnel Management
- Defense Clearance and Investigations Index
- Federal Bureau of Investigation Headquarters
- US Marine Corps
- US Navy Inspector General
- Department of Homeland Security

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

FD-1057 (Rev. 5-8-10)



UNCLASSIFIED

# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U) Required Information for Investigation      **Date:** 12/07/2016

**From:** SECURITY
        DJ-SIGBIU
        **Contact:**

**Approved By:**                                                        b6
                                                                        b7C

**Drafted By:**

**Case ID #:** 161A-HQ-2108846      (U) Mattis, James Norman

**Synopsis:** (U) A Level I Full-Field Presidential Appointment with
Senate Confirmation background investigation (BI) on captioned
candidate.

                                                                        b7E

**Administrative Notes:** (U) Neither the investigative status of a BI nor
any deadlines are to be disclosed to the candidate or any interviewees.
Candidates making inquiries of the status of their investigation are to
be referred to the Office of President Elect. Although occasionally the
position is publicly known, do not disclose the position for which the
candidate is being considered to interviewees. Conduct investigation as
set forth under the leads section AND as marked on the SF-86,
Supplement to the SF-86 and all other attached documents. Direct
results/questions to PSS [ ] Advise the SIGBIU PSS and appropriate      b6
other offices of any derogatory information. Set developed leads        b7C
immediately and reference this serial for other field offices when
setting leads. SIGBIU facsimile numbers are (202) 651-2956, (202)
651-2971, (202) 651-2973 and (202) 651-2974.

Field Office reporting instructions:

Candidate interviews, derogatory interviews, T-symbol interviews, and
interviews where confidentiality is requested should all be reported in
Sentinel using the FD-302.

All other investigative results should be reported in Sentinel using
the FD-1057.

                              UNCLASSIFIED

**UNCLASSIFIED**

Title: (U) Required Information for Investigation
Re: 161A-HQ-2108846, 12/07/2016

Use the Candidate Interview Guidelines (attached to opening EC) when conducting a candidate interview, also refer to lead for any additional questions that need to be asked.

Refer to Investigative Guidelines (attached to opening EC) for additional information concerning leads that have been assigned to your office.

Enclosures (case agent notes) should not be attached to FD-1057's containing investigative results; however they can be scanned and imported separately into Sentinel or attached to an Administrative FD-1057.

Read and Clear leads should not be set.

Every person interviewed must be advised of two provisions: the candidate has the right to request a copy of their background results; and they have the right to have their identity protected. After interviewee is advised of the Privacy Act, please ensure that the below statement is included in your EC in the Administrative section: "All persons interviewed were furnished the appropriate provisions of the Privacy Act. Express promises of confidentiality have not been granted." If confidentiality has been granted please refer to SIGBU's Policy Manual located on our website for information on what levels of confidentiality can be granted and how to report.

Reports completed by the Field Office are often disseminated to SIGBIU's clients; therefore documents should be reviewed thoroughly before being serialized into Sentinel to ensure that they are complete and accurate. Please contact the PSS if additional guidance is needed.

**Package Copy:** (U) SF-86, candidate interview guidelines, investigative packet

**Enclosure(s):** Enclosed are the following items:
1. (U) SF-86
2. (U) Candidate interview guidelines
3. (U) Investigative packet

**Details:**

**UNCLASSIFIED**

2

Stein-336

**UNCLASSIFIED**

Title:  (U) Required Information for Investigation
Re:  161A-HQ-2108846, 12/07/2016

**PRESIDENTIAL EXPEDITE - BUDED is 12/22/2016, and MUST BE MET.**

The Bureau has been requested by the White House to conduct a
Level I full-field background investigation of James Norman
Mattis, SSN: [         ]  DOB: [         ]  POB: [         ]  who    b6
                                                                     b7C
is being considered for a Presidential Appointment to be
Secretary of Defense, a position requiring Senate confirmation.
The scope of the investigation and the scope of the candidate
interview is since age 18 (September, 1968).

♦♦

**UNCLASSIFIED**

3

Stein-337

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
         Plaintiff,                    )
                                       )
              v.                       )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
         Defendants                    )
                                       )

# **Exhibit OOO**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Monday, December 05, 2016 11:29 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Jared Kushner, President-elect Trump's son-in-law and Transition Team Executive Committee member, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Kushner has extensive ties to foreign governments and business interests around the globe and is owner of the *Observer*, which has worked closely with the hacker known as Guccifer 2.0 (http://www.motherjones.com/politics/2016/09/trump-clinton-russia-hack-kushner-observer), either of which would raise serious concerns about granting him access to information classified in the interest of national security. If the Government is considering granting such access to Mr. Kushner despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

1

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 17-cv-00189-TSC |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, et al ) | |
| ) | |
| Defendants ) | |

# **Exhibit PPP**



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 5, 2017

MR. KEL MCCLANAHAN
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364216-000
Subject:  All Records Regarding Jared
Kushner's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.   The FBI recognizes an important privacy interest in the requested information.   You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.   If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.   If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.   If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.   In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.   If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S.C. § 552(c).   As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov. You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S Department of Justice · · · · · · · · · **Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____ Date _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit QQQ</u>**

**Appeal Details**                                    Status : *Closed*   Due Date : *02/13/2017*
**Request Type :** *FOIA*                                                            🕐 5

   

| Submitted | Evaluation | Assignment | Processing | Closed |

## Appeal Details

| | |
|---|---|
| Tracking Number : DOJ-AP-2017-001659 | Submitted Date : 01/12/2017 |
| Requester : Mr. Kel McClanahan | Received Date : 01/13/2017 |
| Organization : National Security Counselors | Last Assigned Date : 01/17/2017 |
| | Appeal Track : Simple |
| Requester Has Account : Yes | Due Date : 02/13/2017 |
| Created on behalf of : Jeff Stein | Assigned To : Daniel Castellano (Appeals) |
| Email Address : kel@nationalsecuritylaw.org | Last Assigned By : Matthew Hurd (Appeals) |
| Phone Number : 301-728-5908 | |
| Fax Number : 240-681-2189 | |
| Address : 4702 Levada Terrace | |
| City : Rockville | |
| State/Province : MD | |
| Zip Code/Postal Code : 20853 | |

## Request Details

| | |
|---|---|
| Tracking Number : 1364143-000 | Request Phase : Submitted |
| Requester : Jeff Stein | Request Track : Simple |
| Date Submitted : 01/12/2017 | Final Disposition : |

Request Description :                                                                🖉

On behalf of my client Jeff Stein, I appeal the Glomar responses in the following 14 FBI requests: 1364143-000, 1364157-000, 1364164-000, 1364168-000, 1364176-000, 1364184-000, 1364185-000, 1364188-000, 1364198-000, 1364208-000, 1364210-000, 1364211-000, 1364214-000, and 1364216-000.

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |

## Appeal Handling

| | |
|---|---|
| Requester Info Available to the Public : No | Appeal Received : Yes |
| Appeal Track : Simple | Received Date : 01/13/2017 |
| Fee Category : N/A | Acknowledgement Sent Date: |
| Based on Fee Waiver : ☐ | Litigation : No |
| Based on Expedited Processing : ☐ | |
| Expedited Processing Requested : Yes | |
| Expedited Processing Status : | |

## Basis for Appeal

Short Description : N/A

FBI apparently did not even bother to read the full requests before issuing these form letter responses. The form letters clearly include a provision for a requester to provide "a justification that the public interest in disclosure outweighs personal privacy" and direct the requester to send that information in or else the "request will be closed," but each request letter included an explicit discussion of the overriding public interest which FBI completely ignored and did not even address. As such, this is not even an actual withholding decision subject to appeal, but we are submitting this

appeal to you solely in an attempt to resolve the matter without litigation.

| | | |
|---|---|---|
| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |

## Additional Information

Source Request Tracking  1364143-000
Number :

Expedited Type :  Type 2

Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                              )
                                           )
        Plaintiff,                         )
                                           )
           v.                              )        Civil Action No. 1: 17-cv-00189-TSC
                                           )
CENTRAL INTELLIGENCE                       )
AGENCY, et al                              )
                                           )
        Defendants                         )
                                           )

# **Exhibit RRR**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 18, 2017**

Re:    Appeal Nos. DOJ-AP-2017-001659,
       DOJ-AP-2017-001663, & DOJ-AP-
       2017-001681
       Request Nos. 1364143, 1364164, &
       1364216
       SRO:DRC

Kel McClanahan, Esq.
4702 Levada Terrace
Rockville, MD 20853
kel@nationalsecuritylaw.org

**VIA: FOIAonline**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act requests for access to records
concerning investigations regarding suitability for access to classified information for (1) Rex
Tillerson, (2) Eric Trump, and (3) Jared Kushner.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
requests. The FOIA provides for disclosure of many agency records. At the same time,
Congress included in the FOIA nine exemptions from disclosure that provide protection for
important interests such as personal privacy, privileged communications, and certain law
enforcement activities. To the extent that non-public responsive records exist, without consent,
proof of death, or an overriding public interest, disclosure of law enforcement records
concerning an individual could reasonably be expected to constitute an unwarranted invasion of
personal privacy, and would constitute a clearly unwarranted invasion of personal privacy. See
5 U.S.C. § 552(b)(6), (7)(C). Further, it is reasonably foreseeable that releasing any non-public
records, to the extent such records exist, would harm the interests protected by these exemptions.
Because any non-public records responsive to your request would be categorically exempt from
disclosure, the FBI properly asserted these exemptions and was not required to conduct a search
for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding
agency's refusal to conduct a search for law enforcement records pertaining to named third
parties because such records are categorically exempt from disclosure in the absence of an
overriding public interest).

        I note that you requested expedited treatment of your appeals. Because I am closing your
underlying appeals, your requests for expedited treatment of these appeals are moot.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeals were assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeals, your client's underlying requests, and the action of the FBI in response to

- 2 -

your client's requests. If you have any questions regarding the action this Office has taken on your appeals, you may contact this Office's FOIA Public Liaison for your appeals. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeals, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

Civil Action No. 1: 17-cv-00189-TSC

# **Exhibit SSS**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

October 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

        FOIPA Request No.: 1364216-000
        Subject: All Records Regarding Jared Kushner's
        Access to Classified Information (July 1, 2016 – June
        2, 2017)

Dear Mr. McClanahan:

        The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.   Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision.   In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely.   The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☐ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| _____ | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

3 pages were reviewed and 3 pages are being released.

☐   Document(s) were located which originated with, or contained information concerning, other
     Government Agency (ies) [OGA].

    ☐  This information has been referred to the OGA(s) for review and direct response to you.
    ☐  We are consulting with another agency.   The FBI will correspond with you regarding this information
       when the consultation is completed.

☑
    In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act
    exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the
    existence of your subject's name on any watch lists.

        For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.    Please use this number in all correspondence concerning your request.    Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal.    You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:    https://foiaonline.regulations.gov/foia/action/public/home.    Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.    If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."    Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐    The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.    Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).    Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).    Because of our significant backlog, we have given priority to processing only the main investigative file(s).    If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑    See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

This material is being provided to you at no charge.

The balance of the responsive background investigative file as listed below is being withheld categorically pursuant to 5 U.S.C. §§ 552(b)(6), (b)(7)(C), and at times portions are being withheld pursuant to 5 U.S.C. §§ 552(b)(7)(E).

Case creation document
Credit summary
IPG Routing Slip
Background investigation request
Electronic Questionnaires for Investigations Processing (e-QUIP)/SF-86
Supplemental information for SF-86
Civil court action
Electronic mail correspondence
Candidate interview instructions

Investigative packet
Results of all verifications and records checks
Closing document

Signature forms
- E-QUIP
- Authorization for release of information
- Authorization for release of medical information
- Fair credit reporting disclosure and authorization

Records checks
- National Crime Information Center
- Law enforcement/Arrests check
- Criminal Justice Information Services
- Department of Motor Vehicles
- US Attorney's Office
- White House Office of Administration
- US Secret Service
- Office of Personnel Management
- Federal Bureau of Investigation Headquarters
- District of Columbia Bar
- New York Bar

Interviews
- Appointee interview
- Reference interviews
- Neighborhood interviews
- Employment interviews

Verifications
- Birth
- Education
- Employment
- Address

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

161U-HQ-2146265 Serial 6

FD-1036 (Rev. 10-16-2009)

UNCLASSIFIED



# FEDERAL BUREAU OF INVESTIGATION
## Import Form

**Form Type:** FD-1057                          **Date:**  04/05/2017

**Title:** (U) Required Information for Investigation

**Approved By:** [                              ]                          b6
                                                                          b7C

**Drafted By:** [                          ]

**Case ID #:** 161U-HQ-2146265       (U) Jared Corey Kushner

**Synopsis:**  (U) No synopsis provided

**Enclosure(s):** Enclosed are the following items:
1.   (?) Kushner SF 86
2.   (?) Kushner credit report
3.   (?) Kushner releases
4.   (?) CI instructions
5.   (?) IP instructions
6.   (?) Reporting instructions

♦♦

Stein-341

b7E

| | |
|---|---|
| **Created From:** | 161U-HQ-2146265<br>Serial 6 |
| **Package:** | 1A2 |
| **Stored Location:** | *None* |
| **Summary:** | (U) The Bureau has been requested by the White House to conduct a Single Scope Background Investigation (SSBI) of the candidate, Jared Corey Kushner, DOB:      POB:      SSN:       BUDED is 05/24/2017 and MUST BE MET. Neither the investigative status of a SSBI nor any deadlines are to be disclosed to the candidate or any interviewees. Candidates making inquiries of the status of their investigation are to be referred to the White House. Although occasionally the position is publicly known, do not disclose the candidate's position to interviewees. Conduct investigation as set forth under the leads section, and all other attached documents. Field offices can also refer to the Special Inquiry and General Background Investigations Unit (SIGBIU) Standards for Conducting Background Investigations Policy Directive and Policy Guide located on our webpage. Direct results/questions to the case manager listed in Sentinel. Advise the SIGBIU PSS and appropriate other offices of any derogatory information. Set developed leads immediately and reference this serial for other field offices when setting leads. Field Office reporting instructions: Candidate interviews, derogatory interviews, T-symbol interviews, and interviews where confidentiality is requested should all be reported in Sentinel using the FD-302. All other investigative results should be reported in Sentinel using the FD-1057. Use the Candidate Interview Guidelines (attached to opening EC) when conducting a candidate interview, also refer to lead for any additional questions that need to be asked. Refer to Investigative Guidelines (attached to opening EC) for additional information concerning leads that have been assigned to your office. Enclosures (case agent notes) should not be attached to FD-1057's containing investigative results; however they can be scanned and imported separately into Sentinel or attached to an Administrative FD-1057. Read and Clear leads should not be set. Every person interviewed must be advised of two provisions: the candidate has the right to request a copy of their background results; and they have the right to have their identity protected. After interviewee is advised of the Privacy Act, please ensure that the below statement is included in your EC in the Administrative section: "All persons interviewed were furnished the appropriate provisions of the Privacy Act. Express promises of confidentiality have not been granted." If confidentiality has been granted please refer to SIGBU's Policy Manuel located on our website for information on what levels of confidentiality can be granted and how to report. Reports completed by the Field Office are often disseminated to SIGBIU's clients; therefore documents should be reviewed thoroughly before being serialized into Sentinel to ensure that they are complete and accurate. Please contact the PSS if additional guidance is needed. |

b6
b7C

| | |
|---|---|
| **Acquired By:** | |
| **Acquired On:** | 04/05/2017 |

b6
b7C

**Attachments:**   (U) 161U_CI.docx (27 kB)
(UNCLASSIFIED) CI instructions
Attachment Classification:

  (U) 161-73 Reporting Instructions.docx (13 kB)
(UNCLASSIFIED) Reporting instructions
Attachment Classification:

  (U) KushnerJared-credit.pdf (2 MB)
(UNCLASSIFIED) Kushner credit report
Attachment Classification:

Stein-342

(U) Kushner SF 86 2017 03 31 10 08 25 859.pdf (3 MB)
(UNCLASSIFIED) Kushner SF 86
Attachment Classification:

(U) KushnerJared_relForm_adtDoc.pdf (2 MB)
(UNCLASSIFIED) Kushner releases
Attachment Classification:

(U) 161U IP.docx (29 kB)
(UNCLASSIFIED) IP instructions
Attachment Classification:

Stein-343

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
         Plaintiff,                    )
                                       )
         v.                            )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
         Defendants                    )
                                       )

# **Exhibit TTT**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Wednesday, December 14, 2016 11:53 PM |
| **To:** | MRUFOIA Requests (JMD); FOIPARequest; DNI-FOIA; fisfoiparequests@opm.gov |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing) Carly Fiorina, President-elect Trump's potential nominee to be Director of National Intelligence, for access to classified information**. *You may use the date of your first substantive search as a general cut-off date for this request, but if you find otherwise responsive records during your search which would only be excluded because of the cut-off date, you must process them for release and may not consider them to be non-responsive.* You may limit your search to records created since 1 July 2016. As discussed below, there is an overriding public interest which justifies the release of these records despite the obvious privacy concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to *Newsweek*. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Hewlett Packard sold millions of dollars of technical equipment to Iran through a subsidiary while sanctions were in place (http://www.msnbc.com/msnbc/will-hewlett-packards-past-ties-iran-haunt-carly-fiorina), which would raise serious concerns about granting her access to information classified in the interest of national security. If the Government is considering granting such access to Ms. Fiorina despite these concerns (or has already done so), the public has a significant interest in knowing about the process by which this decision is reached (especially if the President-elect himself is involved in the decisionmaking) as well as in knowing the information about the risks providing such access would pose to national security.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information so that they are able, if appropriate, to engage in the political process to ensure that classified information is only provided to members of the incoming administration who do not pose a risk to national security, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the

processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.


Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908


---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |

# **Exhibit UUU**



Federal Bureau of Investigation

*Washington, D.C. 20535*

January 11, 2017

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1364591-000
Subject:  All Records Regarding Carly
Fiorina's Access to Classified Information
(July 1, 2016 - Present)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals.  The FBI recognizes an important privacy interest in the requested information.  You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests).   In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent.  If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form.   You may make additional copies of this form if you are requesting information on more than one individual.   The subject of your request should complete this form and then sign it.   Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized.   The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death.  If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure.  If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests.  In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602.  If we do not receive a response from you within 30 days from the date of this letter, your request will be closed.   You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c).  As such, this response is limited to those records, if any exist, that are subject to the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov. You may also visit www.fbi.gov and select "Services," "Records Management," and "Freedom of Information/Privacy Act" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S Department of Justice                    **Certification of Identity**                    

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____   Social Security Number [3] _____

Current Address _____

Date of Birth _____   Place of Birth _____

### OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____   Date _____

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

---

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )

# **Exhibit VVV**

**Appeal Details**
**Request Type :** *FOIA*

**Status :** *Closed*   **Due Date :** *02/14/2017*

🕐 9

| Submitted | Evaluation | Assignment | Processing | Closed |
|---|---|---|---|---|

## Appeal Details

Tracking Number : DOJ-AP-2017-001698
Requester : Mr. Kel McClanahan
Organization : National Security Counselors
Requester Has Account : Yes
Created on behalf of : Jeff Stein
Email Address : kel@nationalsecuritylaw.org
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

Submitted Date : 01/14/2017
Received Date : 01/17/2017
Last Assigned Date : 01/18/2017
Appeal Track : Simple
Due Date : 02/14/2017
Assigned To : Jillian Warzynski (Appeals)
Last Assigned By : Matthew Hurd (Appeals)

## Request Details

Tracking Number : 1364591-000
Requester : Jeff Stein
Date Submitted : 01/14/2017

Request Phase : Submitted
Request Track : Simple
Final Disposition :

Request Description :

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (2) | Review |
|---|---|---|---|---|---|

## Appeal Handling

Requester Info Available to the Public : No
Appeal Track : Simple
Fee Category : N/A
Based on Fee Waiver : ☐
Based on Expedited Processing : ☐
Expedited Processing Requested : Yes
Expedited Processing Status :

Appeal Received : Yes
Received Date : 01/17/2017
Acknowledgement Sent Date :
Litigation : No

## Basis for Appeal

Short Description : N/A

This is the same appeal as Appeal No. DOJ-AP-2017-001659, applied to FBI Req. 1364591-000, the response to which had not been received as of the filing of that appeal.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |
|---|---|---|

## Additional Information

Source Request Tracking  1364591-000
Number :
Expedited Type :  Type 2
Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )          Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )

# Exhibit WWW



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**January 30, 2017**

Kel McClanahan, Esq.                    Re:    Appeal No. DOJ-AP-2017-001698
4702 Levada Terrace                             Request No. 1364591
Rockville, MD 20853                             SRO:JNW
kel@nationalsecuritylaw.org

**VIA: FOIAonline**

Dear Mr. McClanahan:

        You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on your client's Freedom of Information Act request for access to records
concerning investigations regarding suitability for access to classified information for Carly
Fiorina.

        After carefully considering your appeal, I am affirming the FBI's action on your client's
request. The FOIA provides for disclosure of many agency records. At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities. The FBI properly refused to confirm or deny the existence of records responsive to
your request. Without consent, proof of death, official acknowledgment of an investigation, or
an overriding public interest, confirming or denying the existence of such records, including law
enforcement records, concerning an individual would constitute a clearly unwarranted invasion
of personal privacy, and could reasonably be expected to constitute an unwarranted invasion of
personal privacy. See 5 U.S.C. § 552(b)(6), (7)(C). Additionally, it is reasonably foreseeable
that confirming or denying the existence of such records would harm the interests protected by
this exemption.

        I note that you requested expedited treatment of your appeal. Because this letter
adjudicates your underlying appeal, your request for expedited treatment of this appeal is moot.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your client's underlying request, and the action of the FBI in response to
your client's request. If you have any questions regarding the action this Office has taken on
your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically,
you may speak with the undersigned agency official by calling (202) 514-3642.

        If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

- 2 -

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your client's right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

SEAN
X O'NEILL

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=15001
00114366S
Date: 2017.01.30 09:53:29 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                                )
                                             )
        Plaintiff,                           )
                                             )
              v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                             )
CENTRAL INTELLIGENCE                         )
AGENCY, et al                                )
                                             )
        Defendants                           )

# **Exhibit XXX**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1364591-000
Litigation No: 17-cv-00189
Subject: All Records Regarding Carly
Fiorina's Access to Classified Information
(July 1, 2016 – Present)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A)  requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                        )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )        Civil Action No. 1: 17-cv-00189-TSC
                                     )
CENTRAL INTELLIGENCE                 )
AGENCY, et al                        )
                                     )
        Defendants                   )

# **<u>Exhibit YYY</u>**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Thursday, May 05, 2016 12:51 AM |
| **To:** | FOIPARequest |
| **Subject:** | New Expedited FOIA request |

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy. You may exclude the *substance* of the briefings and focus only on records about logistics, security concerns, and similar issues. *To clarify, Mr. Stein has no interest in learning what Mr. Trump is briefed about; he is only interested in the process, and he is specifically interested in records discussing any security concerns.*

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to Newsweek. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has never had access to classified information and has demonstrated a willingness to publicly release any information that he believes will further his political aims. For this reason, any discussion regarding steps which can be taken by the Government to ensure that classified information is protected when providing such briefings to a presidential candidate like Mr. Trump is of vital interest to the public.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

MAY 17 2016

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )

# **Exhibit ZZZ**

**Sobonya, David P. (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Thursday, May 05, 2016 7:33 PM |
| **To:** | Sobonya, David P. (RMD) (FBI) |
| **Subject:** | Re: New Expedited FOIA request |

In support of Mr. Stein's fee waiver and expedited processing requests, I offer an article from today's *Washington Post* demonstrating the public interest in prompt release of this information. https://www.washingtonpost.com/news/worldviews/wp/2016/05/05/donald-trump-will-soon-be-getting-briefings-from-u-s-spy-agencies-it-might-not-go-well/

On 5/5/2016 6:36 AM, Sobonya, David P. (RMD) (FBI) wrote:

> Dear Mr. McClanahan,
>
> The FBI has received your Freedom of Information Act/Privacy (FOIPA) request and it will be forwarded to Initial Processing for review.   Your request will be processed under the provisions of FOIPA and a response will be mailed to you at a later date.
>
> Requests for fee waivers and expedited processing will be addressed once your request has been assigned an FOIPA request number. You will receive written notification of the FBI's decision.
>
> Information regarding the Freedom of Information Act/Privacy is available at http://www.fbi.gov/, http://www.fbi.gov/foia/ or http://www.justice.gov/oip. If you require additional assistance please contact us at foipaquestions@ic.fbi.gov.
>
> Thank you,
>
>
>
> **David P. Sobonya**
> **Public Information Officer/GIS**
> **Record/Information Dissemination Section (RIDS)**
> **FBI-Records Management Division**
> **170 Marcel Drive, Winchester, VA  22602-4843**
> **Ofc: (540) 868-4593**
> **Direct: (540) 868-4286**
> **Fax: (540) 868-4391/4997**
>
> **From:** Kel McClanahan, Esq. [mailto:kel@nationalsecuritylaw.org]
> **Sent:** Thursday, May 05, 2016 12:51 AM
> **To:** FOIPARequest <FOIPARequest@ic.fbi.gov>
> **Subject:** New Expedited FOIA request
>
> This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy.  You may exclude the *substance* of the briefings and focus only on records about logistics, security concerns, and similar issues. *To clarify, Mr. Stein has no interest in learning what*

1

Mr. Trump is briefed about; he is only interested in the process, and he is specifically interested in records discussing any security concerns.

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. See FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), available at http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to Newsweek. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr. Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has never had access to classified information and has demonstrated a willingness to publicly release any information that he believes will further his political aims. For this reason, any discussion regarding steps which can be taken by the Government to ensure that classified information is protected when providing such briefings to a presidential candidate like Mr. Trump is of vital interest to the public.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such

purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

**The Washington Post**

WorldViews

# Trump will soon be getting briefings from U.S. spy agencies. It might not go well.

By Greg Miller  May 5

Presumptive Republican presidential nominee Donald Trump told my colleague Robert Costa that he is eager to start meeting with U.S. intelligence officials for classified briefings on the nation's secrets. The feeling may not be mutual.

The outlandish GOP candidate is not known for discretion or nuanced understanding of global security issues, let alone awareness of the widespread revulsion among U.S. intelligence officials over some of Trump's positions — including his expressed admiration for Russian President Vladimir Putin and pledge to resume torturing terrorism suspects.

Where should the U.S. intelligence community's first PowerPoint presentation for Trump begin?

"It beggars the imagination," said former CIA director Michael V. Hayden, who was among those who briefed President Obama after the 2008 election. "Given that [Trump's] public persona seems to reflect a lack of understanding or care about global issues, how do you arrange these presentations to learn what are the true depths of his understanding?"

Director of National Intelligence James R. Clapper Jr. said last week that U.S. spy agencies have already begun planning briefings for Trump and his presumed Democratic opponent, Hillary Clinton, although neither is expected to receive an initial briefing before party conventions conclude in July.

Case 1:17-cv-00189-TSC Document 26-5 Filed 10/16/18 Page 423 of 518

In response to a question from the Daily Beast, Clapper alluded to concern for the handling of any secrets shared. The process is designed "to ensure that everybody gets the same information and that we do comply with the needs to protect sources and methods."

Clinton's ability to protect sensitive information has also come under sharp criticism, after the disclosure that she relied on a private e-mail server to communicate with subordinates while serving as secretary of state. But she has likely participated in thousands of classified briefings — unlike Trump who has never been privy to the government's most closely guarded secrets.

Sign up

"This is a person who doesn't seem to have much of a filter," said Aki Peritz, a former CIA analyst who contributed to the President's Daily Brief (PDB) — the digest delivered each morning to the Oval Office. "The scary part is that nobody knows who he really is. Is he this blowhard demagogue we see on TV or is he really a sophisticated consumer of information that will keep this information close to his chest?"

Either way, Director of National Intelligence and CIA analysts may have little leeway in what they present. The decision on how much to share and when are traditionally made by the sitting president.

"The candidates get the same information — no favoritism," said David Priess, a former CIA briefer and author of "The President's Book of Secrets," a history of the PDB. "It's not that the briefer can freelance."

Pre-election briefings tend to be overviews of spy agency assessments of major topics such as the civil war in Syria. That changes after Election Day, however, when separate teams are sent in advance to the candidates'

headquarters. The winner is given a deeper briefing on more highly classified material, including CIA operations overseas. The other team heads back to headquarters without briefing the losing candidate.

Analysts selected for such assignments tend to be among the most polished and experienced in the intelligence community. "They are going to be very professional," Peritz said, but Trump poses unique complications. "He has all kinds of relationships with Chinese investors and Russian investors. He's spoken very highly of our adversaries. And he's talked about using torture and waterboarding and attacking people's families. All these things are going through the analysts' minds."

Greg Miller covers intelligence agencies and terrorism for The Washington Post. Follow @gregpmiller

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1: 17-cv-00189-TSC |
| ) | |
| CENTRAL INTELLIGENCE ) | |
| AGENCY, et al ) | |
| ) | |
| Defendants ) | |

# **Exhibit AAAA**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 18, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-000
Subject: TRUMP, DONALD (SECURITY
BRIEFINGS)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request. We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release. Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a fee waiver is being considered and you will be advised of the decision at a later date. If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# **<u>Exhibit BBBB</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 18, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-000
Subject: TRUMP, DONALD (SECURITY BRIEFINGS)

Dear Mr. McClanahan:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request.   Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied. Specifically, you have not proven there is an urgency to inform the public.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                      )
                                   )
        Plaintiff,                 )
                                   )
              v.                   )        Civil Action No. 1: 17-cv-00189-TSC
                                   )
CENTRAL INTELLIGENCE               )
AGENCY, et al                      )
                                   )
        Defendants                 )

# **<u>Exhibit CCCC</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 6, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-000
Subject: TRUMP, DONALD (SECURITY
BRIEFINGS)

Dear Mr. McClanahan:

This is in response to your Freedom of Information Act (FOIA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

It is unnecessary to adjudicate your request for a fee waiver as no responsive main files were located.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. <u>See</u> 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **A criminal history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/background-checks/background_checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

1/6/14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )          Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit DDDD**

## Early, Holly H. (RMD) (FBI)

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. [kel@nationalsecuritylaw.org] |
| **Sent:** | Friday, July 22, 2016 1:35 PM |
| **To:** | FOIPARequest |
| **Subject:** | Re: New Expedited FOIA request |

This is a renewal of the FOIA request submitted on 5 May 2016, quoted below.  To be clear, this request should encompass all records created before the day of your search *after receiving this request*, not the search you performed pursuant to the previous request.

On 5/5/2016 12:50 AM, Kel McClanahan, Esq. wrote:

This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy**.  You may exclude the *substance* of the briefings and focus only on records about logistics, security concerns, and similar issues.  *To clarify, Mr. Stein has no interest in learning what Mr. Trump is briefed about; he is only interested in the process, and he is specifically interested in records discussing any security concerns.*

Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.

To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims.  This description must include an estimate of the volume of matter withheld in full.  The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers.  *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.

Mr. Stein qualifies as a representative of the news media.  He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy.  An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor.  A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to Newsweek.  He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues.  His SpyTalk blog is one of the most recognized national security news blogs in existence.  According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.  Mr. Stein has clear intent to publish or otherwise disseminate information to the public.  Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver.  There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest.  Mr. Trump has never had access to classified information and has demonstrated a willingness to publicly release any information that he believes will further his political aims.  For this reason, any discussion regarding steps which can be taken by the Government to ensure that classified information is protected when providing such briefings to a presidential candidate like Mr. Trump is of vital interest to the public.

For the same reason, Mr. Stein requests expedited processing of this request.  There is an urgency to inform the public regarding this information, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request.  Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

---

This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **<u>Exhibit EEEE</u>**

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-001
Subject: TRUMP, DONALD
(SECURITY BRIIEFINGS)

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request.   We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release.   Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.   If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

   ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

   ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

   ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.


Sincerely,


David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit FFFF</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 11, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-001
Subject: TRUMP, DONALD (SECURITY BRIEFINGS)

Dear Mr. Mcclanahan:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information Act (FOIA) request. Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☑ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☐ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied. Specifically, you have not provided a compelling argument explaining why the public needs to know about the subject immediately.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

Civil Action No. 1: 17-cv-00189-TSC

# Exhibit GGGG



**U.S. Department of Justice**

**Federal Bureau of Investigation**

Washington, D.C. 20535

October 5, 2016

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-001
Subject: TRUMP, DONALD
(SECURITY BRIEFINGS)

Dear Mr. McClanahan:

This letter is in response to your Freedom of Information Act (FOIA) request.

Material consisting of 2 pages have been reviewed pursuant to Title 5, U.S. Code, Section 552, and this material is being withheld in its entirety by the FBI pursuant to subsections (b)(3) USC § 3024 (i)(1), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E). See attached explanations of exemptions.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  See 5 U. S. C. § 552(c) (2006 & Supp. IV (2010).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.  Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| CENTRAL INTELLIGENCE AGENCY, et al | ) |
| Defendants | ) |

# **<u>Exhibit HHHH</u>**

**Appeal Details**                                                              Status : *Closed*   Due Date : *02/27/2017*
**Request Type : FOIA**                                                                                          ◔  **13**

   

Submitted     Evaluation     Assignment     Processing     Closed

## Appeal Details

Tracking Number : DOJ-AP-2017-001898          Submitted Date : 01/27/2017
Requester : Mr. Kel McClanahan              Received Date : 01/27/2017
Organization : National Security          Last Assigned Date : 01/30/2017
Counselors                                 Appeal Track : Expedited
Requester Has Account : Yes                       Due Date : 02/27/2017
Created on behalf of : Jeff Stein           Assigned To : Rianna Barrett (Appeals)
Email Address : kel@nationalsecuritylaw.org   Last Assigned By : Matthew Hurd (Appeals)
Phone Number : 301-728-5908
Fax Number : 240-681-2189
Address : 4702 Levada Terrace
City : Rockville
State/Province : MD
Zip Code/Postal Code : 20853

## Request Details

Tracking Number : 1350531-001                  Request Phase : Submitted
Requester : Jeff Stein                          Request Track : Simple
Date Submitted : 01/27/2017                   Final Disposition :

Request Description :

| Submission Details | Case File | Admin Cost | Assigned Tasks | Comments (3) | Review |

## Appeal Handling

Requester Info Available to  No                Appeal Received : Yes
the Public :                              Received Date : 01/27/2017
Appeal Track : Expedited          Acknowledgement Sent Date:
Fee Category : N/A                      Litigation : No
Based on Fee Waiver : ⌐
Based on Expedited ⌐
Processing :
Expedited Processing  Yes
Requested :
Expedited Processing Status : Grant

## Basis for Appeal

Short Description : submitted for review

Please accept this late appeal. Because FBI did not include the correct appeal time period in its response letter (it said 60 days instead of 90), I mistakenly concluded in December that I had missed the appeal deadline and so did not file an appeal. However, had FBI included the correct time period, I would have appealed its determination in mid-December, well before the proper deadline of 3 January 2017. Accordingly, OIP should process this appeal.

On behalf of Jeff Stein, I appeal FBI's withholdings and the adequacy of its search. It is clear that FBI only searched the CRS, even though responsive records would be most likely to be located in emails of senior FBI leadership officials and those involved (in an active or advisory capacity) in providing classified briefings to Mr. Trump. Such emails of a non-investigatory nature are only sometimes copied into CRS, and so you should remand this request back to FBI with instructions to search its email systems.

| Basis Available to the Public : No | Has Basis Been Modified?  No | 0/2000 |

## Additional Information

Source Request Tracking 1350531-001
Number :
Expedited Type :  Type 1
Sub-Office :  Federal Bureau of Investigation

## Attached Supporting Files

No supporting files have been added.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |

# **<u>Exhibit IIII</u>**



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**February 15, 2017**

Kel McClanahan, Esq.
National Security Counselors
4702 Levada Terrace          Re:     Appeal No. DOJ-AP-2017-001898
Rockville, MD 20853                  Request No. 1350531-001
kel@nationalsecuritylaw.org          MWH:RNB

**VIA: FOIAonline**

Dear Mr. McClanahan:

You appealed on behalf of your client, Jeff Stein, from the action of the Federal Bureau
of Investigation on his Freedom of Information Act request for access to records concerning
national security briefings given to Donald Trump due to his Presidential candidacy.

After carefully considering your appeal, I am affirming the FBI's action on your client's
request. The FOIA provides for disclosure of many agency records. At the same time, Congress
included in the FOIA nine exemptions from disclosure that provide protection for important
interests such as personal privacy, privileged communications, and certain law enforcement
activities. The FBI properly withheld this information in full because it is protected from
disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(3), which concerns matters specifically exempted from release
by statute (in this instance, 50 U.S.C. § 3024(i)(1), which pertains to the National
Security Act of 1947 and the Central Intelligence Agency Act of 1949);

5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency records
protected by the deliberative process privilege;

5 U.S.C. § 552(b)(6), which concerns material the release of which would
constitute a clearly unwarranted invasion of the personal privacy of third parties;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
enforcement purposes the release of which could reasonably be expected to
constitute an unwarranted invasion of the personal privacy of third parties; and

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law
enforcement purposes the release of which would disclose techniques and
procedures for law enforcement investigations or prosecutions.

- 2 -

Please be advised that for each of these exemptions, it is reasonably foreseeable that disclosure of the information withheld would harm the interests protected by these exemptions.

As to your appeal concerning the adequacy of the FBI's search for responsive records subject to the FOIA, I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for such records. I note that the FBI conducted a search of the Central Records System and conducted a search of multiple offices for emails and other responsive records.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your client's right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

**SEAN**
**X O'NEILL**

Digitally signed by SEAN O'NEILL
DN: c=US, o=U.S. Government,
ou=Dept of Justice, ou=OIP,
cn=SEAN O'NEILL,
0.9.2342.19200300.100.1.1=1500
1001143505
Date: 2017.02.15 09:16:22 -05'00'

Sean R. O'Neill
Chief, Administrative Appeals Staff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                    )
                                 )
        Plaintiff,               )
                                 )
            v.                   )        Civil Action No. 1: 17-cv-00189-TSC
                                 )
CENTRAL INTELLIGENCE             )
AGENCY, et al                    )
                                 )
        Defendants               )

# **<u>Exhibit JJJJ</u>**

**Ramsey, Leanna (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Friday, January 27, 2017 3:32 AM |
| **To:** | FOIPARequest |
| **Subject:** | Fwd: Resubmitted FOIA request |

This is a resubmission of the FOIA requests submitted on 5 May and 22 July 2016 and assigned Req. Nos. 1350531-000 and 1350531-001, respectively. The substantive text of the requests is quoted below in its entirety for your reference, but for this resubmitted request we make the following modifications:

1) You may limit the search to records created between 1 April-30 September 2016.
2) This request is *not* to be limited to the CRS. On the contrary, most responsive records are likely to be located in the email accounts of FBI senior leadership and any FBI officials involved (in an active or advisory capacity) in briefings of Mr. Trump, since such records would be unlikely to be stored in CRS due to the fact that they are non-investigatory.
3) Mr. Stein does not request expedited processing of this resubmitted request.
4) The two documents processed in response to Req. No. 1350531-001 are specified as responsive to this request.
5) If you locate responsive information in any document, we hereby specify that the *entire* document, as a layperson would define that term, is responsive to this request, and no part of it may be labeled "non-responsive." You may not define "document" to mean anything less than a total document as it is defined by Stein. For illustrative example, a book is a document, and a chapter of that book is not. An entire Powerpoint presentation is a document, and a particular slide in that presentation is not. An entire email chain is a document, and a particular email message in that chain is not. This is the definition of "document" you must use when processing this request. If you are unclear as to whether or not something is a document or part of a document, this paragraph states unequivocally that any information covered by the broader definition of the term is responsive to this request.

On 5/5/2016 12:50 AM, Kel McClanahan, Esq. wrote:

> This is a request on behalf of my client Jeff Stein under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy.** You may exclude the *substance* of the briefings and focus only on records about logistics, security concerns, and similar issues. *To clarify, Mr. Stein has no interest in learning what Mr. Trump is briefed about; he is only interested in the process, and he is specifically interested in records discussing any security concerns.*
>
> Mr. Stein is to be considered the only requester for your administrative purposes; National Security Counselors is not to be considered a requester.
>
> To permit my client to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description must include an estimate of the volume of matter withheld in full. The volume of withheld documents may be indicated by the number of pages, number of records, or both, or for large volumes of records, by other measures such as number of boxes, or linear feet of file cabinet drawers. *See* FOIA Update, Vol. XVIII, No. 2 (Spring 1997), at 2 ("FOIA Counselor: Questions & Answers"), *available at* http://www.justice.gov/oip/foia_updates/Vol_XVIII_2/page2.htm.
>
> Mr. Stein qualifies as a representative of the news media. He is an investigative reporter of long standing, specializing in U.S. intelligence, defense, and foreign policy. An Army Intelligence case officer in Vietnam, he also launched CQ's Homeland Security daily in 2002 and served as national security editor. A frequent contributor to national magazines and op-ed pages over the years, Mr. Stein was deputy foreign editor for UPI during the 1980s and is currently a regular contributor to Newsweek. He has appeared on virtually every U.S. and foreign television and radio network as a commentator on national security issues. His SpyTalk blog is one of the most recognized national security news blogs in existence. According to 5 U.S.C. § 552(a)(4)(A)(ii), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. Mr.

FEB 02 2017

Stein has clear intent to publish or otherwise disseminate information to the public. Therefore, in accordance with the Freedom of Information Act and relevant case law, Mr. Stein should be considered a representative of the news media.

Mr. Stein is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Mr. Trump has never had access to classified information and has demonstrated a willingness to publicly release any information that he believes will further his political aims. For this reason, any discussion regarding steps which can be taken by the Government to ensure that classified information is protected when providing such briefings to a presidential candidate like Mr. Trump is of vital interest to the public.

For the same reason, Mr. Stein requests expedited processing of this request. There is an urgency to inform the public regarding this information, and Mr. Stein is primarily engaged in the dissemination of information.

I also specifically state for the record my client's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation.

Please provide any records produced in response to this request in electronic form on a CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this email by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this email in error, please notify me immediately by telephone or email and purge the original and all copies thereof. Thank you.

Kel McClanahan, Esq.
Executive Director
National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1: 17-cv-00189-TSC |
| | ) | |
| CENTRAL INTELLIGENCE | ) | |
| AGENCY, et al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

# Exhibit KKKK

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 16, 2017

KEL MCCLANAHAN
EXECUTIVE DIRECTOR
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1350531-002
Subject: TRUMP, DONALD (SECURITY
BRIEFINGS, APRIL 1, 2016 – SEPTEMBER
30, 2016)

Dear Kel McClanahan:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office
and forwarded to FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIA system.

☐ We have reviewed your request and determined that it is compliant with
the terms and conditions of the eFOIA system.   You will continue to receive
correspondence online.

☐ We have reviewed your request and determined that it is not in compliance with
the terms and conditions of the eFOIA system.   Future correspondence will be
mailed to you.

☐ The subject of your request is currently being processed for public release.   Documents
will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault),
http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a fee waiver is being considered and you will be advised of the decision
at a later date.   If your fee waiver is denied, you will be charged fees in accordance with
the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

☐ As a commercial use requester, you will be charged applicable search, review,
and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

☑ As an educational institution, noncommercial scientific institution or
representative of the news media requester, you will be charged applicable
duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

☐ As a general (all others) requester, you will be charged applicable search and
duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1: 17-cv-00189-TSC |
| | ) |
| CENTRAL INTELLIGENCE | ) |
| AGENCY, et al | ) |
| | ) |
| Defendants | ) |
| | ) |

# **Exhibit LLLL**

**Ramsey, Leanna (RMD) (FBI)**

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Tuesday, February 28, 2017 12:17 AM |
| **To:** | FOIPARequest |
| **Subject:** | Re: New lawsuit filed re: FBI requests |

Please be advised that FBI Req. Nos. 1350531-001 and 1350531-002 are now included in this case.

On 2/8/2017 1:19 AM, Kel McClanahan, Esq. wrote:

> This email is to inform you that the following FBI requests are now the subject of litigation in the case
> *Stein v. CIA*, No. 17-189 (D.D.C.):
>
> 1364143-000
> 1364157-000
> 1364164-000
> 1364168-000
> 1364176-000
> 1364184-000
> 1364185-000
> 1364188-000
> 1364198-000
> 1364208-000
> 1364210-000
> 1364211-000
> 1364214-000
> 1364216-000
> 1364591-000
>
> ---
> This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It
> contains confidential information that may also be legally privileged.  Any copying, dissemination or
> distribution of the contents of this email by anyone other than the addressee or his or her agent for such
> purposes is strictly prohibited.  If you have received this email in error, please notify me immediately by
> telephone or email and purge the original and all copies thereof.  Thank you.
>
> Kel McClanahan, Esq.
> Executive Director
> National Security Counselors
>
> "As a general rule, the most successful man in life is the man who has the best information."
> Benjamin Disraeli, 1880
>
> "Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
> Juvenal, Satire VI

---
This electronic mail (email) transmission is meant solely for the person(s) to whom it is addressed.  It contains confidential
information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this email by
anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this
email in error, please notify me immediately by telephone or email and purge the original and all copies thereof.  Thank
you.

Kel McClanahan, Esq.
Executive Director

1

National Security Counselors

"As a general rule, the most successful man in life is the man who has the best information."
Benjamin Disraeli, 1880

"Quis custodiet ipsos custodes?" ("Who will watch the watchers?")
Juvenal, Satire VI

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )       Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit MMMM**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No: 1350531-002
Litigation No.: 17-cv-00189
Subject: Trump, Donald (Security Briefings)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| CIA – NatSecAct, CIAAct | ☐ (b)(7)(D) | ☐ (k)(2) |
| ODNI – 50 USC § 3024(m)(1) | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

327 pages were reviewed and 237 pages are being released.

☑ Documents were located which originated with, or contained information concerning, other Government Agencies [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☑ We have consulted with another agency.

☐
In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal. You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

    The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

    See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

As previously indicated, document(s) were located which originated with, or contained information concerning another agency (ies).   We are consulting with the other agency (ies) and are awaiting their response. Our office has processed all other information currently in our possession.   Upon the completion of the outstanding consultation by our office, the FBI will correspond with you regarding those documents when the consultation is completed.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
              v.                       )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **<u>Exhibit NNNN</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

August 10, 2017

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No: 1350531-002
Litigation No.: 17-cv-00189
Subject: Trump, Donald (Security Briefings)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Explanation of Exemptions:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| CIA – NatSecAct, CIAAct | ☐ (b)(7)(D) | ☐ (k)(2) |
| ODNI – 50 USC § 3024(m)(1) | ☑ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

4 pages were reviewed and 4 pages are being released.

☑ Documents were located which originated with, or contained information concerning, other Government Agencies [OGA].

    ☐ This information has been referred to the OGA(s) for review and direct response to you.
    ☑ We have consulted with another agency.

☐ In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 USC § (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Γ   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown when ident, references usually contain information similar to the information processed in the main file(s).   Because of our significant backlog, we have given priority to processing only the main investigative file(s).   If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure(s)

As previously indicated, documents were located which originated with, or contained information concerning other agencies.   We have consulted with the other agencies and their responses are enclosed.

The enclosed documents represent the final release of information responsive to your Freedom of Information Act (FOIA) request.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

| | RMD) (FBI) | | b6 |
| | | | b7C |

| From: | GRIGG, G. CLAYTON (ER) (FBI) | | b3 CIAAct |
| Sent: | Wednesday, August 03, 2016 3:38 PM | | b6 |
| To: | | | |
| Cc: | | | b6 |
| | | | b7C |
| Subject: | RE: For IC Coordination by COB Tomorrow, 3 August- NCTC Talking Points for Presidential | |
| | Candidate Briefings — SECRET//NOFORN | | b7E |

Classification: ~~SECRET//NOFORN/FISA~~

~~Classified By: J49J42T23~~
Derived From: ODNI ANA S-14
~~Declassify On: 20411231~~
==================================================

ALL FBI INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 08-15-2017 BY J37J42T24 NSICG

b3 CIAAct
b6

We are in receipt.  Standby for FBI response.

**G. (Gurvais) Clayton Grigg**
**Deputy Assistant Director**

**Presidential Transition Lead**
**FBI Director's Office**
**Federal Bureau of Investigation**

| Office: | (UNCLASS) | | b6 |
| Mobile | (UNCLASS) | | b7C |

(UNCLASS)
(SECRET - SIPRNET)
(ION - JWICS)

| From: | | b3 CIAAct |
| | | b3 NatSecAct |
| Sent: TUESDAY, AUGUST 02, 2016 1:15 PM | | b6 |
| To: | | |
| | | b6 |
| | | b7C |

Subject: For IC Coordination by COB Tomorrow, 3 August- NCTC Talking Points for Presidential Candidate Briefings

Classification: ~~SECRET//NOFORN~~   b7E

~~Classified By: 2353898~~
~~Derived From: ODNI ANA S-14~~

1

Stein-328

Declassify On: 20411231

b7E

**Good Afternoon Colleagues,**

Please find attached for your review and coordination the talking points and possible questions/answers that the Deputy Director of NCTC intends to use with the Presidential Candidates. Since this covers a wide range of topics, please pass along to whomever you think has equities.  If possible, please send a CONSOLIDATED agency response to

and [                ] by COB tomorrow 3 August.      **b3 CIAAct**
                                                       **b6**

**b3 NatSecAct**

Please note that all information must be at the S//NF level.

Thanks very much for your time and please let us know if you have any questions!

Best,

**b3 CIAAct**
**b6**

==================================================
Classification: SECRET//NOFORN

b7E

==================================================
Classification: SECRET//NOFORN

2

Stein-329

ALL FBI INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED
DATE 08-02-2017 BY C35XXXXX W35ZC

b3 per ODNI

From:                                                          b6 Per FBI
Sent:    Monday, July 18, 2016 2:26 PM                          b7C
To:
Subject:    FW: Mike Dempsey and                    to host PDB Advisory Board on Tuesday, 19 July ---
            TOP SECRET//ORCON/NOFORN   (U)                    b3 per ODNI

Classification:   TOP SECRET//ORCON/NOFORN   (U)

Classified By:                              (U)                b3 per ODNI
Derived From: ODNI ANA T-14
Declassify On: 20411231
============================================================

First bullet in below e-mail FYI.

            b3 per ODNI

From:                                                          b6 Per FBI
Sent: Thursday, July 14, 2016 7:19 AM                          b7C
To:
Cc:
Subject: FW: Mike Dempsey and                 to host PDB Advisory Board on Tuesday, 19 July --- TOP   b3 per ODNI
SECRET//ORCON/NOFORN   (U)

Classification:   TOP SECRET//ORCON/NOFORN   (U)

Classified By:                      (U)     b3 per ODNI
Derived From: ODNI ANA T-14
Declassify On: 20411231
============================================================

Can you please add this to my schedule?          will be attending with me....Thanks          b3 per ODNI

From:                                              b3 per ODNI
Sent: Friday, July 08, 2016 5:43 PM                b3 per ODNI
To:
                                                                b6 Per FBI
                                                                b7C

1

Stein-330

b3 per ODNI

Cc [redacted]   Michael P. Dempsey-DNI- [redacted]

**Subject:** Mike Dempsey an[redacted] to host PDB Advisory Board on Tuesday, 19 July

Classification: ~~TOP SECRET//ORCON/NOFORN~~ (U)

b3 per ODNI

Classified By: [redacted]   (U)
Derived From: ODNI ANA T-14
Declassify On: ~~20411231~~

Good afternoon!

Thanks to you and all of your analysts and managers who are contributing to and supporting the PDB.  We continue to receive [redacted] from our customer [redacted] and look to your   b1 per ODNI
insightful analysis to support important policy decisions.

b3 per ODNI

I hope you are able to attend the next PDB Advisory Board meeting on Tuesday, 19 July from 1-2:00  in room [redacted] X-
2.  We have four topics to discuss.

b1 per ODNI

- [redacted]   Immediately after the election, we will offe[redacted]   b1 per ODNI
[redacted] for each PDB to the POTUS-elect and VPOTUS-elect (which can last well beyond inauguration.)   b3
[redacted] will present lessons learned from previous
transitions to help us consider what we will do for the new Administration.

b1 per ODNI
b3

- [redacted]

b1 per ODNI
b3

- Time permitting [redacted] will give us an update on the preparations for candidate briefings.   b1 per ODNI
b3

[redacted] will send out the [redacted] number next week for you.

I hope to see you at the meeting!

b3 per ODNI

[redacted]

Classification: ~~TOP SECRET//ORCON/NOFORN~~ (U)

Classification: ~~TOP SECRET//ORCON/NOFORN~~ (U)

Classification: ~~TOP SECRET//ORCON/NOFORN~~ (U)

2

Stein-331

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                              )
                                           )
        Plaintiff,                         )
                                           )
            v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                           )
CENTRAL INTELLIGENCE                       )
AGENCY, et al                              )
                                           )
        Defendants                         )

# <u>Exhibit OOOO</u>



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 18, 2018

Mr. Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853

FOIPA Request No.: 1350531-001 and 1350531-002
Litigation No.:   17-cv-00189
Subject: Trump, Donald (Security Briefings)

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information Act (FOIA), Title 5, United States Code, Section 552.  Below you will find check boxes under the appropriate statue headings with indicate the types of exemptions asserted to protect information which is exempt from disclosure.  The appropriate exemptions are noted on the enclosed pages next to redacted information.  In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☑ (b)(1) | ☐ (b)(7)(A) |  | ☐ (d)(5) |  |
| ☐ (b)(2) | ☐ (b)(7)(B) |  | ☐ (j)(2) |  |
| ☑ (b)(3) | ☑ (b)(7)(C) |  | ☐ (k)(1) |  |
|  | ☐ (b)(7)(D) |  | ☐ (k)(2) |  |
| CIA – NatSecAct, CIAAct |  |  |  |  |
| ODNI – 50 USC § 3024(m)(1) | ☑ (b)(7)(E) |  | ☐ (k)(3) |  |
|  | ☐ (b)(7)(F) |  | ☐ (k)(4) |  |
| ☐ (b)(4) | ☐ (b)(8) |  | ☐ (k)(5) |  |
| ☑ (b)(5) | ☐ (b)(9) |  | ☐ (k)(6) |  |
| ☑ (b)(6) |  |  | ☐ (k)(7) |  |

352 pages were reviewed and 265 pages are being released.

Below you will also find additional informational paragraphs about your request.   Where applicable, check boxes are used to provide you with more information about the processing of your request.   Please read each item carefully.

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐   This information has been referred to the OGA(s) for review and direct response to you.
☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☐   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).  See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

⌐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing.   The references will be reviewed at a later date, as time and resources permit.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

Enclosed is a supplemental release containing the complete Vaugh Coded production to assist you in your review.   In addition, Bates pages Stein 166, and 171-172 have been reprocessed to provide additional segregable information.   These pages were originally withheld in full (WIF), but now have been processed for release at this time.   Finally, Bates pages Stein 351-352 were originally WIF pursuant to exemptions in FOIA Request number 1350531-001 but were subsequently determined to be duplicate pages to processed Bates pages Stein 171-172. Your enclosed Deleted Page Information Sheet (DPIS) will reflect Bates pages Stein 351-352 as duplicate of Bates pages Stein 171-172.

Upon further review Bates pages 332, 335, 338, 345, and 348 were reprocessed to release additional segregable information.   The type of investigation, in this case "Full Investigation", has now been released on these specific pages.

As previously indicated, documents were located which originated with, or contained information concerning other agencies. We have consulted with the other agencies and applied their redactions on the enclosed documents as noted per that agency.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service he release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

**FEDERAL BUREAU OF**
**INVESTIGATION FOI/PA**
**DELETED PAGE INFORMATION SHEET**
**Civil Action# 17-cv-00189, FOIA 1350531-001 and 1350531-002**
**PDF Title:   Trump Briefings**

**Total Withheld Page(s) = 89 (77 duplicates and 12 FOIA Exemptions)**

| Bates Page Reference | Reason for Withholding (i.e., exemptions with coded rationale, duplicate, sealed by order of court, etc.) |
|---|---|
| Stein-119 | (b)(5)-1, (b)(6)-1, and (b)(7)(C-1 [Near duplicate of Bates page Stein- 109] |
| Stein 120-124 | Duplicates of Bates pages Stein 110-114 |
| Stein-125 | (b)(5)-1, (b)(6)-1, and (b)(7)(C)-1 [Near duplicate of Bates page Stein-115] |
| Stein-126 | Duplicate of Bates page Stein-116 |
| Stein-127 | Duplicate of Bates page Stein-118 |
| Stein-128 | Duplicate of Bates page Stein-129 |
| Stein-129 | (b)(5)-1, (b)(6)-1, and (b)(7)(C)-1 |
| Stein-132 | (b)(5)-1, (b)(6)-1, and (b)(7)(C)-1 |
| Stein-133 | Duplicate of Bates page Stein-129 |
| Stein-136 | Duplicate of Bates page Stein-129 |
| Stein-137 | (b)(5)-1, (b)(6)-1, and (b)(7)(C)-1 [Near duplicate of Bates page Stein-109] |
| Stein-138 | Duplicate of Bates page Stein-110 |
| Stein 139-140 | Duplicate of Bates pages Stein 113-114 |
| Stein-141 | Duplicate of Bates page Stein-111 |
| Stein-142 | (b)(5)-1, (b)(6)-3, and (b)(7)(C)-3 |
| Stein-143 | Duplicate of Bates page Stein-116 |
| Stein-144 | (b)(5)-1, (b)(6)-3, and (b)(7)(C)-3 |
| Stein-145 | Duplicate of Bates page Stein-118 |
| Stein-146 | Duplicate of Bates page Stein-129 |
| Stein-147 | Duplicate of Bates page Stein-137 |
| Stein-148 | Duplicate of Bates page Stein-110 |
| Stein 149-150 | Duplicate of Bates pages Stein 113-114 |
| Stein-151 | Duplicate of Bates page Stein-111 |
| Stein-152 | Duplicate of Bates page Stein-142 |
| Stein-153 | Duplicate of Bates page Stein-116 |
| Stein-154 | Duplicate of Bates page Stein-144 |
| Stein-155 | Duplicate of Bates page Stein-118 |
| Stein 156-157 | Duplicate of Bates page Stein-129 |
| Stein-158 | (b)(5)-1 [Near duplicate of Bates page Stein- 109] |
| Stein 159-163 | Duplicate of Bates pages Stein 110-114 |
| Stein-164 | (b)(5)-1 [Near duplicate of Bates page Stein- 115] |
| Stein-165 | Duplicate of Bates page Stein-116 |
| Stein-167 | Duplicate of Bates page Stein-118 |
| Stein-170 | Duplicate of Bates page Stein-129 |
| Stein-177 | (b)(5)-1 [Earlier draft of Bates page Stein- 113] |
| Stein-178 | (b)(5)-1 [Earlier draft of Bates page Stein- 111] |
| Stein-179 | (b)(5)-1 [Earlier draft of Bates page Stein- 116] |
| Stein 186-187 | Duplicate of Bates pages Stein 184-185 |

| Stein 190-191 | Duplicate of Bates pages Stein 188-189 |
| Stein 201-202 | Duplicate of Bates pages Stein 198-199 |
| Stein 242-251 | Duplicate of Bates pages Stein 109-118 |
| Stein 273-281 | Duplicate of Bates pages Stein 175-183 |
| Stein 284-285 | Duplicate of Bates pages Stein 184-185 |
| Stein 286-287 | Duplicate of Bates pages Stein 188-189 |
| Stein 288-293 | Duplicate of Bates pages Stein 192-197 |
| Stein 294-295 | Duplicate of Bates pages Stein 134-135 |
| Stein 296-297 | Duplicate of Bates pages Stein 168-169 |
| Stein 351-352 | Duplicate of Bates pages Stein 171-172 |

```
XXXXXXXXXXXXXXXXXXXXXX
X    Deleted Page(s)     X
X    No Duplication Fee X
X    For this Page       X
XXXXXXXXXXXXXXXXXXXXXX
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 1: 17-cv-00189-TSC
                                       )
CENTRAL INTELLIGENCE                   )
AGENCY, et al                          )
                                       )
        Defendants                     )
                                       )

# **Exhibit PPPP**

*JEFFREY STEIN VS. CENTRAL INTELLIGENCE AGENCY, el al*
17-cv-00189-TSC
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

## *Vaughn* Index

| SUMMARY OF FBI FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(5)** | **PRIVILEGED INFORMATION** |
| (b)(5)-1 | Deliberative Process Privilege (asserted for processing of Plaintiff's second line of inquiry only) |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of FBI Special Agents/Support Personnel (asserted for processing both lines of inquiry, and first line inquiry of records categorically withheld) |
| (b)(6)-2 and (b)(7)(C)-2 | Personal Identifying Information of the Third Parties Receiving Background Investigations (asserted for processing of Plaintiff's first line of inquiry, and records categorically withheld) |
| (b)(6)-3 and (b)(7)(C)-3 | Names and/or Identifying Information of Third Parties Merely Mentioned (asserted for processing of Plaintiff's first line of inquiry, and records categorically withheld) |
| (b)(6)-4 and (b)(7)(C)-4 | Names and/or Identifying Information of Non-FBI Federal Government Personnel (asserted for first line of inquiry records categorically withheld, and for Plaintiff's second line of inquiry) |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |

| (b)(7)(E)-2 | Database Identifiers (asserted for first line of inquiry for Plaintiff's processing RIP) and Database Search Results (asserted for first line of inquiry records categorically withheld) |
|---|---|
| (b)(7)(E)-3 | Internal FBI Secure Email or IP Addresses, Intranet/Web Addresses (asserted for first and second line of inquiry processing, and for records categorically withheld for Plaintiff's first line of inquiry) |
| (b)(7)(E)-4 | Specific Law Enforcement Technique Utilized to Conduct National Security Investigations (asserted for Plaintiff's second line of inquiry only) |

## INDEX KEY

RIF: Released in Full

RIP: Released in Part

WIF: Withheld in Full

FOIA WIF: Withheld in Full pursuant to FOIA Exemptions

Dup: Duplicate page that was Withheld in Full

Dup of: Location of original processed copy

## FBI DOCUMENT TYPES

| Form FD-1057 and Electronic Communications ("ECs") | FD-1057s and ECs replaced the traditional FBI correspondence (i.e., Memoranda and Letters) as the primary vehicle of correspondence within the FBI. The purpose of an EC is to communicate within the FBI in a consistent format that can be uploaded by the originating Division or office, transmitted, and downloaded by recipient Divisions or offices within the FBI's internal computer network. These forms are often utilized to record and disseminate intelligence/investigative information and for general investigation administration purposes. Documentation detailed in the EC are attached as enclosures. |
|---|---|
| Internal Electronic Mail Messages (E-mails) | These documents consist of copies of E-mails between FBI personnel discussing investigative matters, and/or FBI personnel discussing investigative matters with United States Attorney's Office. |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email chain between the Office of the Director of National Security (ODNI) and FBI dated between 8/15/2016 - 8/23/2016 documenting a discussion concerning briefing the presidential and vice-presidential | 1 | | x | | | | | | | b3 | | | x | | | |
| candidates on specific national security topics.  The email attachment titled, "Briefer Worksheet & Contact List for NYC TDY" concerns the topics to be discussed at the briefing. | 2 | | x | | x | | | | | b3 | | | x | | | |
| Internal FBI email from FBI Deputy Assistant Director ("DAD") Grigg (FBI Presidential Transition Lead) dated 8/27/2016 | 3 | | x | | | | | | | | | | x | | | |
| documenting the success of the first ODNI strategic intelligence briefing with candidate Clinton earlier that day. | 4 | | | | | | | | | | | x | | | | |
| Continuation of the email discussion from FBI DAD Grigg (FBI Presidential Transition Lead) dated 8/27/2016 as described at Bates pages Stein 3-4. | 5 | | x | | | | | | | | | | x | | | |
| | 6 | | x | | | | | | | | | | x | | | |
| | 7 | | x | | | | | | | | | | x | | | |
| Internal FBI email from FBI DAD Grigg (FBI Presidential Transition Lead) dated 9/2/2016 documenting | 8 | | x | | | | | | | | | | x | | | |
| the success of the second ODNI strategic intelligence briefing with candidate Trump held earlier that day. | 9 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Continuation of the email discussion from FBI DAD Grigg dated 9/2/2016 as described at Bates pages Stein 8-9. | 10 | | x | | | | | | | | | | x | | | |
| | 11 | | x | | | | | | | | | | x | | | |
| | 12 | | x | | | | | | | | | | x | | | |
| Internal FBI email from FBI DAD Grigg dated 9/30/2016 providing situation awareness on the completion of Vice-Presidential candidate Pence second ODNI strategic intelligence briefing held on 9/29/2016.  In addition, the email updates on the briefings given to all the candidates to date. | 13 | | x | | | | | | | | | | x | | | |
| | 14 | | x | | | | | | | | | | x | | | |
| Internal FBI email from FBI DAD Grigg dated 9/9/2016 providing situational awareness on the completion of Vice-Presidential candidates Kaine and Pence first ODNI strategic intelligence briefings held on 9/8/2016 and 9/9/2016.  In addition, the email updates on the briefings given to all the candidates to date. | 15 | | x | | | | | | | | | | x | | | |
| | 16 | | x | | | | | | | | | | x | | | |
| Email chain between the Central Intelligence Agency ("CIA") 2016 CIA Presidential Transition Team member and the FBI dated 8/23/2016 confirming the 8/27/2016 briefing schedule for Presidential candidate Clinton. | 17 | | x | | | | | | | | b3, b6 | | x | | | |
| | 18 | | x | | | | | | | | b3, b6 | | x | | | |
| Internal FBI email from FBI DAD Grigg dated 8/12/2016 providing situational awareness on the request | 19 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| from Presidential candidate Trump to have his first ODNI briefing on 8/17/2016. | 20 | | x | | | | | | | | | | x | | | |
| Internal FBI email chain dated between 8/11/2016 - 8/16/2016 from the FBI Presidential Transition Team documenting the forwarding of an attachment document titled, "Presidential | 21 | | x | | | | | | | | | | x | | | |
| Transition Team Update for the FBI Director."  The brief of the Director was to take place on 8/15/2016, but was instead changed to 8/17/2016. | 22 | | x | | | | | | | | | | x | | | |
| FBI Email from the FBI National Press Office to the Office of Public | 23 | | | | | | | | | | | x | | | | |
| Affairs Media Representatives dated 9/27/2016 documenting that | 24 | | | | | | | | | | | x | | | | |
| FBI Director Comey testified at a Senate hearing and would be testifying at the House Judiciary | 25 | | | | | | | | | | | x | | | | |
| Committee on 9/28/2016.  In turn, a copy of the Director's House | 26 | | | | | | | | | | | x | | | | |
| Judiciary Committee Hearing transcripts were forwarded to FBI | 27 | | | | | | | | | | | x | | | | |
| DAD Grigg (FBI Presidential Transition Lead), and other FBI personnel, on 9/29/2016. | 28 | | | | | | | | | | | x | | | | |
| | 29 | | | | | | | | | | | x | | | | |
| | 30 | | | | | | | | | | | x | | | | |
| | 31 | | | | | | | | | | | x | | | | |
| | 32 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 33 | | | | | | | | | | | x | | | | |
| | 34 | | | | | | | | | | | x | | | | |
| | 35 | | | | | | | | | | | x | | | | |
| | 36 | | | | | | | | | | | x | | | | |
| | 37 | | | | | | | | | | | x | | | | |
| | 38 | | | | | | | | | | | x | | | | |
| | 39 | | | | | | | | | | | x | | | | |
| | 40 | | | | | | | | | | | x | | | | |
| | 41 | | | | | | | | | | | x | | | | |
| | 42 | | | | | | | | | | | x | | | | |
| | 43 | | | | | | | | | | | x | | | | |
| | 44 | | | | | | | | | | | x | | | | |
| | 45 | | | | | | | | | | | x | | | | |
| | 46 | | | | | | | | | | | x | | | | |
| | 47 | | | | | | | | | | | x | | | | |
| | 48 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 49 | | | | | | | | | | | x | | | | |
| | 50 | | | | | | | | | | | x | | | | |
| | 51 | | | | | | | | | | | x | | | | |
| | 52 | | | | | | | | | | | x | | | | |
| | 53 | | | | | | | | | | | x | | | | |
| | 54 | | | | | | | | | | | x | | | | |
| | 55 | | | | | | | | | | | x | | | | |
| | 56 | | | | | | | | | | | x | | | | |
| | 57 | | | | | | | | | | | x | | | | |
| | 58 | | | | | | | | | | | x | | | | |
| | 59 | | | | | | | | | | | x | | | | |
| | 60 | | | | | | | | | | | x | | | | |
| | 61 | | | | | | | | | | | x | | | | |
| | 62 | | | | | | | | | | | x | | | | |
| | 63 | | | | | | | | | | | x | | | | |
| | 64 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 65 | | | | | | | | | | | x | | | | |
| | 66 | | | | | | | | | | | x | | | | |
| | 67 | | | | | | | | | | | x | | | | |
| | 68 | | | | | | | | | | | x | | | | |
| | 69 | | | | | | | | | | | x | | | | |
| | 70 | | | | | | | | | | | x | | | | |
| | 71 | | | | | | | | | | | x | | | | |
| | 72 | | | | | | | | | | | x | | | | |
| | 73 | | | | | | | | | | | x | | | | |
| | 74 | | | | | | | | | | | x | | | | |
| | 75 | | | | | | | | | | | x | | | | |
| | 76 | | | | | | | | | | | x | | | | |
| | 77 | | | | | | | | | | | x | | · | | |
| | 78 | | | | | | | | | | | x | | | | |
| | 79 | | | | | | | | | | | x | | | | |
| | 80 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 81 | | | | | | | | | | | x | | | | |
| | 82 | | | | | | | | | | | x | | | | |
| | 83 | | | | | | | | | | | x | | | | |
| | 84 | | | | | | | | | | | x | | | | |
| | 85 | | | | | | | | | | | x | | | | |
| | 86 | | | | | | | | | | | x | | | | |
| | 87 | | | | | | | | | | | x | | | | |
| | 88 | | | | | | | | | | | x | | | | |
| | 89 | | | | | | | | | | | x | | | | |
| | 90 | | | | | | | | | | | x | | | | |
| | 91 | | | | | | | | | | | x | | | | |
| | 92 | | | | | | | | | | | x | | | | |
| | 93 | | | | | | | | | | | x | | | | |
| | 94 | | x | | | | | | | | | | x | | | |
| | 95 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Internal Email dated 9/8/2016 from FBI DAD Grigg to certain FBI personnel documenting for | 96 | | x | | | | | | | | | | | x | | |
| situational awareness a link to a speech provided by DNI Clapper on 9/7/2016. | 97 | | x | | | | | | | | | | | x | | |
| Internal email chain dated 8/10/2016 from FBI DAD Grigg to certain FBI personnel requesting, | 98 | | x | | | | | | | | | | | x | | |
| and receiving feedback on a draft copy of materials proposed to support Director Comey | 99 | x | x | | | | | | | | | | | x | | |
| Presidential Transition update meeting scheduled for 8/15/2016. | 100 | x | x | | | | | | | | | | | x | | |
| Continuation of the above email chain (Bates pages Stein 98-100) | 101 | | x | | | | | | | | | | | x | | |
| dated 8/10/2016 where FBI DAD Grigg received additional input on | 102 | x | x | | | | | | | | | | | x | | |
| the draft material. | 103 | | x | | | | | | | | | | | x | | |
| Continuation of the above email chain (Bates pages Stein 98-100) | 104 | | x | | | | | | | | | | | x | | |
| dated 8/10/2016 where FBI DAD Grigg received additional input on | 105 | x | x | | | | | | | | | | | x | | |
| the draft material. | 106 | | x | | | | | | | | | | | x | | |
| Original internal email dated 8/10/2016 from FBI DAD Grigg to certain FBI personnel requesting feedback on a draft copy of materials proposed to support | 107 | x | x | | | | | | | | | | | x | | |
| Director Comey Presidential update meeting scheduled for 8/15/2016. Feedback provided at Bates pages Stein 98-106. | 108 | x | x | | | | | | | | | | | x | | |
| Final FBI report from the FBI Presidential Transition Team dated 8/17/2016 documenting a status and | 109 | | x | | | | | | | | | | | x | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| update for FBI Director James Comey. | 110 | | x | | | | | | | | | | x | | | |
| | 111 | | | | | | | | | | | x | | | | |
| | 112 | | | | | | | | | | | x | | | | |
| | 113 | | | | | | | | | | | x | | | | |
| | 114 | | | | | | | | | | | x | | | | |
| | 115 | | | | | | | | | | | x | | | | |
| | 116 | | | | | | | | | | | x | | | | |
| | 117 | | x | | x | | | | | | | x | | | | |
| | 118 | | | | | | | | | | | x | | | | |
| Draft dated 8/15/2016 of the FBI Presidential Transition Team status an update prepared for FBI Director James Comey.  The final report dated 8/17/2016 processed for release at Bates pages Stein 109-118.  Bates page Stein 119 is a near duplicate draft of Bates page Stein 109.  Bates page Stein 125 is a near duplicate draft of Bates page Stein 115. | 119 | x | x | | | | | | | | | | | x | | |
| | 120 | | | | | | | | | | | | | | x | Stein 110 |
| | 121 | | | | | | | | | | | | | | x | Stein 111 |
| | 122 | | | | | | | | | | | | | | x | Stein 112 |
| | 123 | | | | | | | | | | | | | | x | Stein 113 |
| | 124 | | | | | | | | | | | | | | x | Stein 114 |
| | 125 | x | x | | | | | | | | | | | x | | |
| | 126 | | | | | | | | | | | | | | x | Stein 116 |
| | 127 | | | | | | | | | | | | | | x | Stein 118 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space."  This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016).  See Bates page Stein 129 for the original draft. | 128 | | | | | | | | | | | | | | x | Stein 129 |
| Draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space."  This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016).  The proposed handout detailed potential visit preparation steps and procedures for if or when a presidential candidate visited FBI space. | 129 | x | x | | | | | | | | | | | x | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the events and transition preparations for the week of August 1-5, 2016.  Portions of | 130 | | x | | | | | | | | b3 | | x | | | |
| the handout relating to future drafting deadlines for "Transition Products" and proposed "Liaison/Outreach" for future events were withheld as deliberative. | 131 | x | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Draft proposed handout dated 8/8/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space." This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016). | 132 | x | x | | | | | | | | | | | x | | |
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space." This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016). See Bates page Stein 129 for the original draft. | 133 | | | | | | | | | | | | | | x | Stein 129 |
| This document titled, "FBI Presidential Transition: Weekly ADD Update" summarized the background events to date, proposed events, and transition preparations as of August 22, 2016. | 134 | x | x | | | | | | | | | | x | | | |
| Portions of the handout relating to future proposed events, drafting deadlines for "Transition Products," and "other" proposed future meetings were withheld as deliberative. | 135 | x | | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space."  This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016).  See Bates page Stein 129 for the original draft. | 136 | | | | | | | | | | | | | | x | Stein 129 |
| A 8/17/2016 draft version of the final FBI report from the FBI Presidential Transition Team provided on 8/17/2016 documenting a status and update for FBI Director James Comey.  The final report (dated 8/17/2016) processed for release at Bates pages Stein 109-118.  Bates page Stein 137 is a near duplicate draft of Bates page Stein 109.  Bates page Stein 142 is a draft presentation page not used in the final version. This  slide provided a prior version of 2008 transition goals, deliverables, and resources.  Bates page Stein 144 is a draft presentation page not used in the final version.  This draft offered potential "Challenges Associated with the Transition." | 137 | x | x | | | | | | | | | | | x | | |
| | 138 | | | | | | | | | | | | | | x | Stein 110 |
| | 139 | | | | | | | | | | | | | | x | Stein 113 |
| | 140 | | | | | | | | | | | | | | x | Stein 114 |
| | 141 | | | | | | | | | | | | | | x | Stein 111 |
| | 142 | x | | | x | | | | | | | | | x | | |
| | 143 | | | | | | | | | | | | | | x | Stein 116 |
| | 144 | x | | | x | | | | | | | | | x | | |
| | 145 | | | | | | | | | | | | | | x | Stein 118 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space."  This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016).  See Bates page Stein 129 for the original draft. | 146 | | | | | | | | | | | | | | x | Stein 129 |
| A 8/17/2016 draft version (same as the draft at Bates pages Stein 137-145) of the final FBI report from the FBI Presidential Transition Team provided on 8/17/2016 documenting a status and update for FBI Director James Comey.  The final report (dated 8/17/2016) processed for release at Bates pages Stein 109-118. | 147 | | | | | | | | | | | | | | x | Stein 137 |
| | 148 | | | | | | | | | | | | | | x | Stein 110 |
| | 149 | | | | | | | | | | | | | | x | Stein 113 |
| | 150 | | | | | | | | | | | | | | x | Stein 114 |
| | 151 | | | | | | | | | | | | | | x | Stein 111 |
| | 152 | | | | | | | | | | | | | | x | Stein 142 |
| | 153 | | | | | | | | | | | | | | x | Stein 116 |
| | 154 | | | | | | | | | | | | | | x | Stein 144 |
| | 155 | | | | | | | | | | | | | | x | Stein 118 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space." This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016). See Bates page Stein 129 for the original draft. | 156 | | | | | | | | | | | | | | x | Stein 129 |
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space." This handout was under consideration to support Director Comey Presidential update meeting scheduled for 8/15/2016 (actual meeting took place 8/17/2016). See Bates page Stein 129 for the original draft. | 157 | | | | | | | | | | | | | | x | Stein 129 |
| This document presentation dated 9/26/2016 is an almost exact copy of the of the original FBI Presidential Transition Team status an update prepared for FBI Director James Comey dated 8/17/2016, and processed at Bates pages Stein 109-118. Bates page Stein 158 is a near duplicate draft of Bates page Stein 109. Bates page Stein 164 is a near duplicate draft of Bates page Stein 115. Bates page Stein 166 is a near duplicate of Bates page Stein 117, | 158 | x | | | | | | | | | | | | x | | |
| | 159 | | | | | | | | | | | | | | x | Stein 110 |
| | 160 | | | | | | | | | | | | | | x | Stein 111 |
| | 161 | | | | | | | | | | | | | | x | Stein 112 |
| | 162 | | | | | | | | | | | | | | x | Stein 113 |
| | 163 | | | | | | | | | | | | | | x | Stein 114 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| and was originally WIF. After further review the FBI determined Bates page Stein 166 contained one additional sentence of new material. A supplemental release of Bates page Stein 166 has been provided to the Plaintiff with the additional material released. | 164 | x | | | | | | | | | | | | x | | |
| | 165 | | | | | | | | | | | | | | x | Stein 116 |
| | 166 | | x | | x | | | | | | | | x | | | |
| | 167 | | | | | | | | | | | | | | x | Stein 118 |
| This document titled, "FBI Presidential Transition: Weekly ADD Update (09/01/2016)" summarized the background events to date, proposed events, and transition preparations as of 9/1/2016. Portions of the handout relating to future proposed events, drafting deadlines for "Transition Products," and "other" proposed future meetings were withheld as deliberative. | 168 | x | x | | | | | | | | | | x | | | |
| | 169 | x | | | | | | | | | | | x | | | |
| Duplicate of a draft proposed handout dated 8/9/2016 titled, "FBI Presidential Transition 2016: Presidential Candidate Visits to FBI Space." This handout was under consideration to support Director Comey Presidential update meetings. See Bates page Stein 129 for the original draft. | 170 | | | | | | | | | | | | | | x | Stein 129 |
| This is the originating email for the 7/29/2016 email chain processed at Bates pages Stein 173-174, and a duplicate of Bates pages Stein 351-352. | 171 | | x | | | x | | | | | b3 | | x | | | |
| | 172 | | x | | | x | | | | | b3 | | x | | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email chain dated 7/29/2016 titled, "Presidential Candidate Pre Election Threat Briefings." The Presidential Transition Team Deputy Lead provided the email recipients a summary of a meeting held that day with the CIA and the FBI Security Division regarding the | 173 | | x | | | x | | | | | b3 | | x | | | |
| logistics for the pre election threat briefings that will be provided to the two presidential candidates. The originating email is also processed for release at Bates pages Stein 171-172, and is duplicated at Bates pages Stein 351-352. | 174 | | x | | | x | | | | | b3 | | x | | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, proposed events | 175 | x | | | | | | | | | | | x | | | |
| and deadlines, drafting of briefing material, and transition preparations for the week of 7/11/2016 through 7/15/2016. Portions of the handout relating to future proposed | 176 | x | x | | | | | | | | | | x | | | |
| events, drafting deadlines for "Transition Products," and "Pending Actions" needing follow-up were withheld as deliberative. Draft briefing material being | 177 | x | | | | | | | | | | | | x | | |
| prepared to educate the incoming administration, transition team, and others on the FBI mission, programs and activities were WIF at Bates pages Stein 177-179. Bates page Stein 177 is an earlier | 178 | x | | | | | | | | | | | | x | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| draft of Bates page Stein 113, Bates page Stein 178 is an earlier draft of Bates page 111, and Bates page Stein 179 is an earlier draft of Bates page Stein 116. | 179 | x | | | | | | | | | | | | | x | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, and proposed transition deadlines and products for the week of 7/18/2016 through 7/22/2016.  Portions of the handout relating to future proposed events, and drafting deadlines for "Transition Products," were withheld as deliberative. | 180 | x | | | | | | | | | | | x | | | |
| | 181 | x | x | | | | | | | | | | x | | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, background events to complete, proposed transition deadlines and products, and outreach for the week of 7/25/2016 through 7/29/2016. Portions of the handout relating to future proposed events and background deadlines, drafting deadlines for "Transition Products," and proposed future outreach were withheld as deliberative. | 182 | x | | | | | | | | | | | x | | | |
| | 183 | x | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, background events to complete, proposed transition deadlines and products, and outreach for the week of 8/1/2016 through 8/5/2016. Portions of the handout relating to future proposed events and background deadlines, drafting deadlines for "Transition Products," and proposed future outreach were withheld as deliberative. | 184 | x | x | | | | | | | | | | x | | | |
| | 185 | x | x | | | | | | | | | | x | | | |
| Duplicate of Bates pages Stein 184-185. | 186 | | | | | | | | | | | | | | x | Stein 184 |
| | 187 | | | | | | | | | | | | | | x | Stein 185 |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, background events to complete, proposed transition deadlines and products, and outreach for the week of 8/15/2016 through 8/19/2016. Portions of the handout relating to future proposed events and background deadlines, drafting deadlines for "Transition Products," and proposed future outreach were withheld as deliberative. | 188 | x | | | | | | | | | | | x | | | |
| | 189 | x | | | | | | | | | | | x | | | |
| Duplicate of Bates pages Stein 188-189. | 190 | | | | | | | | | | | | | | x | Stein 188 |
| | 191 | | | | | | | | | | | | | | x | Stein 189 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, proposed transition deadlines and products, and outreach for the week of | 192 | x | x | | | | | | | | | | x | | | |
| 8/22/2016 through 8/26/2016. Portions of the handout relating to drafting deadlines for "Transition Products," and proposed future outreach were withheld as deliberative. | 193 | x | x | | | | | | | | | | x | | | |
| This document titled, "FBI Presidential Submission: Weekend Briefing Book Submission" summarized the background events completed to date, and past and future liaison outreach meetings for week of 8/29/2016 through 9/02/2016. Portions of the handout relating to proposed future outreach meeting were withheld as deliberative. | 194 | x | x | | | | | | | | | | x | | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, proposed | 195 | | | | | | | | | | | x | | | | |
| transition deadlines and products, and outreach for the week of 9/19/2016 through 9/23/2016. Portions of the handout relating to | 196 | x | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| pending drafting deadlines for "Transition Products," were withheld as deliberative. | 197 | | | | | | | | | | | x | | | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, proposed transition deadlines and products, and outreach for the week of 9/19/2016 through 9/23/2016. Portions of the handout relating to | 198 | | | | | | | | | | | x | | | | |
| drafting deadlines for "Transition Products," were withheld as deliberative. | 199 | x | x | | | | | | | | | | x | | | |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, and liaison and outreach performed to date for the week of 9/19/2016 through 9/23/2016. | 200 | | x | | | | | | | | | | x | | | |
| Duplicate of Bates pages Stein 198-199. | 201 | | | | | | | | | | | | | | x | Stein 198 |
| | 202 | | | | | | | | | | | | | | x | Stein 199 |
| Email dated 8/9/2016 from FBI DAD Clayton Grigg to internal FBI recipients titled, "FBI Presidential Transition: Notice to OPA & Media Reps" summarized specific press | 203 | | x | | | | | | | | | | x | | | |

20

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| release restrictions, expectations for logistical support following the candidate conventions, and updates on providing strategic-level intelligence briefings. | 204 | | x | | | | | | | | | | x | | | |
| Email dated 8/9/2016 from FBI DAD Clayton Grigg to internal FBI recipients titled, "FBI Presidential Transition: Notice to OPA & Media Reps" summarized specific press release restrictions, expectations for | 205 | | x | | | | | | | | | | x | | | |
| logistical support following the candidate conventions, and updates on providing strategic-level intelligence briefings. Almost a duplicate of Bates pages Stein 203-204, but the email was sent to fewer recipients. | 206 | | x | | | | | | | | | | x | | | |
| "Frequently Asked Questions" handout created by the FBI | 207 | | | | | | | | | | | x | | | | |
| Presidential Transition team to educate and inform the President, | 208 | | | | | | | | | | | x | | | | |
| Vice-President, the incoming administration, Department of | 209 | | | | | | | | | | | x | | | | |
| Justice, Congressional and other Intelligence Community (IC), and | 210 | | | | | | | | | | | x | | | | |
| law enforcement partners about the FBI mission, organization, programs, and activities.  In | 211 | | | | | | | | | | | x | | | | |
| addition, the handout details the presidential transition duties and | 212 | | x | | | | | | | | | | x | | | |
| activities performed by the FBI Transition Team. | 213 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email chain dated 8/9/2016 and titled, "Presidential Transition (8/9/2016)" was sent by FBI DAD Grigg to internal FBI recipients to provide updates on the FBI Presidential Transition Team activities. Chain also processed at Bates pages Stein 256-258, 259-260, and 264-266. | 214 | | x | | | | | | | | | | x | | | |
| | 215 | | x | | | | | | | | | | x | | | |
| | 216 | | x | | | | | | | | | | x | | | |
| This email dated 8/5/2016 from FBI DAD Grigg to internal FBI recipients titled, "FBI Presidential Transition: Weekend Book" summarized the background events completed to date, proposed transition deadlines and products, and outreach for the week of 8/1/2016 through 8/5/2016. Portions of the handout relating to drafting deadlines for "Transition Products," and proposed outreach goals were withheld as deliberative. | 217 | | x | | | x | | | | | | | x | | | |
| | 218 | | x | | | x | | | | | b3 | | x | | | |
| | 219 | x | x | | | x | | | | | | | x | | | |
| | 220 | | x | | | | | | | | | | x | | | |
| Email dated 8/8/2016 from FBI DAD Grigg to internal FBI recipients requests review of a draft Presidential Transition Team handout tilted, "Presidential Candidate Visits to FBI Space." | 221 | | x | | | | | | | | | | x | | | |
| Email dated 8/9/2016 from FBI DAD Grigg to internal FBI recipients requests review of a draft Presidential Transition Team handout tilted, "Presidential Candidate Visits to FBI Space." | 222 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Due to the cancelation of the 8/22/2016 "Weekly Presidential Transition Team Meeting" FBI DAD Grigg by email dated 8/22/2016 informs internal FBI recipients of a set of proposed meeting dates and times for the Center for Presidential Transition to host an "Agency Transition Roundtable" for FBI leaders. This proposal was withheld as deliberative. | 223 | x | x | | | | | | | | | | x | | | |
| | 224 | | x | | | | | | | | | | x | | | |
| Email chain dated 8/12/2016 from the Chief of Staff, CIA Presidential Transition Team, to FBI recipients documents a discussion on the "Potential Candidate Briefing in NYC Next Week." The tentative details of the proposed visit of Donald Trump and his national security advisors was withheld as deliberative. | 225 | | x | | | | | | | | | | x | | | |
| | 226 | | x | | | x | | | | | | | x | | | |
| | 227 | x | | | | x | | | | | | | x | | | |
| Electronic Communication ("EC") dated 8/9/2016 from the FBI Security Division to all FBI Field Offices (FBIFOs) details advance notice of the expectation of the need for logistical support by each FO following the Democratic and Republican National Conventions for background investigation assistance following the 11/8/2016 presidential election. | 228 | | x | | | | | | | | | | x | | | |
| | 229 | | x | | | | | | | | | | x | | | |
| | 230 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email chain dated between 7/13/2016 and 7/27/2016 documents the Office of the Directorate of National Intelligence ("ODNI") detailing preparations for | 231 | x | x | | | x | | | | | | | x | | | |
| presidential candidate intelligence briefings, and a request for FBI assistance in preparing analytic topics and products for these future briefings. | 232 | | | | | x | | | | | | | x | | | |
| Email chain dated 7/29/2016 titled, "Presidential Candidate Pre Election Threat Briefings."  The Presidential Transition Team Deputy Lead provided the email recipients a summary of a meeting held that day with the CIA and the FBI Security Division regarding he logistics for the pre election threat briefings that will be provided to | 233 | | x | | | x | | | | | b3 | | x | | | |
| the two presidential candidates.  A version of this email chain is also processed at Bates pages Stein 173-174.  The originating email is also processed for release at Bates pages Stein 171-172, and is duplicated at Bates pages Stein 351-352. | 234 | | x | | | | | | | | | | x | | | |
| By email dated 8/10/2016 from FBI DAD Grigg forwarded to the NYFO a copy of the "Presidential Candidate Visits to FBI Space" which outlines the process and roles and responsibilities to support presidential and vice-presidential candidate briefing visits to FBI spaces. | 235 | | x | | | | | | | | | | x | | | |

24

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| In preparation of the 9/26/2016 FBI Presidential Transition Team update meeting FBI DAD Grigg provides the team members a copy of the "Presidential Transition Team Update for Office of Congressional Affairs (OCA)," which provides a summary and overview of current transition planning efforts. | 236 | | x | | | | | | | | | | x | | | |
| In preparation of the 8/17/2016 FBI Presidential Transition Team update meeting FBI DAD Grigg provides the team members a copy | 237 | | x | | | | | | | | | | x | | | |
| of the "Presidential Transition Summary and Overview," and the "Presidential Candidate Visits to FBI Space." | 238 | | x | | | | | | | | | | x | | | |
| After the 8/17/2016 FBI Presidential Transition Team update meeting FBI DAD Grigg by email dated 8/18/2016 provided team members a copy of three | 239 | | x | | | | | | | | | | x | | | |
| documents discussed at the meeting titled, "Presidential Transition 3pm SVTC Talking Points," "Presidential Transition Summary and Overview," and "Presidential Candidate Visits to FBI Space." | 240 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Copy of the document titled, "FBI Presidential Transition: Talking Points for Weekly SVTC (8/17/2016)," which was attached to the 8/18/2016 email detailed at Bates pages Stein 239-240. The part of the document detailing "What do we need from you?" is withheld as deliberative as they are requests for future proposed needs. | 241 | x | | | | | | | | | | | x | | | |
| Copy of the document titled, "FBI Presidential Transition Team: Status and update for FBI Director James B. Comey" (shorten by DAD Grigg as "Presidential Transition Summary and Overview") dated 8/17/2016, which was attached to the 8/18/2016 email detailed at Bates pages Stein 239-240. This presentation is a duplicate of the presentation at Bates pages Stein 109-118. | 242 | | | | | | | | | | | | | | x | Stein 109 |
| | 243 | | | | | | | | | | | | | | x | Stein 110 |
| | 244 | | | | | | | | | | | | | | x | Stein 111 |
| | 245 | | | | | | | | | | | | | | x | Stein 112 |
| | 246 | | | | | | | | | | | | | | x | Stein 113 |
| | 247 | | | | | | | | | | | | | | x | Stein 114 |
| | 248 | | | | | | | | | | | | | | x | Stein 115 |
| | 249 | | | | | | | | | | | | | | x | Stein 116 |
| | 250 | | | | | | | | | | | | | | x | Stein 117 |
| | 251 | | | | | | | | | | | | | | x | Stein 118 |
| This email chain started with email dated 6/3/2016 from a Presidential Transition Team member providing certain internal FBI recipients the location of the FBI's Transition Team SharePoint site (share submissions on various topics). The chain continues on 8/17/2016 | 252 | x | x | | | | | | | | | | x | | | |
| | 253 | x | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| with the FBI Directorate of Intelligence (DI) requesting a coordination meeting between the Presidential Transition Team (PTT) | 254 | x | x | | | | | | | | | | x | | | |
| and the Presidential Daily Briefing (PDB) team, which will help develop transition products for the incoming POTUS. | 255 | | | | | | | | | | | x | | | | |
| Email chain dated 8/9/2016 and titled, "Presidential Transition Update (8/9/2016)" was sent by | 256 | | x | | | | | | | | | | x | | | |
| FBI DAD Grigg to internal FBI recipients to provide updates on the FBI Presidential Transition Team | 257 | | x | | | | | | | | | | x | | | |
| activities.  Original chain processed at Bates pages Stein 214-216, 259-260, and 264-266. | 258 | | x | | | | | | | | | | x | | | |
| Email chain dated 8/9/2016 and titled, "Presidential Transition (8/9/2016)" was sent by FBI DAD Grigg to internal FBI recipients to | 259 | | x | | | | | | | | | | x | | | |
| provide updates on the FBI Presidential Transition Team activities.  This chain also processed at Bates pages Stein 214-216, 256-258, and 264-266. | 260 | | x | | | | | | | | | | x | | | |
| Email chain dated between 7/13/2016 and 8/1/2016 documents the Office of the Directorate of National Intelligence ("ODNI") | 261 | | x | | | | | | | | | | x | | | |
| detailing preparations for presidential candidate intelligence briefings, and a request for FBI assistance in preparing analytic | 262 | x | x | | | x | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| topics and products for these future briefings. Original email chain processed at Bates pages Stein 231-232. | 263 | | | | | x | | | | | | | x | | | |
| Email chain dated 8/9/2016 and titled, "Presidential Transition (8/9/2016)" was sent by FBI DAD | 264 | | x | | | | | | | | | | x | | | |
| Grigg to internal FBI recipients to provide updates on the FBI Presidential Transition Team | 265 | | | | | | | | | | | x | | | | |
| activities. This chain also processed at Bates pages Stein 214-216, 256-258, and 259-260. | 266 | | x | | | | | | | | | | x | | | |
| Email dated 8/30/2016 from FBI DAD Grigg (FBI Presidential Transition Lead) to internal FBI recipients transmits a copy of the | 267 | | x | | | | | | | | | | x | | | |
| FBI Presidential Transition Weekly Update agenda for the upcoming 9/1/2016 meeting. | 268 | | | | | | | | | | | x | | | | |
| An mail chain dated 8/9/2016 originated from the FBI Presidential Transition Deputy Lead, and contained a copy of the document titled, "Presidential | 269 | | x | | | | | | | | | | x | | | |
| Candidate Visits to FBI Space." FBI DAD Grigg (FBI Presidential Transition Lead) forwarded the document to other internal FBI recipients. | 270 | | x | | | | | | | | | | x | | | |
| By emailed dated 8/5/2016 from FBI DAD Grigg (FBI Presidential Transition Lead) to an internal FBI recipient the DAD requested copies of four unclassified Presidential | 271 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Transition Weekend Book submissions to be transferred to him on the unclassified network ("UNET"). | 272 | | x | | | | | | | | | | x | | | |
| The first Presidential Transition Weekend Book submission for the week of 7/11/2016 through 7/15/2016 transferred to the UNET as requested in the above email is a duplicate of Bates pages Stein 175-179. | 273 | | | | | | | | | | | | | | x | Stein 175 |
| | 274 | | | | | | | | | | | | | | x | Stein 176 |
| | 275 | | | | | | | | | | | | | | x | Stein 177 |
| | 276 | | | | | | | | | | | | | | x | Stein 178 |
| | 277 | | | | | | | | | | | | | | x | Stein 179 |
| The second Presidential Transition Weekend Book submission for the week of 7/18/2016 through 7/22/2016 transferred to the UNET as requested in the above email is a duplicate of Bates pages Stein 180-181. | 278 | | | | | | | | | | | | | | x | Stein 180 |
| | 279 | | | | | | | | | | | | | | x | Stein 181 |
| The third Presidential Transition Weekend Book submission for the week of 7/25/2016 through 7/29/2016 transferred to the UNET as requested in the above email is a duplicate of Bates pages Stein 182-183. | 280 | | | | | | | | | | | | | | x | Stein 182 |
| | 281 | | | | | | | | | | | | | | x | Stein 183 |
| This document titled, "FBI Presidential Transition: Weekend Briefing Book Submission" summarized the background events completed to date, and outreach completed to date for the week of 8/7/2016 through 8/12/2016. | 282 | | | | | | | | | | | x | | | | |
| | 283 | | x | | | | | | | | | | x | | | |
| The fourth Presidential Transition Weekend Book submission for the week of 8/1/2016 through 8/5/2016 transferred to the UNET as | 284 | | | | | | | | | | | | | | x | Stein 184 |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| requested in the email at Bates pages Stein 271-272 is a duplicate of Bates pages Stein 184-185. | 285 | | | | | | | | | | | | | | x | Stein 185 |
| Duplicate of Bates pages Stein 188-189. | 286 | | | | | | | | | | | | | | x | Stein 188 |
| | 287 | | | | | | | | | | | | | | x | Stein 189 |
| Duplicate of Bates pages Stein 192-193. | 288 | | | | | | | | | | | | | | x | Stein 192 |
| | 289 | | | | | | | | | | | | | | x | Stein 193 |
| Duplicate of Bates page 194. | 290 | | | | | | | | | | | | | | x | Stein 194 |
| Duplicate of Bates pages Stein 195-197. | 291 | | | | | | | | | | | | | | x | Stein 195 |
| | 292 | | | | | | | | | | | | | | x | Stein 196 |
| | 293 | | | | | | | | | | | | | | x | Stein 197 |
| Duplicate of Bates pages Stein 134-135. | 294 | | | | | | | | | | | | | | x | Stein 134 |
| | 295 | | | | | | | | | | | | | | x | Stein 135 |
| Duplicate of Bates pages Stein 168-169. | 296 | | | | | | | | | | | | | | x | Stein 168 |
| | 297 | | | | | | | | | | | | | | x | Stein 169 |
| Email dated 8/1/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, requested DAD Grigg (FBI Presidential Transition Lead) to provide the Presidential Transition | 298 | | x | | | | | | | | | | x | | | |
| Weekly Report for the week of 8/1/2016 through 8/5/2016 early due to the FBI Director's travel schedule. DAD Grigg provided the report by email dated 8/3/2016. | 299 | | x | | | | | | | | | | x | | | |
| Email dated 8/11/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, requested DAD Grigg (FBI | 300 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Presidential Transition Lead) to provide the Presidential Transition Weekly Report for the week of 8/15/2016 through 8/19/2016 early | 301 | | x | | | | | | | | | | x | | | |
| at the request of the FBI Director. DAD Grigg provided the report by an afternoon email dated 8/17/2016 | 302 | | x | | | | | | | | | | x | | | |
| Same originating email as described at Bates pages Stein 300-302, except DAD Grigg provided | 303 | | x | | | | | | | | | | x | | | |
| the requested report in the morning. | 304 | | x | | | | | | | | | | x | | | |
| Email dated 8/18/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, | 305 | | x | | | | | | | | | | x | | | |
| requested DAD Grigg (FBI Presidential Transition Lead) to provide the Presidential Transition | 306 | | x | | | | | | | | | | x | | | |
| Weekly Report for the week of 8/22/2016 through 8/26/2016 early due to the schedule of the FBI | 307 | | x | | | | | | | | | | x | | | |
| Director. DAD Grigg provided the report by an email dated 8/23/2016. | 308 | | | | | | | | | | | x | | | | |
| Email dated 8/18/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, requested DAD Grigg (FBI | 309 | | x | | | | | x | | | | | x | | | |
| Presidential Transition Lead) to provide the Presidential Transition Weekly Report for the week of 8/29/2016 through 9/2/2016 early | 310 | | x | | | | | | | | | | x | | | |
| due to the schedule of the FBI Director. DAD Grigg provided the report by an email dated 8/30/2016. | 311 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Email dated 9/15/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, | 312 | | x | | | | | x | | | | | x | | | |
| requested DAD Grigg (FBI Presidential Transition Lead) to provide the Presidential Transition | 313 | | x | | | | | | | | | | x | | | |
| Weekly Report for the week of 9/19/2016 through 9/23/2016 early due to the schedule of the FBI | 314 | | x | | | | | x | | | | | x | | | |
| Director. DAD Grigg provided the corrected report (9/20/2016 copy had 2 typo's) by an email dated 9/21/2016. | 315 | | x | | | | | | | | | | x | | | |
| Email dated 9/15/2016 from the Special Assistant, FBI Office of the Associate Deputy Director, requested DAD Grigg (FBI Presidential Transition Lead) to provide the Presidential Transition | 316 | | x | | | | | x | | | | | x | | | |
| Weekly Report for the week of 9/19/2016 through 9/23/2016 early due to the schedule of the FBI Director. This email chain dated 9/20/2016 from DAD Grigg is the first submission of the requested | 317 | | x | | | | | | | | | | x | | | |
| week summary. A corrected report (9/20/2016 copy had 2 typo's) was submitted by an email dated 9/21/2016 (processed at Bates pages Stein 312-315). | 318 | | x | | | | | | | | | | x | | | |
| This email chain is the continuation of the email chain processed at | 319 | | x | | | | | | | | | | x | | | |
| Bates pages Stein 312-315. The additional chain (Bates page Stein | 320 | | x | | | | | x | | | | | x | | | |
| 319) informs the email recipients that a further edited copy of the | 321 | | x | | | | | x | | | | | x | | | |
| weekly update is attached. | 322 | | x | | | | | x | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| This email chain is the continuation of the email chain processed at Bates pages Stein 312-315. FBI DAD Grigg's forwarded the copy of the summary report to an additional recipient. | 323 | | x | | | | | | | | | | x | | | |
| | 324 | | x | | | | | x | | | | | x | | | |
| | 325 | | x | | | | | | | | | | x | | | |
| | 326 | | x | | | | | x | | | | | x | | | |
| | 327 | | x | | | | | | | | | | x | | | |
| Email chain date between 8/2/2016 and 8/3/2016. In the 8/2/2016 email from CIA the sender requests the FBI and, government agency recipients, to review a draft talking points and possible Q & A document that the Deputy Director of the National Counter Terrorism Center (NCTC) intends to use during the presidential candidates briefings. The deadline of the response is by 8/3/2016. By email dated 8/3/2016 FBI DAD Grigg's acknowledge receipt of the email request, and requested CIA standby for a response. | 328 | | x | | | x | | | x | | b3, b6 | | | x | | | |
| | 329 | | | | | | | | x | | b3, b6 | | | x | | | |
| Email chain dated 7/8/2016 from ODNI requesting the email recipients to attend the next Presidential Daily Briefing (PDB) Advisory Board meeting scheduled for 7/19/2016 to discuss several topics. | 330 | | x | | | | | | | b3 | | | | x | | | |
| | 331 | | | | | | | | | b1, b3 | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EC dated 12/15/2016 (responsive to Plaintiff's FOIA 1364211-000 on subject "Betsy DeVos") concerning the "Initiation of a Level I Expedite Full-Field Background Investigation on Elisabeth Prince DeVos." The responsive material were the investigation instructions, while the balance of the investigative case file 161A-HQ-2111671 was categorically withheld pursuant to FOIA Exemption (b)(6), and (b)(7)(C), and at times portions were being withheld pursuant to FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 332 | | x | | | | | | | | | | x | | | |
| | 333 | | | x | | | | | | | | | x | | | |
| | 334 | | | | | | | | | | | x | | | | |
| EC dated 12/07/2016 (responsive to Plaintiff's FOIA 1364214-000 on subject "General James Mattis") concerning the "A Level I Full-Field Presidential Appointment with Senate Confirmation background investigation (BI) on captioned candidate" which was "James Norman Mattis". The responsive material were the investigation instructions, while the balance of the investigative case file 161A-HQ-2108846 was categorically withheld pursuant to | 335 | | x | | | | | | | | | | x | | | |
| | 336 | | | | | | | | | | | x | | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOIA Exemption (b)(6), and (b)(7)(C), and at times portions were being withheld pursuant to FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 337 | | | x | | | | | | | | | x | | | |
| EC dated 12/23/2016 (responsive to Plaintiff's FOIA 1364143-000 on subject "Rex Tillerson") concerning the "Initiation of a Level I Expedite Full-Field Background Investigation (BI) on Captioned Candidate," which was "Rex Wayne Tillerson." The responsive material were the investigation instructions, while the balance of the investigative case file 161A-HQ-2115681 was categorically withheld pursuant to FOIA Exemption | 338 | | x | x | | | x | | | | | | x | | | |
| | 339 | | | | | | | | | | | x | | | | |
| (b)(6), and (b)(7)(C), and at times portions were being withheld pursuant to FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 340 | | | | | | | | | | | x | | | | |
| EC dated 4/05/2017 (responsive to Plaintiff's FOIA 1364216-000 on subject "Jared Kushner") concerning a "Single Scope Background Investigation (SSBI) of the Subject Candidate," which was "Jared Corey Kushner". The | 341 | | x | | | | | | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| responsive material were the investigation instructions, while the balance of the investigative case file 161U-HQ-2146265 was categorically withheld pursuant to FOIA Exemption (b)(6), and | 342 | | x | x | | | | x | | | | | x | | | |
| (b)(7)(C), and at times portions were being withheld pursuant to FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 343 | | | | | | | x | | | | | x | | | |
| EC dated 3/23/2017 (responsive to Plaintiff's FOIA 1364188-000 on subject "Steven Bannon") concerning a "Single Scope Background Investigation (SSBI) of the Subject Candidate," which | 344 | | x | | | | | | | | | | x | | | |
| was "Stephen Kevin Bannon". The responsive material were the investigation instructions, while the balance of the investigative case | 345 | | | x | | | | x | | | | | x | | | |
| file 161U-HQ-2141801 was categorically withheld pursuant to FOIA Exemption (b)(6), and (b)(7)(C), and at times portions were being withheld pursuant to | 346 | | x | | | | | x | | | | | x | | | |
| FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 347 | | x | | | | | x | | | | | x | | | |

| Document Description | Bates | b5 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 2 | 7E 3 | 7E 4 | Per ODNI | Per CIA | RIF | RIP | FOIA WIF | Dup | Dup of |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EC dated 12/20/2016 (responsive to Plaintiff's FOIA 1364198-000 on subject "Wilber Ross, JR") concerning the "Initiation of a Level I Expedite Full-Field Background Investigation (BI) on Captioned Candidate Using the SF-86," which was "Wilber Louis Ross." The responsive material were the investigation instructions, while the balance of the investigative case file 161A-HQ-2111900 was categorically withheld pursuant to FOIA Exemption (b)(6), and (b)(7)(C), and at times portions were being withheld pursuant to FOIA Exemption (b)(7)(E). A list of the document types withheld categorically were provided to the Plaintiff. | 348 | | x | | | | | | | | | | x | | | |
| | 349 | | | x | | | | | | | | | x | | | |
| | 350 | | | | | | | | | | | x | | | | |
| These email pages were originally WIF in FOIA 1350531-001. Upon additional review these 2 pages were deemed responsive for FOIA 1350531-002 and processed for release at Bates pages Stein 171-172, and released to Plaintiff by supplemental release dated June 15, 2018 (*See* Exhibit OOOO). | 351 | | | | | | | | | | | | | | x | Stein 171 |
| | 352 | | | | | | | | | | | | | | x | Stein 172 |

# 17-cv-00189-TSC
## Page Disposition Totals

| Page Disposition Totals | |
|---|---|
| **Total: 352** | |
| RIF: 100 | |
| RIP: 163 | |
| WIF: 89 | |
| • FOIA Exemption(s): | 12 |
| • Duplicate: | 77 |