IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) | |
|  | ) | |
| *Plaintiff*, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:17-cv-00189 (TSC) |
|  | ) | |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) | |
|  | ) | |
| *Defendants*. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants the Central Intelligence Agency ("CIA"), Department of Commerce ("Commerce"), Department of Defense ("DoD"), Department of Education ("Education"), Department of Justice ("DOJ"), Department of State ("State"), the Office of the Director of National Intelligence ("ODNI"), and the Office of Personnel Management ("OPM"), hereby move for summary judgment on the two disputes remaining in this case, for the reasons set forth in the enclosed Memorandum of Law and attached Statement of Undisputed Material Facts.

Date:  January 19, 2024

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ *Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: 202.514.1359
Email: Jason.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEFFREY STEIN | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Civil Action No. 1:17-cv-00189 (TSC) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | ) ) ) ) | |
| *Defendants*. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................... 1

**BACKGROUND** ...................................................................................................................... 2

    **I.**    **PLAINTIFF'S FOIA REQUESTS AND PROCEDURAL HISTORY** ................................ 2

    **II.**   **THE COURT'S PREVIOUS SUMMARY-JUDGMENT DECISIONS** ............................... 3

**ARGUMENT** ............................................................................................................................ 6

    **I.**    **ODNI CONDUCTED AN ADEQUATE SEGREGABILITY ANALYSIS.** .......................... 6

    **II.**   **FBI PROPERLY WITHHELD CERTAIN INFORMATION FROM THE FOUR PAGES AT ISSUE.** ................................................................................................................... 7

**CONCLUSION** ...................................................................................................................... 10

## INTRODUCTION

This Freedom of Information Act ("FOIA") case was filed in 2017, after Plaintiff requested records pertaining to the process by which various Trump Administration officials were deemed eligible for security clearances. The case has since been through two rounds of summary judgment. *See Stein v. Cent. Intel. Agency*, No. 17-cv-189-TSC, 2023 WL 6388946 (D.D.C. Sep. 29, 2023) ("*Stein II*"); *Stein v. Cent. Intel. Agency*, 454 F. Supp. 3d 1 (D.D.C. 2020) ("*Stein I*"). The Parties agree that there are only two issues remaining: (1) whether the Office of the Director of National Intelligence ("ODNI") conducted a proper segregability analysis of 31 pages that were referred by the Central Intelligence Agency ("CIA") to ODNI, which withheld them in full; and (2) whether the Federal Bureau of Investigation ("FBI") properly applied FOIA Exemptions 6 and 7(C) to records regarding General Michael Flynn and Stephen Bannon. *See* Joint Status Report 2 (Nov. 28, 2023), ECF No. 92. Defendants are entitled to summary judgment on both issues.

First, ODNI properly reviewed the 31 relevant pages to determine whether there was any reasonable segregable, non-exempt information. These pages are screenshots of two databases ("Scattered Castles" and "Signal Flags") related to the background investigations at the heart of Plaintiff's FOIA requests. Defs. Statement of Undisputed Material Facts ("SUMF") ¶ 4. In *Stein I*, the Court held that these 31 pages were properly withheld under Exemption 6, 5 U.S.C. § 552(b)(6). *See* 454 F. Supp. 3d at 30–31. After the Court ordered a supplemental declaration explaining whether there was any reasonably segregable information in those pages, *id.* at 31, an ODNI declarant reviewed "every line of every page" to confirm that there was not, SUMF ¶ 8 (quoting 1st Koch Decl. ¶ 7). After the Court deferred ruling in *Stein II*, that declarant again reviewed all 31 pages and has recently reaffirmed his prior conclusion. SUMF ¶ 12 (citing 2d Koch Decl. ¶ 7).

Second, FBI properly applied six redactions to four pages of records related to Stephen

1

Bannon's background investigation. These six redactions protect three names of FBI personnel and three pieces of Mr. Bannon's personal identifying information ("PII"): his date of birth, place of birth, and social security number. SUMF ¶¶ 14–15. Plaintiff has conceded several times that this kind of information is properly withheld; indeed, he previously abandoned any claim to such information. *E.g.*, Pl. Cross Mot. for Summ. J. 7 (Dec. 15, 2022), ECF No. 82 (asking for summary judgment against FBI *except* as to "names, addresses, email addresses, social security numbers, bank account information, and phone numbers"). In any event, FBI's original declarant explained why such information was properly exempt—including by weighing the public and privacy interests involved—and another FBI declarant has recently re-reviewed all six redactions and reaffirmed that conclusion. *See* SUMF ¶ 16 (citing 2d Seidel Decl. ¶¶ 4–9; Hardy Decl. ¶¶ 120–24).

The Court should grant Defendants summary judgment on all remaining claims.

## BACKGROUND

**I.    PLAINTIFF'S FOIA REQUESTS AND PROCEDURAL HISTORY**

Plaintiff submitted two categories of FOIA requests. First, on May 5, 2016, he submitted "briefing requests" to CIA, DOJ, ODNI, and DoD, seeking "all records, including emails and other forms of electronic communication, about national security briefings given or to be given to Donald Trump due to his Presidential candidacy." 1st Am. Compl. ("1AC") ¶ 18, ECF No. 6.

Beginning in December 2016, Plaintiff submitted a series of "investigation requests" to CIA (*id.* ¶ 104), DOJ (*id.* ¶ 119), FBI (*id.* ¶ 127), OPM's National Background Investigation Bureau ("NBIB") (*id.* ¶ 140), ODNI (*id.* ¶ 149), DoD's Defense Manpower Data Center ("DMDC") (*id.* ¶ 163), DoD's Office of the Secretary of Defense, Joint Staff ("OSD/JS") (*id.* ¶ 171), State (*id.* ¶ 184), Commerce (*id.* ¶ 193), and Education (*id.* ¶ 199). Those requests sought "all records, including emails, about any steps taken to investigate or authorize (or discussions

2

about potentially investigating or authorizing) [15 individuals] for access to classified information." *Id.* ¶ 28. The 15 individuals are Stephen Bannon, Pamela Bondi, Betsy DeVos, Carly Fiorina, Michael Flynn, Sr., Michael Flynn, Jr., Rudolph Giuliani, Jared Kushner, Gen. James Mattis, Gen. David Petraeus, Wilbur Ross, Jr., Rex Tillerson, Donald Trump, Jr., Eric Trump, and Ivanka Trump. *Id.* ¶ 29.

Plaintiff filed suit on January 31, 2017, ECF No. 1, and filed an amended complaint on February 27, 2017, ECF No. 6. After production was completed, the parties briefed cross motions for summary judgment.

## II.   THE COURT'S PREVIOUS SUMMARY-JUDGMENT DECISIONS

On April 20, 2020, the Court ruled on the parties' first cross motions for summary judgment. *See Stein v. Cent. Intel. Agency*, 454 F. Supp. 3d 1 (D.D.C. 2020) ("*Stein I*"). The Court granted in part and denied in part the motions and ordered several Defendants to provide Plaintiff with additional information. In June 2020, Defendants submitted that information to Plaintiff in the form of supplemental declarations from DOJ, ODNI, FBI, Education, State, and OPM. Education also undertook an additional search and referred several responsive records to CIA for processing. Education made a supplemental release on November 16, 2020, and CIA made a supplemental release on February 19, 2021. Both agencies withheld portions of those records under FOIA exemptions.

A lengthy dialogue and negotiation ensued, after which the Parties briefed a second round of summary judgment. *See generally* ECF Nos. 77, 81, 82, 85, 88. On September 29, 2023, the Court issued its second summary-judgment decision. *See Stein v. Cent. Intel. Agency*, No. 17-cv-189-TSC, 2023 WL 6388946 (D.D.C. Sep. 29, 2023) ("*Stein II*"). The Court denied Plaintiff's motion to reconsider the adequacy of CIA's search for responsive records. *Id.* at **3–4. With respect to Defendants' withholdings, the Court (1) ordered CIA to produce 10 disputed documents

3

with everything but General Flynn's and Stephen Bannon's names redacted (*id.* at *2); (2) ordered State to submit *ex parte* one page with contested withholdings for the Court's *in camera* review (*id.* at *3); and (3) deferred ruling on certain withholdings by FBI and ODNI's segregability analysis (*id.*).

On the last issue, the Parties had a misunderstanding about whether Plaintiff had challenged FBI's application of FOIA Exemptions 6 or 7(C) to four pages related Mr. Bannon (addressed below) and whether Plaintiff had challenged whether ODNI had adequately reviewed the 31 pages it had withheld in full for reasonably segregable information, as ordered by the Court in *Stein I*, 454 F. Supp. 3d at 31. Because Defendants understood both issues to fall outside the scope of Plaintiff's proposed disputes, Defendants did not address either issue in their opening brief. *See Stein II*, 2023 WL 6388946 at *3. Plaintiff then argued that Defendants had conceded summary judgment on those points, which Defendants denied. *Id*. Ultimately, the Court deferred ruling. *Id*.

After the Court's *Stein II* ruling, CIA produced the 10 documents at issue, *see* Joint Status Report (Nov. 28, 2023), ECF No. 92, and State delivered the one page to the Court for *in camera* review, *see* Notice of *In Camera*, *Ex Parte* Submission (Nov. 20, 2023), ECF No. 91. On November 28, 2023, the Parties filed a joint status report reflecting their agreement that there are only two disputes remaining in this case: whether ODNI conducted a proper segregability analysis of 31 withheld-in-full pages, and whether FBI properly applied FOIA Exemptions 6 and 7(C) to records pertaining to General Flynn and Stephen Bannon. ECF No. 92 at 2. The Parties also proposed a briefing schedule, *id.*, which the Court entered.

## LEGAL STANDARD

"Most FOIA cases are appropriately resolved on motions for summary judgment." *Gilliam v. U.S. Dep't of Just.*, 128 F. Supp. 3d 134, 138 (D.D.C. 2015) (citing *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011)). Summary judgment is warranted "if the movant

4

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court may award summary judgment in a FOIA action solely on the basis of information provided by the agencies through declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail," that "demonstrate that the information withheld logically falls within the claimed exemption[s]," and that are "not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible" to the court. *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (per curiam) (citation omitted).

This case also implicates ODNI's "segregability analysis," that is, the burden of an agency under FOIA to disclose "[a]ny reasonably segregable portion" of a record containing exempt information. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 273 n.5 (2021) (citing 5 U.S.C. § 552(a)(4)(B); *Nat'l Lab. Rel. Bd. v. Sears Roebuck & Co.*, 421 U.S. 132, 161, n.27 (1975)). While a merely "conclusory affidavit" may not suffice, *see Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.,* 71 F.4th 1051, 1058 (D.C. Cir. 2023) (quoting *Stolt-Nielsen Transp. Grp. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008)), a "page-by-page and line-by-line review" has been held to satisfy the agency's obligation under FOIA, *id.* (quoting *Porup v. Cent. Intel. Agency*, 997 F.3d 1224, 1239 (D.C. Cir. 2021)); *see also Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371–72 (D.C. Cir. 2020) (noting that government agency's "line-by-line review" of documents in responding to FOIA request was sufficient as to segregability responsibilities)..

**ARGUMENT**

**I.     ODNI CONDUCTED AN ADEQUATE SEGREGABILITY ANALYSIS.**

Although Plaintiff submitted all 15 of his "investigation requests" to ODNI, that agency "is not involved in the process of actually investigating or authorizing individuals for access to classified national security information." SUMF ¶ 2. Thus, ODNI argued that it was not required to search for responsive records, *id.*, and the Court agreed in *Stein I*, 454 F. Supp. 3d at 29–30. However, in CIA's search for responsive records, that agency referred 31 pages to ODNI for review. *Id.* ¶ 3. These 31 pages consist of screenshots from two databases maintained by ODNI, "Scattered Castles" and "Signal Flags." *Id.* ¶ 4. On March 14, 2018, ODNI informed Plaintiff that the agency was withholding all 31 pages in full under FOIA Exemption 6 and the Privacy Act of 1974. *Id.* ¶ 5.

At the first round of summary judgment, ODNI argued that these 31 pages were properly withheld in full under FOIA Exemption 6. The Court agreed. *Stein I*, 454 F. Supp. 3d at 30–31. However, while it was "admittedly unlikely that the [31 pages] contain any non-exempt, reasonably segregable information," the Court found it "nonetheless possible." *Id.* at 31. "Out of an abundance of caution," therefore, the Court ordered ODNI "to submit a supplemental declaration describing in more detail the agency's review for reasonably segregable information." *Id.*

Defendants provided that declaration, executed in June 2020, to Plaintiff. SUMF ¶ 8. ODNI's declarant explained that he had "personally re-reviewed each line of each page of the 31 pages" at issue and described them in great detail. *Id.* Having reviewed the pages thoroughly, and having offered additional detail to Plaintiff, *id.* ¶ 8, the declarant concluded that "there is no reasonably segregable, non-exempt information that could be produced," *id.* ¶ 9. Defendants did not move for summary judgment on this issue, however, because they believed it fell outside the scope of issues Plaintiff was challenging. *See Stein II*, 2023 WL 6388946, at *3. ODNI's declarant

has since re-reviewed the 31 pages and reaffirmed his prior conclusion that there is no reasonable segregable, non-exempt information in them. *See* SUMF ¶ 12.

In summary, the Court has already held that the 31 pages ODNI withheld in full are exempt, and ODNI has twice reviewed them to ensure that there is no reasonably segregable, non-exempt information that could be disclosed. Defendants are entitled to summary judgment on ODNI's segregability analysis.

II. **FBI PROPERLY WITHHELD CERTAIN INFORMATION FROM THE FOUR PAGES AT ISSUE.**

Plaintiff challenges FBI's application of Exemptions 6 and 7(C) to any record pertaining to General Flynn or Stephen Bannon. *See* Joint Status Report 2 (Nov. 28, 2023), ECF No. 92.

There are only four relevant pages in this case, all of which pertain to Mr. Bannon. *See generally* SUMF ¶¶ 13(a)–13(c). With respect to General Flynn, FBI found no responsive records. *Id.* ¶ 13(c). While the Court initially did not accept FBI's explanation, the agency later tendered a supplemental declaration. *Id.* Plaintiff no longer challenges FBI's no-records response. *Id.*

With respect to Mr. Bannon, FBI's search uncovered the four pages discussed below and also the "balance of [his] background investigation case file," which the agency withheld categorically under Exemptions 6 and 7(C). *Id.* ¶ 13(b). But in *Stein I*, the Court agreed with FBI that such "data or results of the [background] investigations" are not responsive to Plaintiff's request. 454 F. Supp. 3d at 21. Accordingly, this motion does not address the balance of Mr. Bannon's case file.

The four pages at issue, Bates-numbered "Stein-344–47," contain only six relevant redactions:

| Page | Redaction |
|---|---|
| Stein-344 | "Approved By: [REDACTED]" |
| Stein-344 | "Drafted By: [REDACTED]" |
| Stein-345 | "DOB: [REDACTED]" |
| Stein-345 | "POB: [REDACTED]" |
| Stein-345 | "SSN: [REDACTED]" |

7

| Stein-346 | "Acquired by: [REDACTED]" |

SUMF ¶ 14. There are other redactions, taken under Exemption 7(E), which Plaintiff does not challenge.

This is the rare case in which the redacted information is almost self-evidently exempt. As shown above, each redaction follows text that would suggest the redaction is of a name, date of birth, place of birth, or social security information. Plaintiff has conceded throughout this case that such information is properly withheld. *See* Pls. Opp'n 26–27, ECF No. 28 (Oct. 31, 2018) (conceding that "names, addresses, social security numbers, bank account information, phone numbers, or any of the information one commonly associates with [PII]," is "properly exempt."); Aug. 12, 2022 Email from Pl's Counsel, ECF No. 85-4 (proposing to challenge "[i]nformation withheld by any agency about Michael Flynn or Steve Bannon under (b)(6)/(b)(7)(C) that isn't obviously PII (e.g. DOB, SSN, bank info, etc.)"[1]; Pl. Cross Mot. for Summ. J. 7 (Dec. 15, 2022) (excluding from Exemption 6/7(C) argument against FBI any "names, addresses, email addresses, social security numbers, bank account information, and phone numbers"). And the Court acknowledged as much in *Stein II*. 2023 WL 6388946 at *2 (recognizing that personally identifiable information such as date of birth, place of birth, social security number, and an alternate identification number is exempt).

FBI invoked two FOIA exemptions to protect this information. SUMF ¶ 15(a). Exemption 6 requires an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) requires an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records

---

[1] That August 12, 2022 email is why Defendants did not previously move for summary judgment on these six redactions. Plaintiff had excluded from "the scope of this case" (*id.*) categories of information into which these six redactions patently fall. In any event, the Court should now grant summary judgment to Defendants on these redactions.

8

or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C). Privacy interests are at the core of these exemptions, both of which require the Court to conduct "a particularized weighing of the public and privacy interests that would be implicated by the disclosure" of the information at issue. *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 854 F.3d 675, 683 (D.C. Cir. 2017). However, given the different statutory standards, Exemption 7(C) "establishes a lower bar for withholding material" and is, accordingly, "more protective of privacy than Exemption 6." *Am. C.L. Union v. U.S. Dep't of Just.*, 655 F.3d 1, 6 (D.C. Cir. 2011).

To clear that bar, multiple FBI declarants have reviewed all six redactions and confirmed that they were proper. *See generally* SUMF ¶¶ 15–16. In his July 24, 2018 declaration, David Hardy explained that Exemptions 6 and 7(C) were properly applied to this information. *See* SUMF ¶¶ 15(a)–(d) (citing Hardy Decl. ¶¶ 120–24). Specifically, Mr. Hardy explained that the three redacted names were of FBI personnel, and that the redacted date of birth, place of birth, and social security number were all Mr. Bannon's. *Id.* ¶¶ 16(a)–(b). Mr. Hardy also weighed the relevant public and privacy interests before concluding that all six redactions were appropriate. *Id.* (citing Hardy Decl. ¶¶ 120–24). In *Stein I*, the Court deferred ruling on FBI's withholdings because the agency would have to explain its search methodology further. 454 F. Supp. 3d at 22. The Court also deferred in *Stein II*, after the Parties disputed whether the issue was before the Court. 2023 WL 6388946, at *3.

Since then, another FBI declarant has re-reviewed all six redactions and reaffirmed Mr. Hardy's conclusion that the information falls under FOIA Exemptions 6 and 7(C). *See* SUMF ¶ 16 (citing 2d Seidel Decl. ¶¶ 4–9). Specifically, Mr. Seidel has reaffirmed that disclosing the names of FBI special agents or support personnel would impair their investigations and expose them to harassment while posing no countervailing upside for the public. *Id.* ¶ 16(a) (citing Hardy Decl.

120–23). Mr. Bannon likewise has a substantial privacy interest in his personal information—which could be used by bad actors to, among other things, commit identity theft—and the public would learn nothing about FBI's process by receiving that information. *Id.* ¶ 16(b) (citing Hardy Decl. ¶ 124). Finally, both FBI declarants made an express finding of foreseeable harm. *Id.* ¶ 16(c).

In summary, there are only six redactions at issue, they all follow text that strongly suggests that the redacted information is exempt, and two FBI declarants have attested that the redacted information is, in fact, exempt. Defendants are entitled to summary judgment on these withholdings.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants summary judgment on all remaining claims.

Date:   January 19, 2024                                     Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ *Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Counsel for Defendants*