# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | )   Civil Action No. 1:17-cv-00189 (TSC) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | )<br>)<br>)<br>) |
| *Defendants*. | )<br>) |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Defendants, the Central Intelligence Agency ("CIA"), Department of Commerce, Department of Defense ("DoD"), Department of Education, Department of Justice ("DOJ"), Department of State, the Office of the Director of National Intelligence ("ODNI"), and the Office of Personnel Management ("OPM"), hereby submit the following statement of material facts as to which Defendants contend there is no genuine dispute.

1

**I.     THE OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE ("ODNI").**

Plaintiff challenges ODNI's segregability analysis with respect to 31 pages of responsive records. ODNI relies on facts adduced in three declarations: (1) the August 24, 2018 declaration of Patricia Gaviria, filed in support of Defendants' first motion for summary judgment, ECF No. 22-8 ("Gaviria Decl."); (2) the June 23, 2020 declaration of Gregory Koch, served on Plaintiffs in 2020 and attached to Defendants' reply in support of their second motion for summary judgment, ECF No. 85-2 ("1st Koch Decl."); and (3) the January 18, 2024 declaration of Gregory Koch, attached to this motion ("2d Koch Decl.").

1. Plaintiff submitted 15 "background investigation requests" to ODNI. Gaviria Decl. ¶¶ 22– 25.[1] Each request sought "all records, including emails, about any steps taken to investigate or authorize (or discussions about potentially investigating or authorizing [the 15 named individuals] for access to classified information." *Id.* ¶ 22.

2. Because ODNI "is not involved in the process of actually investigating or authorizing individuals for access to classified national security information," ODNI argued in *Stein I* that the agency was not required to search for records responsive to Plaintiff's "background investigation requests." *Id.* ¶ 39. The Court agreed. *See Stein I*, 454 F. Supp. 3d at 29–30 (citing Gaviria Decl. ¶¶ 39, 41–42, 44–45).

3. However, Plaintiff also submitted his "background investigation requests" to CIA. Gaviria Decl. ¶ 28. As a result of CIA's search for potentially responsive records, CIA referred 31 pages to ODNI for processing and direct response to Plaintiff. *Id.*

4. These 31 pages comprise screenshots from two databases: "Scattered Castles" and "Signal Flags." Gaviria Decl. ¶ 48.

---

[1] Plaintiff also submitted a "security briefing request," *id.* ¶¶ 12–21, which is no longer relevant in this case. The Court adopted the terms "investigation requests" and "briefing requests" in *Stein I* as a means of distinguishing between Plaintiff's two categories of requests. 454 F. Supp. 3d at 10.

        a.      "Scattered Castles" is a centralized database maintained by ODNI's National Counterintelligence and Security Center ("NCSC"). *Id.* ¶ 41. The database "serves as the [intelligence community's] authoritative personnel security repository for verifying personnel security access approvals for Secure Compartmented Information [("SCI")] and other controlled access programs, and documented exceptions to personnel security standard." *Id.* "It does not, however, record the steps taken to investigate or authorize individuals for access to classified information." *Id.*

        b.      "Signal Flags" is another database that "does not contain records about the steps taken to investigate or authorize individuals for access to classified information." *Id.* ¶ 42.

    5.      On March 14, 2018, ODNI told Plaintiff that ODNI was withholding all 31 pages under FOIA Exemption 6 and the Privacy Act of 1974. *Id.* ¶ 29. These records were also withheld in part by the CIA under FOIA Exemptions 3 and 6. *Id.*

    6.      ODNI withheld the 31 pages at issue because they are "personnel and medical files and similar files" whose disclosure "would constitute a clearly unwarranted invasion of personal privacy." *Id.* ¶ 46 (quoting 5 U.S.C. § 552(b)(6)). ODNI carefully balanced the competing interests and explained in detail why the 31 pages were exempt. *See id.* ¶¶ 46–51.

    7.      In *Stein I*, the Court agreed that all 31 pages were exempt and thus properly withheld. *See* 454 F. Supp. 3d at 30–31. However, while it was "admittedly unlikely that the [31 pages] contain any non-exempt, reasonably segregable information," the Court found it "nonetheless possible." *Id.* at 31. "Out of an abundance of caution," therefore, the Court ordered ODNI "to submit a supplemental declaration describing in more detail the agency's review for reasonably segregable information." *Id.*

    8.      In the wake of *Stein I*, Defendants tendered just such a declaration to Plaintiff. *See generally* 1st Koch Decl. In that declaration, Mr. Koch explained that he had "personally re-

3

reviewed each line of each page of the 31 pages" at issue. *Id.* ¶ 7. He also offered additional detail on the 31 pages:

> Five pages of the referred documents are blank, unfilled-out personnel or Signal Flags search forms with blank fillable fields for personally identifiable information, such as names, dates and places of birth, and social security numbers; these pages contain no information whatsoever. Similarly, four pages of the referred documents are nearly-blank personnel or Signal Flags search forms: two pages contain only social security numbers, and two pages contain only names and social security numbers; all four of these pages contain blank fillable fields requesting additional personally identifiable information. The remaining 22 pages of the referred documents contain only two types of information: First, personal identifying information, such as names, places and dates of birth, and social security numbers; and second, information about previously granted security clearances, such as effective dates and level for any such clearance. The 31 pages at issue contain no additional information, excluding the above-listed categories of personally identifiable information and associated information about security clearances.

*Id.*

9. Mr. Koch reiterated why the underlying information was protected under FOIA Exemption 6 and the Privacy Act. *Id.* ¶¶ 8–9.

10. Ultimately, Mr. Koch confirmed that "there is no reasonably segregable, non-exempt information that could be produced." *Id.* ¶ 9.

11. Three years later, the Parties disagreed over whether Plaintiff had included ODNI's segregability analysis among the issues that he had proposed to litigate in *Stein II*. *See* 2023 WL 6388946, at *3. Accordingly, the Court denied summary judgment to Plaintiff and Defendants and allowed them to file renewed motions for summary judgment on the topic. *Id.*

12. Since *Stein II*, Mr. Koch has again reviewed the 31 pages and reaffirmed his prior conclusion that there is no reasonably segregable, non-exempt information in those pages. *See* 2d Koch Decl. ¶ 7.

## II.   THE FEDERAL BUREAU OF INVESTIGATION ("FBI").

Plaintiff challenges FBI's application of FOIA Exemptions 6 or 7(C) to any records pertaining to General Michael Flynn or Stephen Bannon. *See* Joint Status Report 2 (Nov. 28, 2023), ECF No. 92. FBI relies on facts adduced in three declarations: (1) the July 24, 2018 declaration of David Hardy, attached to Defendants' motion for summary judgment in *Stein I*, ECF No. 22-7 ("Hardy Decl."); (2) the June 26, 2020 declaration of Michael Seidel, attached as Exhibit 2 to Defendants' reply in *Stein II*, ECF No. 85-3 ("1st Seidel Decl."); and (3) the January 18, 2024 declaration of Michael Seidel, attached as Exhibit 2 to this motion ("2d Seidel Decl.").

13.   There are only four pages at issue here:

a.   Plaintiff submitted 15 "background investigation requests" to FBI, each of which was identical to that described in Paragraph 1, *supra*.  *See* Hardy Decl. ¶ 6. One of those requests pertained to Stephen Bannon (*id.* ¶¶ 48–53, assigned FBI FOIA Request No. 1364188-000) and another pertained to General Michael Flynn (*id.* ¶¶ 66–72, assigned FBI FOIA Request No. 1364210-000).

b.   With respect to Mr. Bannon: on October 10, 2017, FBI released in part four pages of records from his background-investigation case file. *Id.* ¶ 53 & Ex. NN. Redactions were taken pursuant to FOIA Exemptions 6, 7(C), and 7(E). *Id.* These four pages were Bates-numbered Stein-344–47 and attached to Mr. Hardy's declaration as Exhibit NN, ECF No. 22-7 at 252.[2] In the same letter, FBI conveyed that the "balance of [Mr. Bannon's] background investigation case file" was "categorically withheld pursuant to FOIA Exemptions [6] and [7(C)], with portions withheld pursuant to FOIA Exemption [7(E)]." Hardy Decl. ¶ 53. Later in *Stein I*, FBI argued primarily that the background-investigation file was not responsive to Plaintiff's request—insofar as it would not reveal "investigatory steps taken"—and alternatively that the file would be

---

[2] The four pages were also attached as Exhibit 5 to Defendants' reply brief in *Stein II*, *see* ECF No. 85-6, and are attached here again as 2d Seidel Decl. Ex. A.

5

categorically exempt under Exemptions 6 and 7(C) (and partly exempt under Exemption 7(E)). *See generally* Hardy Decl. ¶¶ 131–60.[3] The Court agreed with FBI's primary argument and held that "the data or results of the investigations" were not responsive to Plaintiff's request. *Stein I*, 454 F. Supp. 3d at 21. Thus, only the four pages released in part (Stein-344–47) remain at issue with respect to Mr. Bannon.

   c.   With respect to General Flynn: on September 11, 2017, FBI informed Plaintiff that no records were located responsive to the background-investigation request regarding General Flynn. *See* Hardy Decl. ¶ 72. In *Stein I*, the Court found this no-records response "unconvincing" and ordered FBI "to submit an additional declaration explaining its search methodology." 454 F. Supp. 3d at 22. In the wake of *Stein I*, Defendants tendered Mr. Seidel's June 26, 2020 declaration. That declaration explained in further detail the search methodology concerning General Flynn. 1st Seidel Decl. ¶¶ 9–12. Plaintiff no longer challenges this no-records response. Thus, there are no pages at issue with respect to General Flynn.

14.   There are only six redactions under Exemptions 6 and 7(C) on the four pages at issue:

| Page | Redaction |
|---|---|
| Stein-344 | "Approved By: [REDACTED]" |
| Stein-344 | "Drafted By: [REDACTED]" |
| Stein-345 | "DOB: [REDACTED]" |
| Stein-345 | "POB: [REDACTED]" |
| Stein-345 | "SSN: [REDACTED]" |
| Stein-346 | "Acquired by: [REDACTED]" |

*See* 2d Seidel Decl. Ex. A.

15.   Mr. Hardy explained in his 2018 declaration why these redactions were properly taken:

---

[3] FBI also argued that the file would be exempt in part under Exemption 7(E). Hardy Decl. ¶

6

   a. FBI's *Vaughn* Index, attached as Exhibit PPPP to Mr. Hardy's declaration (*see* ECF No. 22-7 at 478–518 ("FBI *Vaughn*")), clarified that these six redactions fell into two of FBI's exemption-justification category codes: "6/7(C)-1" and "6/7(C)-2." FBI *Vaughn* at 36, ECF No. 22-7 at 516.

   b. The first code applies to the names of FBI special agents and support personnel. Hardy Decl. ¶¶ 120-123 (explaining why such names are properly withheld under Exemptions 6 and 7(C), including the weighing of public versus privacy interests).

   c. The second code applies to personal identifying information ("PII") of the third parties receiving background investigations. *See* Hardy Decl. ¶¶ 124 (explaining why such information is properly withheld under Exemptions 6 and 7(C), including the weighing of public versus privacy interests).

   d. Taken together, these paragraphs demonstrate that (1) the three redacted names were of FBI personnel; and (2) the redacted date of birth, place of birth, and social security number are all Mr. Bannon's.

16. Given that the Court in *Stein I* and *Stein II* deferred ruling on FBI's withholdings, Mr. Seidel has recently re-reviewed these six redactions and affirmed Mr. Hardy's original conclusion that they were proper under Exemptions 6 and 7(C). *See generally* 2d Seidel Decl. ¶¶ 4–9 (citing Hardy Decl. ¶¶ 120–24). Specifically, Mr. Seidel reaffirmed the following:

   a. On pages Stein-344, 346, and 347, FBI properly recognized the privacy interests in withholding the names of FBI special agents: disclosure might impair the effectiveness of their investigations or draw undue attention or harassment to those individuals. 2d Seidel Decl. ¶ 7 (citing Hardy Decl. ¶¶ 120–23). At the same time, "their identifies would not, themselves, significantly increase the public's understanding of the FBI's operations and activities." Hardy

7

Decl. ¶ 122. The names of FBI support personnel were exempt for substantially the same reasons. *Id.* ¶ 123.

   b. On page Stein-345, FBI properly recognized that releasing Mr. Bannon's PII "would be considered an unwarranted invasion of [his] privacy rights, as well as provide important identifiers for individuals involved in personal identity theft." Hardy Decl. ¶ 124. "In addition, these personal identifiers can be used to unlock the personal email and financial accounts of the individuals, because they are often answers to questions posed to check for the valid identity of the user." *Id.* Against these substantial privacy interests, "disclosing personal information about these individuals would not significantly increase the public's understanding of the FBI's performance of its mission." *Id.*; *see also* 2d Seidel Decl. ¶ 8 ("[T]he justification in the First Hardy Declaration, ¶ 124, remain[s] intact as to protecting the [PII] of Steve Bannon.").

   c. As required by the FOIA Improvement Act of 2016, FBI also expressly considered foreseeable harm. *See* 2d Seidel Decl. ¶ 9 (citing Hardy Decl. ¶¶ 120–24). For the foregoing reasons, FBI concluded that harm was indeed foreseeable. *Id.*

## CONCLUSION

The foregoing material facts are not in genuine dispute.

Date: January 19, 2024    Respectfully Submitted,

              BRIAN M. BOYNTON
              Principal Deputy Assistant Attorney General

              MARCIA BERMAN
              Assistant Branch Director

              /s/ *Jason C. Lynch*
              JASON C. LYNCH (D.C. Bar No. 1016319)
              Trial Attorney
              United States Department of Justice
              Civil Division, Federal Programs Branch
              1100 L Street NW, Rm. 11214

>Washington, DC 20005
>Tel: (202) 514-1359
>Email: Jason.Lynch@usdoj.gov

>*Counsel for Defendants*