UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:17-cv-00189 (TSC) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **<u>PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff respectfully moves the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment in favor of Plaintiff on all contested issues on the grounds that no genuine issue as to any material fact exists and Plaintiff is entitled to judgment as a matter of law.

In support of this motion, the Court is respectfully referred to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Statement of Material Facts as to Which There Is No Genuine Dispute.

A proposed Order consistent with the relief sought also accompanies this Motion.

Date:   February 21, 2024

                                            Respectfully submitted,

                                            /s/ Kelly B. McClanahan  
                                            Kelly B. McClanahan, Esq.  
                                            D.C. Bar #984704  
                                            National Security Counselors  
                                            4702 Levada Terrace  
                                            Rockville, MD  20853  
                                            301-728-5908  
                                            240-681-2189 fax  
                                            Kel@NationalSecurityLaw.org

                                            *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, * <br> * <br>     Plaintiff, * <br> * <br> v. * <br> * <br> CENTRAL INTELLIGENCE AGENCY, * <br> *et al.*, * <br> * <br>     Defendants. * <br> * | Civil Action No. 1:17-cv-00189 (TSC) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT & IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jeffrey Stein ("Stein") brought this case against Defendants Department of Justice ("DOJ"), Department of State ("State"), and Office of the Director of National Intelligence ("ODNI"), among others, to obtain records about various topics under the Freedom of Information Act ("FOIA"). (1st Am. Compl., Dkt. #6, ¶¶ 30-204 (filed Feb. 27, 2017).) As Defendants correctly noted, most of the issues in controversy have been adjudicated or resolved, leaving this Court only three[1] straightforward questions to decide. Stein will accordingly address them briefly in the order in which Defendants discussed them.

First, ODNI renews its argument that the thirty-one pages referred to it by the Central Intelligence Agency ("CIA") are exempt in their entirety under FOIA Exemption (b)(6), and, more relevantly, that they contain no reasonably segregable information. The Court has

---

[1] To be clear, the parties are only briefing two of the issues. The third issue pertains to the propriety of State's withholdings in the document provided to the Court for its *in camera* review (*see* Defs.' Mem. Law Supp. Mot. Summ. J., Dkt. #94, at 4 (filed Jan. 19, 2024)), which still needs to be adjudicated. However, since the parties have already briefed that matter fully and are simply awaiting the results of the Court's *in camera* review, Stein is not addressing it further herein except to the extent that it pertains to another argument.

previously held that these records are generally exempt under Exemption (b)(6), *Stein v. CIA*, 454 F. Supp. 3d 1, 30 (D.D.C. 2020), and so the sole remaining question is whether ODNI released all reasonably segregable non-exempt information. For unclear reasons, ODNI continues to insist that, even after a review of "every line of the 31 pages at issue" (2d Koch Decl., Dkt. #94-2, ¶ 7 (filed Jan. 19, 2024)), there exists no reasonably segregable non-exempt information. This lies in stark contrast to its declarant's own previous testimony:

> Five pages of the referred documents are blank, unfilled-out personnel or Signal Flags search forms with blank fillable fields for personally identifiable information, such as names, dates and places of birth, and social security numbers; these pages contain no information whatsoever. Similarly, four pages of the referred documents are nearly-blank personnel or Signal Flags search forms: two pages contain only social security numbers, and two pages contain only names and social security numbers; all four of these pages contain blank fillable fields requesting additional personally identifiable information.

(Koch Decl., Dkt. #85-2, ¶ 7 (filed Jan. 27, 2023).)

The key issue here is not simply that ODNI is withholding blank forms. While Stein is still entitled to those forms with the personally identifiable information ("PII") redacted—and he respectfully requests that the Court order ODNI to release those pages to him—this is only an indicator of the primary infirmity with ODNI's position: two different ODNI senior officials have testified under oath three different times that a line-by-line review of these *blank forms* led them to conclude that there was *no* information in the thirty-one pages which was not PII. Giving these declarants the benefit of the doubt, the only reasonable conclusion is that they included the "blank fillable fields" in the "two types of information" that they testified were the "only" types of information contained in these pages. (2d Koch Decl. ¶ 5 ("The 31 pages at issue contain no additional information, excluding the above-listed categories of personally identifiable information and associated information about security clearances.").) If this is the case, then the Court must ask, are blank fillable fields considered "personal identifying information, such as

2

names, places and dates of birth, and social security numbers" or "information about previously granted security clearances, such as effective dates and level for any such clearance" (*id.*) by ODNI? More importantly, since these blank fillable fields (which obviously have field names) do not fit into either category, the Court must question what *else* ODNI has intended for the phrase "such as" to cover which is *also* not PII?

Even though it is not supported by any case law, there is also a chance that ODNI is claiming that these pages are not "responsive" to Stein's request, but that is not a determination that it is allowed to make, and the Court can easily dispense with that argument. Stein made his request to CIA, and CIA, as the agency processing the request, made the determination that these thirty-one pages were responsive to his request. The fact that it then referred *the pages* to ODNI does not vest ODNI with the authority to make its own determination that any of the pages are not actually responsive. To hold otherwise would invite confusion or outright mischief if agencies could avoid having to process complete files under this Circuit's binding precedent in *American Immigration Lawyers Association v. Executive Office for Immigration Review*, 830 F.3d 667 (D.C. Cir. 2016), by simply referring parts of those files to other agencies which would be free to deem them "non-responsive" even if the referring agency was prohibited from doing so itself. *Id.* at 677 ("[N]on-responsive redactions . . . find no home in FOIA's scheme."). "[O]nce an agency itself identifies a particular document or collection of material –such as a chain of emails—as a responsive 'record,' the only information the agency may redact from that record is that falling within one of the statutory exemptions." *Id.* at 678-79.

Accordingly, the Court should order ODNI to release the nine pages described above—with any *actual* PII redacted unless, as noted below, that PII is widely known, publicly available information—and exercise its discretion to review the remaining twenty-two pages *in camera*, as

3

it already is doing with the State document, and decide for itself whether they *exclusively* contain PII as ODNI so consistently alleges. If, as Stein suspects, ODNI's two categories are impermissibly broad and encompass other types of information which are not considered PII, it should order that information to be released as well.[2]

The second issue is equally straightforward, and Defendants' position is even more inexplicable. The Federal Bureau of Investigation ("FBI") offers a sworn declaration stating that "the justification provided in the First Hardy Declaration, ¶ 124, remain[s] intact as to protecting the personal identifying information of Steve Bannon" (2d Seidel Decl., Dkt. #94-3. ¶ 8 (filed Jan. 19, 2024)) and that "foreseeable harm would result from disclosure of the record (or portion thereof)" (*id.* ¶ 9). However proper the withholding of this information might *typically* be, it is well-understood that even otherwise proper withholdings are not allowed if the information is publicly available. In this case, the date and place of Steve Bannon's birth is a matter of public record and can in no way be considered sensitive. *See*, *e.g.*, Steve Bannon: Facts & Related Content, Encyclopedia Brittanica, *at* https://www.britannica.com/facts/Steve-Bannon (last accessed Feb. 21, 2024) (indicating that Bannon was born on 27 November 1953 in Norfolk, Virginia).

"Taking judicial notice of dictionaries and encyclopedias for definitions of terms used by parties and witnesses is a well-established practice that predates the Federal Rules of Evidence." *Osage Tribe of Indians of Okla. v. United States*, 95 Fed. Cl. 469, 473 (2010) (listing cases). It should go without saying that when a fact is so well-known and unimpeachable that a court can

---

[2] Since all Defendants have been utilizing similar vaguely worded definitions over the course of this case, if Stein's concerns are validated by the *in camera* review, the Court should consider issuing an order *sua sponte* directing the other agencies withholding information under Exemption (b)(6) to provide more specific information about the exact information being withheld to ensure that the agencies which previously prevailed with generic descriptions including phrases like "such as" are held to the same standard as State and ODNI.

take judicial notice of it, it cannot be withheld under a FOIA exemption, and FBI's stubborn insistence to the contrary that, not only *can* it be withheld, but that its release *would cause a foreseeable harm*, demonstrates the degree to which it has not been litigating in good faith. This Court should not entertain FBI's unsupported arguments any longer and should soundly reject its hyperbolic claims.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Summary Judgment and grant Stein's Cross-Motion for Summary Judgment on all contested issues, as well as ordering State to release the document in question to Stein.

Date:   February 21, 2024

                                                    Respectfully submitted,

                                                   /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| Plaintiff, | * |
| v. | * |
| | *   Civil Action No. 1:17-cv-00189 (TSC) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | * |
| Defendants. | * |

* * * * * * * * * * * * *

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Plaintiff Jeffrey Stein ("Stein") submits this Statement of Material Facts As To Which There Is No Genuine Dispute.

1. The Office of the Director of National Intelligence ("ODNI") withheld five pages in full which were "blank, unfilled-out personnel or Signal Flags search forms with blank fillable fields for personally identifiable information, such as names, dates and places of birth, and social security numbers." (Koch Decl., Dkt. #85-2, ¶ 7 (filed Jan. 27, 2023).)

2. ODNI withheld four pages in full which were "nearly-blank personnel or Signal Flags search forms." (*Id.*)

3. The names of blank fields on search forms are pieces of information subject to FOIA.

4. These nine pages were determined to be responsive to Stein's request by the Central Intelligence Agency ("CIA").

5. These nine pages were referred to ODNI by CIA, the agency to which Stein directed his request.

6. The Federal Bureau of Investigation ("FBI") withheld Steve Bannon's date and place of birth. (2d Seidel Decl., Dkt. #94-3, ¶ 8 (filed Jan. 19, 2024).)

7. FBI's declarant testified that foreseeable harm would result from the disclosure of Steve Bannon's date and place of birth. (*Id.* ¶ 9.)

8. Steve Bannon's date and place of birth—27 November 1953 and Norfolk, Virginia, respectively—are widely known, publicly available information. Steve Bannon: Facts & Related Content, Encyclopedia Brittanica, https://www.britannica.com/facts/Steve-Bannon (last accessed Feb. 21, 2024).

9. No foreseeable harm would result from the disclosure of widely known, publicly available information.

10. No foreseeable harm would result from the disclosure of Steve Bannon's date and place of birth.

Date:   January 21, 2024

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

2