## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )
JEFFREY STEIN                 )
                                )
                _Plaintiff,_       )
                                )
v.                                )     Civil Action No. 1:17-cv-00189 (TSC)
                                )
CENTRAL INTELLIGENCE     )
AGENCY, _et al._,            )
                                )
                _Defendants_.   )
_____

## DEFENDANTS' COMBINED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants the Central Intelligence Agency ("CIA"), Department of Commerce ("Commerce"), Department of Defense ("DoD"), Department of Education ("Education"), Department of Justice ("DOJ"), Department of State ("State"), the Office of the Director of National Intelligence ("ODNI"), and the Office of Personnel Management ("OPM"), hereby file this combined reply in support of their motion for summary judgment, ECF No. 94 ("Defs. Mot."), and opposition to Plaintiffs' cross motion for summary judgment, ECF No. 96 ("Pl. Mot.").

Date:   March 27, 2024

                                    Respectfully Submitted,

                                    BRIAN M. BOYNTON
                                    Principal Deputy Assistant Attorney General

                                    MARCIA BERMAN
                                    Assistant Branch Director

                                    _/s/ Jason C. Lynch_
                                    JASON C. LYNCH (D.C. Bar No. 1016319)
                                    Trial Attorney, U.S. Department of Justice
                                    Civil Division, Federal Programs Branch
                                    1100 L Street NW, Rm. 11214
                                    Washington, DC 20005

Tel: 202.514.1359
Email: Jason.Lynch@usdoj.gov

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.    ODNI Conducted an Adequate Segregability Analysis. ......................... 3

    II.    FBI Properly Applied All Six Redactions To the Four Pages At Issue. ................................................................................................................. 5

CONCLUSION ....................................................................................................................... 8

**INTRODUCTION**

After two rounds of summary judgment, the Parties were able to whittle down this Freedom of Information Act ("FOIA") case to two issues requiring a third round of briefing: (1) whether the Office of the Director of National Intelligence ("ODNI") conducted a proper segregability analysis of 31 pages that were referred by the Central Intelligence Agency ("CIA") to ODNI and withheld in full; and (2) whether the Federal Bureau of Investigation ("FBI") properly applied FOIA Exemptions 6 and 7(C) to records regarding General Michael Flynn and Stephen Bannon. *See* Joint Status Report 2 (Nov. 28, 2023), ECF No. 92.[1]

Defendants' motion carried their burden with respect to both issues. ODNI offered a second declaration echoing what the agency had told Plaintiff more than six years prior: that every line of all 31 pages had been reviewed, and that there was no reasonably segregable, non-exempt information therein. *See* Defs. Mot. 6–7. Defendants also demonstrated the nature of all six FBI redactions and explained in a fresh declaration why they were properly taken under FOIA Exemptions 6 and 7(C). *See id.* at 7–10.

Rather than concede summary judgment on these discrete points, Plaintiff presses on. But to what end? His only remaining arguments are that ODNI should produce nine pages with *no information* in them, Pl. Mot. 1–4, and that FBI should reveal Stephen Bannon's date and place of birth—both of which, Plaintiff says, *are already widely known*, *id.* at 4–5. FOIA serves a worthy goal: "to ensure that the Government's activities be opened to the sharp eye of public scrutiny." *Insider Inc. v. Gen. Servs. Admin.*, 92 F.4th 1131, 1136 (D.C. Cir. 2024). Plaintiff's last-ditch arguments do not further that "central purpose." *Id.* Instead, his four-and-a-half page memorandum betrays a bare desire to prolong this litigation. That motive is punctuated by baseless accusations that the Defendant agencies "ha[ve] not been litigating in good faith" and are making "hyperbolic

---

[1] As Defendants pointed out, Defs. Mot. 4, they have also submitted for *in camera*, *ex parte* review one page released by the State Department.

claims." Pl. Mot. 5. Setting aside that rhetoric, none of Plaintiff's arguments has merit.

*First*, the D.C. Circuit has set a clear standard for a segregability under FOIA. While a merely "conclusory affidavit" may not suffice, *see Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.*, 71 F.4th 1051, 1058 (D.C. Cir. 2023), a "page-by-page and line-by-line review" has been held to satisfy the agency's obligation under FOIA, *id.* (quoting *Porup v. Cent. Intel. Agency*, 997 F.3d 1224, 1239 (D.C. Cir. 2021)). That is exactly what ODNI has done—not once, but twice. *See* Defs. Mot. 6–7. Plaintiff insists that ODNI must segregate and produce the names of data fields (e.g., "Name:" or "SSN:") even if the fields themselves are empty or redacted. But an agency is not required to segregate and release snippets of text that would have no meaning in isolation, such as the blank field names.

*Second*, Mr. Bannon retains a privacy interest in his personal identifying information ("PII") even if that information has been published widely. And by arguing that this information is known publicly, Plaintiff concedes that there is no public interest in its disclosure. Perhaps for that reason, Plaintiff never suggests *what* that interest might be. Any such argument would be doomed, in any event, because "to be cognizable under the FOIA, a public interest must sound in activities that reveal information about the government itself." *Insider Inc.*, 92 F.4th at 1136. Or as this Court put it in *Stein I*, the only relevant public interest is "the citizens' right to be informed about what their government is up to." *Stein v. Cent. Intel. Agency*, 454 F. Supp. 3d 1, 28 ("*Stein I*") (quoting *Davis v. U.S. Dep't of Just.*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)). Put simply, FOIA does not contemplate a public interest in when or where Mr. Bannon was born. And with no counterweight, even a minimal privacy interest in that information is enough to tilt the scales in favor of FBI's withholding—especially under Exemption 7(C), which Plaintiff concedes applies.

The Court should grant partial summary judgment to Defendants on all issues covered by their motion for summary judgment.

**ARGUMENT**

**I.    ODNI CONDUCTED AN ADEQUATE SEGREGABILITY ANALYSIS.**

The 31 pages in dispute were referred by CIA to ODNI for processing. Defs. Mot. 6. In
*Stein I*, the Court agreed that all 31 pages were exempt—that is, that the records could be withheld
in full. *Stein I*, 454 F. Supp. 3d at 30–31. Nonetheless, while it was "admittedly unlikely that the
[31 pages] contain any non-exempt, reasonably segregable information," the Court found it
"nonetheless possible." *Id.* at 31. "Out of an abundance of caution," therefore, the Court ordered
ODNI "to submit a supplemental declaration describing in more detail the agency's review for
reasonably segregable information." *Id.*

ODNI has now provided two declarations from Mr. Gregory Koch, who has *twice* reviewed
all 31 pages line-by-line to confirm that there is no reasonably segregable responsive information.
Defs. Mot. 6–7. Notwithstanding that such a "page-by-page and line-by-line review" satisfies the
agency's burden, *Flyers Rts. Educ. Fund, Inc.*, 71 F.4th at 1058 (quoting *Porup*, 997 F.3d at 1239),
Plaintiff argues that ODNI failed to release reasonably segregable information from five pages of
"blank, unfilled-out personnel or Signal Flags search forms with blank fillable fields for personally
identifiable information, such as names, dates and places of birth, and social security numbers"
and from four additional "nearly-blank" pages containing certain PII and more "blank fillable
fields requesting additional personally identifiable information." Pl. Mot. 2 (quoting June 23, 2020
Decl. of Gregory Koch ¶ 7 (Jan. 27, 2023), ECF No. 85-2 ("1st Koch Decl.")). Plaintiff
acknowledges the declarant's statement that "these pages contain no information whatsoever" but
nonetheless argues that these "blank fillable fields" should have been released with any personally
identifiable information redacted. *Id*. Plaintiff is wrong.

While FOIA requires an agency to "take reasonable steps necessary to segregate and
release nonexempt information," 5 U.S.C. § 552(a)(8)(A)(ii)(II), it has long been established that
"disjointed words, phrases, or even sentences which taken separately or together have minimal or

no information content," are not considered "reasonably segregable portions" of otherwise exempt records. *Mead Data Central, Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260, 261 n.55 (D.C. Cir. 1977) (citation omitted); *see also, e.g.*, *Yeager v. Drug Enf't Agency*, 678 F.2d 315, 322 n.16 (D.C. Cir. 1982) (noting that it was appropriate to consider factors of "intelligibility" and "burden" imposed by segregation of nonexempt material). "In order to be considered reasonably segregable, the information, if disclosed, must have some meaning." *Bartko v. United States Dep't of Just.*, 128 F. Supp. 3d 62, 74 (D.D.C. 2015) , *aff'd in part, rev'd in part on other grounds*, 898 F.3d 51 (D.C. Cir. 2018). Thus, an agency need not segregate and disclose every non-exempt "word and punctuation mark" in a record. *Perioperative Servs. & Logistics, LLC v. U.S. Dep't of Veterans Affs.*, 57 F.4th 1061, 1069 (D.C. Cir. 2023). Under this standard, courts have upheld the withholding of "an isolated phrase of which release would be meaningless." *Jordan v. U.S. Dep't of Labor*, 273 F. Supp. 3d 214, 237 (D.D.C. 2017) (quoting *Nat'l Sec. Archive Fund, Inc. v. CIA*, 402 F.Supp.2d 211, 221 (D.D.C. 2005) (cleaned up)).

"Isolated" and "meaningless" are apt descriptors of the blank field names (e.g., "Name," or "SSN") that Plaintiff apparently seeks. Put another way, releasing the field names without any field data "would result in records with no remaining informational value." *Ayuda, Inc. v. Fed. Trade Comm'n*, 70 F. Supp. 3d 247, 276 (D.D.C. 2014); *see also Mays v. Drug Enforcement Agency*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (approving of withholding entire grand jury transcript because "the excision of exempt information would . . . produce an edited document with little informational value").

Plaintiff's attempt to use this issue to impeach ODNI's declarations also fails. Pl. Mot. 2–3. Both ODNI declarants described the 31 pages remanded to ODNI by *Stein I* as containing "only two types of information: [1] personal identifying information, such as names, places and dates of birth, and social security numbers; and [2] information about previously granted security

clearances, such as effective dates and level for any such clearance." *See* January 18, 2024 Decl. of Gregory M. Koch ¶ 5, ECF No. 94-2. Plaintiff argues that "blank fillable fields" do not fall into either category and insinuates, therefore, that the declarants have been less than truthful. *See* Pl. Mot. 3 ("More importantly, since these blank fillable fields (which obviously have field names) do not fit into either category, the Court must question what *else* ODNI has intended for the phrase 'such as' to cover which is *also* not PII?"). But Plaintiff overlooks the most obvious harmonizing of ODNI's declarations: that a blank field contains no "information" to begin with. Indeed, one might call a blank field the *absence* of "information." But even if it is "information," it would be meaningless in isolation and therefore not required to be segregated and produced. Either way, there is no basis for concluding that ODNI's declarations have been anything less than thorough and truthful.

The Court should grant Defendants' motion with respect to ODNI's segregability analysis.

## II. FBI PROPERLY APPLIED ALL SIX REDACTIONS TO THE FOUR PAGES AT ISSUE.

The only remaining dispute regarding FBI is over two redactions taken on one page released by the agency, Bates-numbered "Stein-345." *See* Pl. Mot. 4.[2] These redactions were taken to Stephen Bannon's "DOB" (date of birth) and "POB" (place of birth). *See* Defs. Mot. 7. Plaintiff argues that FBI should have to re-release this page with Mr. Bannon's date and place of birth un-redacted. That, too, is wrong.

Plaintiff argues primarily that "it is well-understood that even otherwise proper withholdings are not allowed if the information is publicly available." Pl. Mot. 4. Not only is that argument unsupported by any citation, *see id.*, but it is contradicted by caselaw. *See, e.g.*, *Pinson v. U.S. Dep't of Just.*, 202 F. Supp. 3d 86, 105 n.6 (D.D.C. 2016) ("Of course, the fact that

---

[2] Plaintiff does not challenge the other four redactions taken by FBI under Exemptions 6 and 7(C) in pages "Stein-343–46," *see* Defs. Mot. 7–8. The Court should therefore enter summary judgment in Defendants' favor on those redactions.

information is already a matter of public record does not necessarily preclude a FOIA exemption from applying." (citing *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 763 n.15 (1989); *Am. C.L. Union v. U.S. Dep't of Just.*, 655 F.3d 1, 9 (D.C. Cir. 2011))). While a privacy interest may "*fade* when the information involved already appears on the public record," *Reps. Comm.*, 489 U.S. at 763 n.15 (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975) (emphasis in original)), the interest remains nonetheless, *see People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 542 (D.C. Cir. 2014) ("[T]he fact that an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of [the requested] information[.]" (quoting *Reps. Comm.*, 489 U.S. at 770)).

Plaintiff has also waived any claim to PII—not once, but several times in this litigation. *See* Pl. Cross Mot. for Summ. J. 7 (Dec. 15, 2022), ECF No. 82 (asking for summary judgment against FBI *except* as to "names, addresses, email addresses, social security numbers, bank account information, and phone numbers"); Defs.' Resp. to Pl.'s Statement of Material Facts as to Which There Is No Genuine Dispute ¶ 3 & Ex. 3 (Aug. 12, 2022 email from Plaintiff's counsel), ECF No. 85-4 (excluding from the scope of remaining disputes "obvious[]" PII, "e.g., DOB, SSN, bank info, etc."); Pl. Opp'n 26–27 (Oct. 31, 2018), ECF No. 28 (conceding that "names, addresses, social security numbers, bank account information, phone numbers, or any of the information one commonly associates with [PII]," is "properly exempt."). As noted, Plaintiff conceded that "DOB" (date of birth) is not just PII, but "obvious PII." At no point did Plaintiff carve out PII that might have been made "publicly available," Pl. Mot. 4. Plaintiff's concessions are enough to resolve the issue.  Moreover, the Court recognized in *Stein II* that both "date of birth" and "place of birth" were the "typical, sensitive forms of PII" that are properly withheld. *Stein v. Cent. Intel. Agency*, No. 17-cv-189-TSC, 2023 WL 6388946, at *2 (D.D.C. Sept. 29, 2023) ("*Stein II*"). Thus, even if

Plaintiff had not conceded the point, the Court has already upheld the withholding of this sort of information.

Plaintiff's argument is ultimately self-defeating. By insisting that Mr. Bannon's information is widely available, Plaintiff concedes that there is no public interest in obtaining that information. Indeed, Plaintiff never attempts to articulate *what* the public's interest would be in obtaining this information—a necessary ingredient missing from his motion. *See* Pl. Mot. 4. After all, both Exemptions 6 and 7(C) require the Court to balance the public's interest in disclosure against the applicable privacy interests. Exemption 7(C)—which Plaintiff concedes applies to these redactions—"establishes a lower bar for withholding material" and is, accordingly, "more protective of privacy than Exemption 6." *Am. C.L. Union*, 655 F.3d at 6; *see also Stein I*, 454 F. Supp. 3d at 27 ("The balancing test tilts slightly towards nondisclosure under Exemption 7(C), which is broader than Exemption 6 in its protection of privacy.").

The scales in this case tilt toward withholding. As noted above, Mr. Bannon retains a privacy interest in his PII even if it might have been published somewhere. *See generally Reporters Comm.*, 489 U.S. at 763 n.15. Opposite that interest, this Court previously held that "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on the citizens' right to be informed about what their government is up to." *Stein I*, 454 F. Supp. 3d at 28 (quoting *Davis*, 968 F.2d at 1282). And the D.C. Circuit has likewise held that "to be cognizable under the FOIA, a public interest must sound in activities that reveal information about the government itself; it cannot sound in activities exclusively concerning non-government actors." *Insider Inc.*, 92 F.4th at 1136. Neither Mr. Bannon's date of birth nor his place of birth would inform the citizenry of what ODNI was up to or reveal information about the government itself. With a valid privacy interest on one side of the scales and no public interest on the other, the Court can easily conclude that the information was properly withheld.

The Court should grant summary judgment to FBI on all six redactions on which Defendants moved. *See* Defs. Mot. 7–10.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' opening brief, the Court should grant Defendants summary judgment on all remaining claims.

Date:   March 27, 2024                    Respectfully Submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General

                                          MARCIA BERMAN
                                          Assistant Branch Director

                                          /s/ *Jason C. Lynch*
                                          JASON C. LYNCH (D.C. Bar No. 1016319)
                                          Trial Attorney
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street NW, Rm. 11214
                                          Washington, DC 20005
                                          Tel: (202) 514-1359
                                          Email: Jason.Lynch@usdoj.gov

                                          *Counsel for Defendants*