UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| Plaintiff, | * |
| v. | * |
| | *   Civil Action No. 1:17-cv-00189 (TSC) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
<u>HIS CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

After seven years of litigation, this case boils down to one simple idea: "The Court is 'not obliged to accept [an] affidavit without question.' When, as here, evidence undermines the credibility of a declaration, the Court will not accept it." *Humane Soc'y of the United States v. USDA*, 549 F. Supp. 3d 76, 88 (D.D.C. 2021) (citations omitted) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). Defendants seek to characterize Plaintiff Jeffrey Stein's ("Stein") objections to their proffered evidence as quibbles over information that nobody would be interested in, but Stein's objections are based on a more fundamental principle: Defendants' declarations cannot be accepted at face value, because they contain undeniably false testimony.

In fact, it is Defendants' continued defense of these declarations that should cause the Court the most concern. When Defendants filed declarations saying that all non-exempt information had been released and that there existed no reasonably segregable non-exempt information which had not been released, Stein pointed out numerous instances where that was not true. He pointed out that the Federal Bureau of Investigation ("FBI") had withheld publicly available information about Steve Bannon, and he pointed out that the Office of the Director of

National Intelligence ("ODNI") had withheld pages which contained no personally identifiable information whatsoever. At that point, Defendants had a choice. They could admit the error, perhaps claiming that the redactions were an oversight or that any discrepancies were inadvertent. Or they could double down on their claims and insist that the declarations were completely factually accurate and that all of that patently non-exempt information was in fact exempt. When Defendants chose the latter option with clear knowledge of the falsity of their claims, they demonstrated to the Court that their declarations could no longer be afforded the presumption of good faith.

The reasons for Defendants' obduracy are immaterial to this dispute. It does not matter if they were simply "swept up in litigation fervor," *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 139 (D.D.C. 2013), or if they simply did not want to admit that they had made mistakes. They were given an opportunity to walk back their false statements, and they declined, insisting instead that the statements were not false. In the case of the FBI records, Defendants attempted to reframe the dispute as a disagreement over the appropriate balance to be struck between privacy and transparency, when the actual complaint was that even otherwise properly exempt information cannot be withheld if it is widely publicly available. Put another way, if information is widely publicly available, there is no balancing test to apply, because the information *may not be withheld*. In the case of the ODNI records, the issue is even more basic: the declarations did not include all the caveats that Defendants now insist were intended, but just stated that the records included no reasonably segregable non-exempt information, not no reasonably segregable non-exempt information *of value*. ODNI cannot now walk back its declarant's unambiguous statement and argue that he actually *meant* it to be much more nuanced.

As in *National Security Counselors*, Stein is not claiming that the making of the mistakes in the first place were acts of bad faith. "Rather, . . . [i]t was not until [Defendants] refused to acknowledge the mistake[s] . . . and repeatedly represented to the Court that [their] assessment was correct and the undersigned was wrong" that Defendants' conduct began to be fairly described as bad faith litigation. *Id.* at 136. Judge Howell's criticism in that case can be equally applied to Defendants' actions in this matter: "The [agency's] shameless twisting of the factual record in this case to portray their . . . position in a better light falls short of the level of representation that this Court expects of a United States government agency." *Id.* at 139.

However, unlike in *National Security Counselors*, Stein is not seeking any type of sanctions in this dispute. Rather, the small number of records remaining in controversy and the straightforward nature of the controversy itself lend themselves to a much simpler solution. Stein's primary objection to Defendants' claims pertains to the general, conclusory language provided in their sworn declarations and the implication that Defendants are interpreting that language to cover an impermissibly broad selection of information. The obvious solution in this case, then, is for the Court to order Defendants to release the non-exempt information that Stein identified and then review the remainder of the ODNI records *in camera* to determine if the redactions are really as narrow as ODNI claims. If the Court finds that ODNI has withheld information which does not easily match the descriptions provided, it should then order FBI to provide *its* redacted records to the Court for *in camera* review, to determine how widespread the issue is. If the Court observes that Defendants have been interpreting their descriptions more expansively than was previously apparent, it should then consider reviewing a representative sample of other agencies' withheld information for the same purpose.

Stein does not have enough information to know for certain what *other* information has been improperly withheld by Defendants, but he does know that *this* information has been improperly withheld, and that the Court should no longer credit Defendants' declarations without verifying at least some of the claims. If the Court reviews these records *in camera* and determines that no other non-exempt information has been withheld, then it should grant summary judgment in Defendants' favor. But it should not do so solely based on the declarations currently in the record.

Date:   April 11, 2024

    Respectfully submitted,

    /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*